In the
# CIRCUIT COURT
## of St. Louis County, Missouri

Keri Jackson
Plaintiff(s)

vs. Ferguson Florissant SD
Special SD
Administrative Hearing Commission
Defendant(s)

8.14.26
Date

26SL-CC05670
Case Number

7
Division

For File Stamp Only
FILED
AUG 14 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

I am filing a Petition for Judicial Review, Request for Expedited Review, Exhibits List, Exhibits Packet and Procedural Irregularities Summary pursuant to Section 167.962 RSMo and 34 C.F.R. Section 300.516

Subscribed and sworn to before me this 14th day of August, 2026
in the County of St. Louis, State of Missouri
Donna S Dancer
Notary Public

DONNA S DANCER
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
MY COMMISSION EXPIRES SEPTEMBER 27, 2026
ST. LOUIS COUNTY
COMMISSION #94469374

See attachment -

**SO ORDERED**

Judge

**ENTERED:** ____________________
(Date)

Attorney: [signature] 8.14.26 Bar No.
Address: 927 Buckeye Drive, 63135
Phone No.: (314) 398.8116 Fax No.

Attorney Bar No.
Address
Phone No. Fax No.

CCOPR47-WS Rev. 02/14

EXHIBIT A

**PETITION FOR JUDICIAL REVIEW**

FILED

AUG 14 2026

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

DIV 07
26SL-CC05670

**Case No.:** 26SL-CC05670

Served on:

- Ferguson-Florissant School District
- Special School District of St. Louis County
- Administrative Hearing Commission

Documents Included:

1. Petition for Judicial Review
2. Exhibits List
3. Exhibits Packet
4. Procedural Irregularities Summary

Respectfully submitted,

Keri Jackson
Parent of [redacted]
921 Buckeye Drive
Ferguson, MO 63135
314-398-8116

EXHIBIT A

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

**Keri Jackson, in the interest of A.J.,** Petitioner,

v.

**Administrative Hearing Commission of Missouri, Ferguson-Florissant R-II School District, Special School District of St. Louis County,** Respondents.

Case No.: 26SL-CC05670

# PETITION FOR JUDICIAL REVIEW

Petitioner, Keri Jackson, parent of [redacted] respectfully petitions this Court for judicial review pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §1415(i)(2), Section 504 of the Rehabilitation Act, Section 162.962 RSMo, and applicable federal and state regulations. Petitioner seeks judicial review of the Final Decision issued by the Administrative Hearing Commission ("AHC") on July 30, 2026, in Case No. 26-0686.

## I. JURISDICTION & VENUE

This Court has jurisdiction under IDEA, Section 504, Section 162.962 RSMo, and Missouri law governing judicial review of administrative decisions.

Venue is proper because the events occurred in St. Louis County and Respondents are located within this jurisdiction.

## II. PARTIES

Petitioner is the parent of [redacted] a minor child residing in St. Louis County.

Respondent Administrative Hearing Commission issued the administrative decision subject to review.

Respondent Ferguson-Florissant School District (FFSD) is [redacted] resident district.

Respondent Special School District (SSD) is responsible for IDEA and Section 504 evaluations for students residing in St. Louis County.

## III. PROCEDURAL HISTORY

Petitioner filed a due process complaint alleging violations of IDEA, Section 504, Child Find, and SNAP. The AHC issued a Final Decision on July 30, 2026, containing procedural irregularities, legal errors, misapplications of law, discriminatory findings, and failures to consider medical evidence.

EXHIBIT A

- physical symptoms possibly related to bullying;
- recommendations for play therapy and talk therapy at school.

2. On November 18, 2024, Dr. Ross issued a second medical letter recommending:
   - school-based counseling/play therapy;
   - a Section 504 Plan;
   - accommodations.
3. These medical findings constitute clear Child Find triggers requiring evaluation in all suspected areas under Section 504.
4. After [redacted] enrolled at North County Christian School (NCCS), NCCS never informed Petitioner about SNAP, despite SSD's obligation to ensure private-school families receive accessible Child Find information.
5. NCCS documented repeated bullying incidents, identifying suspected disabilities and social-emotional concerns.
6. Despite SSD's Child Find obligations through SNAP, SSD never evaluated [redacted]
7. FFSD failed to provide evaluation, safety measures, or accommodations despite documented trauma-related symptoms and medical recommendations.
8. As a result of Respondents' failures, [redacted] suffered emotional harm, trauma, anxiety, depression, and physical symptoms due to lack of evaluation, supports, and protective measures.
9. The Commission failed to consider the medical evidence submitted, failed to apply Child Find obligations, and issued discriminatory findings unsupported by the record.
10. [redacted] treating pediatrician, Dr. Ryia M. Ross, documented trauma-related symptoms, anxiety, depression, physical symptoms, and school functioning impairment. Dr. Ross recommended school-based counseling/play therapy, social-emotional evaluation, and trauma-informed supports. PAKT Community Resource Center provides structured, supervised, trauma-informed social-emotional programming that aligns with these medical recommendations, including emotional regulation, confidence building, communication skills, leadership development, bully-prevention skills, safe peer interaction, and trauma-informed recovery.

## VIII. POST-DECISION DEVELOPMENTS

11. On August 6, 2026, Petitioner submitted a comprehensive evaluation request to SSD, including medical documentation and detailed suspected disability areas.
12. Petitioner completed FFSD registration and submitted a reassignment request to Lee Hamilton Elementary School due to medically documented hardship and safety concerns.
13. Petitioner submitted interim accommodations and safety measure requests to both FFSD and SSD to protect [redacted] during the evaluation process.
14. FFSD and SSD exchanged multiple emails with Petitioner between August 6–7, 2026, acknowledging receipt of documentation and confirming coordination between districts.
15. Petitioner provided FFSD and SSD with:

- medical documentation;
- interim accommodation requests;
- safety measure requests;
- reassignment justification;

- evaluation triggers;
- updated trauma-related symptoms.

16. FFSD and SSD have yet to confirm that evaluation procedures are being initiated despite the demonstrated ongoing need. Their failures to initiate evaluation demonstrate the ongoing need for judicial relief to ensure compliance, timelines, and safety.
17. These post-decision developments demonstrate the continued need for evaluation, accommodations, reassignment, and trauma-informed supports, and justify the relief requested in this Petition.

## IX. LEGAL VIOLATIONS

### IDEA Violations

- Failure to identify and evaluate [redacted] despite clear medical triggers.
- Failure to provide FAPE.
- Failure to provide trauma-informed supports.

### Section 504 Violations

- Failure to accommodate a student with a disability.
- Failure to provide equal access.
- Discriminatory treatment.

### Child Find Violations

- Failure to initiate evaluation despite medical documentation.
- Failure to act on known trauma-related symptoms.

### Procedural Violations

- Failure to consider medical evidence.
- Failure to follow evaluation timelines.
- Failure to provide procedural safeguards.

### Substantive Violations

- Harm to [redacted]motional, physical, and educational well-being.

Denial of safe, trauma-informed environment

## X. RELIEF REQUESTED

Petitioner respectfully requests that this Court:

1. Reverse the Commission's decision.

2. Order SSD to conduct a full comprehensive evaluation in all suspected areas including bullying-related disability, harassment-related disability, emotional disability, anxiety-related concerns, trauma-related concerns, social-emotional functioning, and school functioning impairment.
3. Order FFSD to approve reassignment to Lee Hamilton Elementary School.
4. Order FFSD to implement interim accommodations and interim safety measures.
5. Order FFSD to implement a Section 504 Plan upon evaluation completion.
6. Order FFSD to provide district-funded access to PAKT Community Resource Center's trauma-informed programming as interim relief and compensatory education.
7. Order Respondents to provide any additional relief deemed just and proper.
8. Petitioner also submits a Request for Expedited Review due to imminent harm and the urgent need for evaluation, placement, and safety measures prior to the start of school.

**XI. PRAYER FOR RELIEF**

Petitioner prays for judgment in her favor and for all relief requested herein.

Respectfully submitted,

Keri Jackson
Parent of [redacted]
921 Buckeye Drive
Ferguson, MO
314-398-8116

**IN THE CIRCUIT COURT OF**
**ST. LOUIS COUNTY, MISSOURI**

**Keri Jackson, in the interest of A.J.,** Petitioner,

v.

**Administrative Hearing Commission of Missouri, Ferguson-Florissant R-II School District, Special School District of St. Louis County,** Respondents.

Case No.: __________

# EXHIBITS LIST – PETITION FOR JUDICIAL REVIEW

Petitioner submits the following exhibits in support of the Petition for Judicial Review pursuant to §162.962 RSMo and 34 C.F.R. §300.516.

**A. Administrative Record**

1. Due Process Complaint
2. Final Decision of the Administrative Hearing Commission (Case No. 26-0686)
3. AHC Subpoena issued June 12, 2026
4. June 18, 2026 Deposition Transcript (NCCS Custodian of Records)
5. Exhibit A (version used at deposition: Notice of Deposition)
6. Exhibit A (version submitted with Respondents' Summary Decision Motion: Keri Jackson Deposition Transcript)

**B. Medical Documentation**

7. Medical Letter #1 – Dr. Ryia M. Ross (Sept. 18, 2024)
8. Medical Letter #2 – Dr. Ryia M. Ross (Nov. 18, 2024)
9. Medical Letter #3 – Dr. Ryia M. Ross (Aug. 5, 2026)
10. Medical Letter #4 – Dr. Ryia M. Ross (Aug. 5, 2026 – second letter)

**C. Evaluation Requests & Child Find Evidence**

11. SSD Evaluation Request (Aug. 6, 2026)
12. FFSD Interim Accommodations Request
13. NCCS bullying documentation
14. NCCS removal documentation
15. FFSD 504 Plan draft (Nov. 2024)

EXHIBIT A

**Reserved Exhibit**

16. Reserved/Not used.

**D. Placement & Enrollment Documentation**

17. FFSD Placement Submission Statement – Lee Hamilton Request
18. FFSD Registration Submission Statement
19. Reassignment Confirmation – Lee Hamilton Elementary
20. Supplemental Statement – Placement & Accommodations

**E. Procedural Evidence**

21. Procedural Irregularities Summary
22. Motion for Extension of Time (June 26, 2026: Declaration of Keri Jackson and Email)
23. Accommodation Request to AHC and Email
24. Email requesting AHC portal access
25. AHC email responses (or lack thereof)
26. ShareFile transmission email from Respondents
27. Correspondence showing ongoing violations (SSD emails, FFSD emails)
28. DESE Resolution Meeting complaint and DESE's non-response
29. FFSD Policy 3031
30. Missouri withdrawal statutes (RSMo §§167.031, 167.042)

In the
# CIRCUIT COURT
## Of St. Louis County, Missouri

SEAL OF THE CIRCUIT COURT OF ST. LOUIS COUNTY MISSOURI

For File Stamp Only

Keri Jackson
Plaintiff(s)

vs. Ferguson Florissant SD
Special School District
Administrative Hearing Commission
Defendant(s)

8.14.2026
Date

26SL-CC05670
Case Number

7
Division Day

FILED
AUG 14 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

## Service Instructions

Defendant Name: Ferguson Florissant School District
Address: 8855 Dunn Rd
City, State, Zip Code: Hazelwood, MO 63042

Defendant Name: Special School District
Address: 12110 Clayton Rd
City, State, Zip Code: St Louis, MO 63131

Defendant Name: Administrative Hearing Commission
Address: 1716 E. Elm Street [signature]
City, State, Zip Code: Jefferson City, MO ~~65102~~ 65101

Keri Jackson
Filer's Name

[signature]
Filer's Signature

921 Buckeye Drive
Address

Ferguson, MO 63135
City, State, Zip Code

314.398.8116
Phone Number

EXHIBIT A

OFFICE OF THE CIRCUIT CLERK
CIRCUIT COURT OF ST.LOUIS CO
105 SOUTH CENTRAL AVENUE
CLAYTON, MO 63105
314-615-8035

Invoice No: 346022
Date: 08/14/26

Page: 1

Customer No: 11
Phone No:

KERI JACKSON

Cust. Order #: 26SL-CC05670 Salesperson: #32 - PATRICIA

| Product Code | Item Description | Qty | Unit Price | Amount |
|---|---|---|---|---|
| 110 | CIVIL & EQUITY FILING | 1 | 105.50 | 105.50 |

| | |
|---|---|
| Sub-Total: | 105.50 |
| : | |
| Shipping: | 0.00 |
| Tax [ 0]: | EXEMPT * |
| Total: | 105.50 |
| : | 105.50 |
| Amount Paid: | 105.50 |
| Amount Due: | 0.00 |
| Change: | 0.00 |

T h a n k
Y o u

EXHIBIT A

IN THE 21ST JUDICIAL CIRCUIT, ST LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Name: Keri Jackson | Case Number: 26SL-CC05670 |
| Address: 921 Buckeye Drive Ferguson, MO 63135 | Case Type: |
| Document Filed: | Style of Case: |

FILED
AUG 14 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY
(Date File Stamp)

## Redaction Certification

**The filer certifies that all documents in this submission for filing with the court comply with all redaction requirements of Rules 19.10, 55.025, or 84.015.**

**COR 2.02**

The responsibility for redacting confidential information rests solely with the counsel, parties, or any other person filing the document. Courts will not review each case document to ensure compliance and will not refuse to accept or file a document on that basis.

On and after the Expanded Remote Access Implementation Date: July 1, 2023

1. All redactions shall be done in a manner that makes it clear that information has been redacted. If necessary to reference the redacted information in a redacted document, filers shall use generic descriptors.

2. When a filer redacts information from a document offered for filing in any court, the filer also must file a confidential redacted information filing sheet that either:

   - has the unredacted version of the document attached; or
   - sets out the information redacted from the document with an explanation referencing where the information was redacted from in the document or the generic descriptors used in the document to reference the redacted information.

3. All filers shall affirmatively certify compliance with the redaction requirements in Rules 19.10, 55.025, and 84.015 when a document is filed. This certification shall be accomplished through an automated process implemented in the electronic filing system for its authorized users or, for filers who are not authorized users of the electronic filing system, by a paper form attached to the document or on the document itself.

4. When a motion is filed alleging a document filed with the court contains insufficiently redacted confidential information, the clerk shall raise the document's security level to a confidential setting. The court shall dispose of the motion within 30 days. If the court determines the document is sufficiently redacted, the clerk shall reset the document's security level to allow for proper public access.

**I HAVE READ AND UNDERSTAND THE ABOVE.**

X 8.14.26 [signature]

Date Filer's Signature



EXHIBIT A

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MARY ELIZABETH OTT | **Case Number: 26SL-CC05670** | |
| Plaintiff/Petitioner:<br>KERRI JACKSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KERRI JACKSON<br>921 BUCKEYE DRIVE<br>FERGUSON, MO 63135 | |
| Defendant/Respondent:<br>FERGUSON FLORISSANT SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp for Return) |

**The State of Missouri to: ADMINISTRATIVE HEARING COMMISSION**
**Alias:**
**1716 E ELM STREET**
**JEFFERSON CITY, MO 65102**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

| | |
|---|---|
| 14-AUG-2026 | /s/ PHEBE HARRIS |
| Date | Clerk |

**Further Information:**
PH

 Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140 and 506.150 RSMo

EXHIBIT A

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ____________________________________________________________.

Served at ____________________________________________________________ (address)

in ______________________________ (County/City of St. Louis), MO, on ____________________ (date)

at ______________ (time).

______________________________ ______________________________

Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________________ (date).

*(Seal)*

My commission expires: ____________________ ______________________________

Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MARY ELIZABETH OTT | **Case Number: 26SL-CC05670** | |
| Plaintiff/Petitioner:<br>KERRI JACKSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KERRI JACKSON<br>921 BUCKEYE DRIVE<br>FERGUSON, MO 63135 | |
| Defendant/Respondent:<br>FERGUSON FLORISSANT SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp for Return) |

**The State of Missouri to: SPECIAL SCHOOL DISTRICT**
**Alias:**
**12110 CLAYTON RD**
**ST LOUIS, MO 63131**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

14-AUG-2026
Date

/s/ PHEBE HARRIS
Clerk

**Further Information:**
PH



EXHIBIT A

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________________________.

Served at ______________________________________________ (address)
in ______________________ (County/City of St. Louis), MO, on ______________ (date)
at __________ (time).

______________________________ ______________________________
Printed Name of Officer or Server Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________ ______________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| Judge or Division:<br>MARY ELIZABETH OTT | **Case Number: 26SL-CC05670** | |
| Plaintiff/Petitioner:<br>KERRI JACKSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KERRI JACKSON<br>921 BUCKEYE DRIVE<br>FERGUSON, MO 63135 | |
| Defendant/Respondent:<br>FERGUSON FLORISSANT SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp for Return) |

**The State of Missouri to: FERGUSON FLORISSANT SCHOOL DISTRICT**
**Alias:**
**8855 DUNN RD**
**HAZELWOOD, MO 63042**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

14-AUG-2026
Date

/s/ PHEBE HARRIS
Clerk

**Further Information:**
PH



EXHIBIT A

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________________, a person at least 18 years of age residing therein.

☐ (for service on a corporation) delivering a copy of the summons and petition to:

______________________________ (name) ______________________________ (title).

☐ other: ______________________________.

Served at ______________________________ (address)
in ______________________________ (County/City of St. Louis), MO, on ______________ (date)
at ____________ (time).

______________________________ ______________________________
Printed Name of Officer or Server Signature of Officer or Server

*(Seal)*

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ______________________ (date).

My commission expires: ______________ ______________________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.



EXHIBIT A

**(2) <u>Mediation:</u>** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

**(3) <u>Early Neutral Evaluation ("ENE"):</u>** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**<u>(4) Mini-Trial:</u>** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**<u>(5) Summary Jury Trial:</u>** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**<u>Selecting an Alternative Dispute Resolution Procedure and a Neutral</u>**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Avenue, 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

**OFFICE OF THE CIRCUIT CLERK**

Missouri's 21st Judicial Circuit, St. Louis County
Civil Department
105 South Central Avenue, Clayton, MO 63105
Hours: Monday through Friday 8:00 A.M. to 5:00 P.M.
Phone: 314-615-8029

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act. Please notify the Office of the Circuit Clerk at 314-615-8029. FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 0r 800-735-2966, at least three business days in advance of the court proceeding.

26SL-CC05670

DFV 7

FILED

AUG 14 2026

JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

**CERTIFICATE OF SERVICE**

I certify that on this 14 day of August, 2026, I served a true and correct copy of the Petition for Judicial Review**,** Exhibits List, and accompanying exhibits upon the following Respondents, pursuant to Missouri Supreme Court Rule 100.02(d):

**Administrative Hearing Commission** P.O. Box 1557 Jefferson City, MO 65102

**Ferguson-Florissant School District** c/o Lashly & Baer, P.C. 714 Locust Street, St. Louis, MO 63101

**Special School District of St. Louis County** c/o Mickes O'Toole, LLC. 12412 Powerscourt Dr., Suite 200 St. Louis, MO 63131

Service was completed by: Certified Mail

Respectfully submitted,

Keri Jackson

Parent of [redacted]

Signature:______________________

Date: August 14, 2026

EXHIBIT 1

26SL-CC05670

Keri Jackson_Judicial Review

FILED
AUG 14 2026
JOAN M. GILMER
CIRCUIT CLERK, ST. LOUIS COUNTY

# BEFORE THE MISSOURI DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION OFFICE OF SPECIAL EDUCATION DUE PROCESS HEARINGS

**In the Matter of:** [redacted], **Student,** By and through Parent, **Keri Jackson,** Petitioner,

v.

**Ferguson-Florissant School District (FFSD),** Respondent.

**IDEA DUE-PROCESS COMPLAINT** (20 U.S.C. § 1415; 34 C.F.R. §§ 300.507–300.516)

## I. PARTIES, JURISDICTION, AND STUDENT STATUS

**1. Parent and Student.** Petitioner, Keri Jackson ("Parent"), is the mother and legal guardian of [redacted] or "Student"), a minor child residing within the Ferguson-Florissant School District ("District" or "FFSD").

**2. Parent's Professional Background.** Parent is a certified elementary educator with professional training in child development, instructional planning, and educational interventions. Parent's observations and recommendations are informed by her professional expertise, and her revised 504 plan reflected educator-level knowledge of [redacted] academic, emotional, and medical needs.

**3. Parent's Statement of Firsthand Knowledge.** Parent, Keri Jackson, is the student's mother, legal guardian, and the individual with firsthand knowledge of all facts stated in this complaint. Parent has attached contemporaneous documents, communications, and District-generated records supporting each factual assertion.

**4. District.** Respondent is the Ferguson-Florissant School District, a public school district and local educational agency (LEA) receiving federal funds and subject to the Individuals with Disabilities Education Act (IDEA).

**5. Jurisdiction.** This Due-Process Complaint is brought pursuant to the IDEA, 20 U.S.C. § 1400 et seq., and 34 C.F.R. §§ 300.507–300.516, as well as corresponding Missouri state regulations.

**6. Student Status.** At all relevant times, [redacted] was a school-age child enrolled at **Walnut Grove Elementary School** within FFSD.



EXHIBIT A

EXHIBIT A

**7. Child Find and Suspected Disability.** At all relevant times, the District had reason to suspect [redacted] may be a child with a disability in need of special education and related services, based on documented symptoms, parental reports, attendance impact, and school-based concerns reflected in Exhibits 1–41.

**8. Timeliness.** All alleged violations occurred within the applicable IDEA statute of limitations.

## II. FACTUAL BACKGROUND AND CHRONOLOGICAL NARRATIVE

### A. [redacted] History, Early Development, and Emerging Concerns

**9. Developmental History.** On September 12, 2024, Parent completed a Parent Contact Form documenting [redacted] developmental history, medical information, and concerns. (Ex. 32.)

**10. Bullying and Multiyear Pattern.** Parent reported that [redacted] "has been bullied consistently for the three years she has been attending Walnut Grove," by both students and adults. (Ex. 32.)

**11. Physical and Emotional Symptoms.** [redacted] experienced headaches, stomach aches, vomiting, fear, and anxiety related to school. (Ex. 32.)

**12. Impact on Access.** Parent reported [redacted] did not feel school was safe or orderly and was not learning due to the hostile environment. (Ex. 32.)

### B. Parent Advocacy, Access Issues, and Early-Year Communications

**13. Parent Access Directive.** On August 25, 2024, Parent objected to a directive prohibiting parents from walking students to class. (Ex. 35.)

**14. Principal Response.** On August 26, 2024, Principal Ganahl directed Parent to the "V – visiting" section of the handbook. (Ex. 36.)

**15. In-Person Meeting.** Also on August 26, 2024, Parent met with Principal Ganahl regarding Policy 8020 and safety concerns. (Ex. 34.)

**16. Teacher Call.** On August 27, 2024, teacher Ashford documented Parent's concerns about multiyear challenges. (Ex. 41.)

**17. District Notice.** These communications placed the District on notice of ongoing safety and access concerns. (Exs. 34–36, 41.)

### C. Parent's Formal Written Notice of Bullying, Harm, and Need for Intervention

**18. Formal Notice.** On September 12, 2024, Parent provided detailed written notice of [redacted] symptoms and bullying. (Ex. 32.)

**19. Functional Impact.** [redacted] symptoms substantially limited major life activities including learning, concentrating, and attending school. (Ex. 32.)

**20. Triggering Child Find.** This information triggered the District's duty to evaluate under the IDEA.

## D. 504 Procedural Notices and the District's Refusal to Provide a 504 Plan

**21. District 504 Rights Notice.** The District maintains a written Section 504 Parent/Student Rights notice. (Ex. 31.)

**22. 504 Notice of Action.** On December 5, 2024, the District issued a Notice of Action stating [redacted] "does not qualify" for a 504 plan. (Ex. 33.)

**23. District's Stated Basis.** The District asserted it lacked asthma documentation and therefore had "no evidence" of a substantially limiting disability. (Ex. 33.)

**24. District's Possession of Medical Documentation.** Parent had already provided letters from Dr. Kang and Dr. Ross confirming asthma, anxiety, and bullying-related trauma, and recommending a 504 plan. (Exs. 2–3.)

**25. Refusal to Consider Anxiety/Depression.** The District insisted on a medical diagnosis before considering anxiety or depression. (Ex. 33.)

**26. Failure to Initiate IDEA Evaluation.** Despite documented symptoms and parental reports, the District did not initiate an IDEA evaluation.

**27. Parent-Developed Revised 504 Plan and District's Failure to Act.** On November 21, 2024, Parent submitted a revised, educator-developed 504 plan incorporating medical recommendations from Dr. Ross (Sept. 18 and Nov. 18). Parent requested implementation at the November 22 meeting. (Ex. 50.) The District postponed the meeting, failed to reschedule, failed to implement any portion of the revised plan, and provided no interim accommodations. This refusal impeded [redacted] access to education and denied Parent meaningful participation.

## E. Same-Day Escalation and Administrative Awareness on November 13, 2024

**28.** Exhibit 37 documents Parent's communication regarding safety concerns on November 13, 2024.

**29.** Exhibit 38 documents Grandparent's attempt to meet with administration on November 13, 2024.



EXHIBIT A

**30.** Exhibit 39 documents Parent and Grandparent waiting at the front door seeking assistance.

**31.** Exhibit 40 documents Parent's request for a callback from Principal Ganahl on November 13, 2024.

## F. Attendance, Health, and Impact on Participation

**32. Absence Linked to Teacher Bullying.** On November 18, 2024, Parent reported [redacted] was absent because she was bullied by a teacher. (Ex. 30.1.)

**33. Cumulative Impact.** [redacted] symptoms and fear interfered with her ability to attend school. (Exs. 30.1, 32, 34–41.)

## G. Additional Documentation of District Knowledge and Procedural Failures (Exhibits 46–50)

**34. Additional Contact Logs.** Exhibits 46–48 document escalating distress and repeated requests for intervention.

**35. Refusal to Provide Records.** Exhibit 49 documents the District refusing to provide health records.

**36. Postponed 504 Meeting.** Exhibit 50 documents the District postponing the November 22 meeting and failing to reschedule.

## H. Prior Administrative Filings and Attempts to Resolve Concerns

**37. OCR Complaint Filed (12/30/2024).** On December 30, 2024, Parent filed a formal Complaint of Discrimination with the U.S. Department of Education, Office for Civil Rights (OCR), regarding bullying, discrimination, retaliation, and the District's refusal to implement accommodations or address safety concerns. Parent reported that [redacted] had been removed from school on November 13, 2024 due to a hostile environment and ongoing harm.

**38. OCR Evaluation Process and Delays.** On January 13, 2025, OCR Investigator Helene Herauf notified Parent that she had been assigned to evaluate the complaint. Parent participated in a 90-minute interview on April 1, 2025, and continued to provide documentation. Despite repeated follow-up attempts to Investigator Herauf, Supervisory Attorney Benjamin Carr, and Attorney Christine Garner, Parent did not receive updates or a determination.

**39. DESE Correspondence (8/21/2025).** On August 21, 2025, Parent contacted the Missouri Department of Elementary and Secondary Education (DESE) seeking assistance regarding the status of OCR Complaint #07251155 after months of unreturned calls and emails to OCR. Parent reported that [redacted] had been out of school since November 13, 2024 due to bullying, retaliation, and a hostile environment, and that the District had failed to act on Parent's internal complaint or revised 504 plan.



EXHIBIT A

**40. DESE Response (8/25/2025).** On August 25, 2025, DESE responded that it could not access OCR case information, confirmed that OCR delays are common, and advised Parent to escalate her request for a determination through certified mail, email, and fax. DESE further noted that OCR investigations often take many months or years. Parent followed this guidance. These communications demonstrate Parent's ongoing efforts to obtain assistance and resolution prior to filing this IDEA Due-Process Complaint.

**41. FOIA Request Filed (4/2/2026).** On April 2, 2026, Parent submitted a Freedom of Information Act (FOIA) request to the U.S. Department of Education seeking all records related to OCR Complaint #07251155 due to the lack of response, lack of transparency, and the need to understand OCR's handling of the matter. Parent requested expedited processing due to the ongoing educational impact on [redacted]

**42. Relevance to IDEA Claims.** These administrative filings demonstrate that Parent consistently sought assistance, documentation, and intervention from federal and state agencies, and that the District had prolonged notice of the concerns raised in this complaint. The OCR, DESE, and FOIA filings further show Parent's good-faith efforts to resolve issues prior to initiating IDEA due-process proceedings.

## III. LEGAL VIOLATIONS AND INDEPENDENT CLAIMS

### Claim 1 — Child Find Violation

**43.** The District had ample information to suspect a disability.

**44.** The District failed to initiate an IDEA evaluation.

**45.** Parent provided repeated written notice of symptoms and concerns.

**46.** School-based staff documented symptoms and functional impact.

**47.** The District ignored medical documentation supporting evaluation.

**48.** The District failed to act despite escalating evidence.

### Claim 2 — Denial of FAPE

**49.** The District failed to evaluate [redacted]

**50.** The District failed to provide special education or related services.

**51.** The District failed to provide interim supports.

**52**[redacted] missed school due to a hostile environment.

**53.** The District allowed educational access to be substantially limited.

### Claim 3 — Procedural Violations

EXHIBIT A

**54.** The District denied meaningful parental participation.

**55.** The District insisted on medical documentation contrary to law.

**56.** The District refused to act on school-based data.

**57.** The District refused to provide records.

**58.** The District failed to act on Parent's revised 504 plan.

**59.** These procedural violations impeded [redacted] right to FAPE.

### Claim 4 — Failure to Address Bullying Interfering with FAPE

**60.** The District failed to investigate bullying.

**61.** The District failed to implement protective measures.

**62.** Bullying by students and adults interfered with [redacted] access to education.

**63.** The District's inaction contributed to denial of FAPE.

## IV. HARM, CAUSATION, AND EDUCATIONAL IMPACT

**64.** [redacted] experienced physical symptoms due to school-related stress.

**65.** [redacted] experienced emotional distress and anxiety.

**66.** [redacted] missed instruction due to fear and unsafe conditions.

**67.** [redacted] lost educational access due to the District's failures.

**68.** The cumulative harm constitutes educational deprivation.

## V. RELIEF REQUESTED

Parent respectfully requests:

**69.** A finding of Child Find violation and denial of FAPE.

**70.** A comprehensive IDEA evaluation in all areas of suspected disability.

**71.** Development of an appropriate IEP.

**72.** Compensatory education.

**73.** Protective and anti-bullying measures.

**74.** Any additional equitable relief deemed just and proper.



EXHIBIT A

EXHIBIT
2
Judicial Review

# ADMINISTRATIVE HEARING COMMISSION OF MISSOURI

KERI JACKSON, in the interest of A.J., )
)
Petitioner, )
)
v. ) No. 26-0686
)
FERGUSON-FLORISSANT R-II SCHOOL DISTRICT and SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY, )
)
Respondents. )

## DECISION

We dismiss the due process complaint filed on May 12, 2026, by Keri Jackson (Parent) on behalf of her minor child A.J. (Student).

### Procedure

On May 12, 2026, Parent filed a due process complaint against the Ferguson-Florissant R-II School District (FFSD) and Special School District of St. Louis County (SSD) (together, the Districts). On May 21, 2026, the Districts filed a joint response, notice of insufficiency, and motion to dismiss. On May 26, 2026, we issued an order finding Parent's complaint sufficient and denying the motion to dismiss.

On July 16, 2026, with our leave, the Districts filed a second joint motion for summary decision. We gave Parent until July 27, 2026, to file a response. Parent failed to submit her response until July 28, 2026. On our own motion, we grant Parent leave to file her response out of time.

EXHIBIT A

Pursuant to 1 CSR 15-3.446(6)(A), we may decide this case without hearing on a motion for summary decision "if a party establishes facts that entitle any party to a favorable decision and no party genuinely disputes such facts." Pursuant to 1 CSR 15-3.446(6)(B), a party may establish or dispute such facts by admissible evidence, including a pleading of the adverse party, discovery response of the adverse party, affidavit, stipulation, or other admissible evidence under the law.[1] A party "shall not rely solely on its own pleading to establish any fact, or to raise a genuine issue as to any fact." *Id.* "[F]acts asserted in support of a motion for summary decision are taken as true unless contradicted by the non-moving party's response." *State Comm. For Marital & Family Therapists v. Haynes*, 395 S.W.3d 67, 70 (Mo. App. W.D. 2013) (citation omitted).

**Findings of Fact for Purposes of this Decision**

1. Student is a 9-year-old female.

2. Student attended Walnut Grove Elementary (Walnut Grove) within FFSD from August 2022 to November 2024.

3. On November 13, 2024, Parent removed Student from school at Walnut Grove. Parent did not formally disenroll Student from the District, but began homeschooling Student due to perceived failures concerning safety and evaluations.

4. On November 21, 2024, FFSD and Parent exchanged drafts of a 504 Plan[2] for Student. The proposed 504 Plan targeted concerns related to asthma and anxiety.

---

[1] Parent submitted exhibits to the Commission with her complaint and more exhibits with her pre-hearing disclosure of evidence on July 30, 2026. Additionally, she submitted exhibits on July 29, 2026, in connection with her response to the Districts' motion for summary decision. Although not all these exhibits are authenticated, we have reviewed them and have taken them into consideration in rendering our decision. Aside from any issues concerning their admissibility, we find that the information they provide does not refute the material facts set out in the Districts' Statement of Uncontroverted Material Facts or change the outcome of this decision.

[2] A "504 Plan" is device used to implement accommodations for students pursuant to Section 504 of the Rehabilitation Act (Section 504) 29 U.S.C. § 794.

5. On November 25, 2024, Walnut Grove sent Parent a packet of work Student had missed since she stopped attending classes.

6. On December 5, 2024, FFSD determined Student was ineligible for a 504 Plan. As the bases for its decision, FFSD stated it had no records of Student visiting the school nurse for any asthma issues and had not received and were denied access by Parent to adequate documentation, including medical records, concerning Student's asthma or anxiety.

7. Student began attending North County Christian School (NCCS) for the 2025-2026 school year. Parent has not determined where Student will attend school during the 2026-2027 school year.

8. Student never received special education or related services by SSD. At no point prior to the filing of Parent's complaint did FFSD, NCCS, or Parent request an evaluation for special education and related services under the Individuals with Disabilities Act (IDEA).[3]

9. SSD has a Special Non-Public Access Program ("SNAP"), which provides special education and related services for students parentally placed in private schools, parochial schools, and home school programs in St. Louis County.

10. Parents of students parentally placed in private schools, parochial schools, and home school programs in St Louis County may request that SSD evaluate their child for special education services under the IDEA.

11. As part of SNAP, SSD has a representative at each of the non-public schools in St. Louis County.

[3] 20 U.S.C. § 1400, *et seq.*

EXHIBIT A

12. These non-public representatives are invited each Fall to attend a consultation meeting where SSD provides information on how parents can refer their child to SSD for an evaluation for special education services.

13. During those consultation meetings, SSD also provides information and best practices on identifying students suspected of a disability.

14. At the consultation meeting, SSD also tells the non-public representatives that they can request access to a Google Drive that includes literature on how to identify which students may need to be referred to SSD for an evaluation.

15. SSD also provides professional development opportunities where non-public teachers, administrators, and staff can learn tools and best practices for referring students to SSD for an evaluation.

16. Information on SNAP can be found on SSD's website.

17. SSD did not receive a referral from NCCS or any other education provider requesting that Student be evaluated for special education services under the IDEA during the time Student attended NCCS.

**Conclusions of Law**

The Districts argue that Parent's due process complaint requires dismissal under *Thompson by & through Buckhanon v. Bd. of Special Sch. Dist. No. 1 (Minneapolis)*, 144 F.3d 574 (8th Cir. 1998), because Parent failed to file her complaint before Student enrolled in another school district. Additionally, the Districts argue, to the extent *Thompson* does not compel dismissal, that the Districts did not violate the IDEA's Child Find obligations, because they had no reason to suspect Student was a child with a disability. We agree.

*Thompson* Bars Relief for Alleged Violations Occurring Prior to Student Leaving the Districts

In *Thompson*, the U.S. Court of Appeals for the Eighth Circuit stated that "[i]f a student changes school districts and does not request a due process hearing, his or her right to challenge prior educational services is not preserved." *Id.* at 579. The court noted that "[t]he purpose of requesting a due process hearing is to challenge an aspect of a child's education and to put the school district on notice of a perceived problem. Once the school district receives notice, it has the opportunity to address the alleged problem." *Id.*

Since *Thompson* was decided, federal courts within the Eighth Circuit have consistently held that a due process challenge may not be lodged against a former school district when the student and his or her parent fail to request a due process hearing before the student is withdrawn. *See, e.g., C.N. & J.N. v. Willmar Pub. Sch., Indep. Sch. Dist. No. 347*, 591 F.3d 624, 631, n 6 (8th Cir. 2010) (holding parent's claim failed because it was filed after student left the school district that allegedly denied her a FAPE); *M.P. ex rel. K.P. v. Indep. School Dist. No. 721*, 326 F.3d 975, 980 (8th Cir. 2003) (holding parents' claim failed because they did not "exhaust [their] administrative remedies by requesting a due process hearing while [the student] was still enrolled in that school district."); *Smith ex rel. Townsend v. Special Sch. Dist. No. 1*, 184 F.3d 764, 768 (8th Cir. 1999) (holding dismissal of plaintiff's two IDEA claims, each filed after he left the school district, was proper); *I.E.C. v. Minneapolis Pub. Schs., Special Sch. Dist. No. 1*, 34 F. Supp. 3d 1006, 1016 (D. Minn. 2014) ("[I] t is well-established [ ] that, when parties have notice of their procedural safeguards, 'any claims brought on behalf of students who had left the school and attended another school district without first requesting a due process hearing for alleged violations of the IDEA have become moot.'" (internal citation omitted)); *D. L. by Landon v. St. Louis City Sch. Dist.*, 950 F.3d 1057, 1063 (8th Cir. 2020) (citing *Thompson*, 144 F.3d at 579) ("The right to challenge prior educational services is forfeited when a student changes school districts prior to requesting a due process hearing.").

EXHIBIT A

Missouri state courts follow the Eighth Circuit on this issue. In *A.H. by and through D'Avis v. Independence School District*, the Missouri Court of Appeals, Western District, discussed that the IDEA is based largely on equitable principles and, in fashioning equitable relief, courts customarily establish equitable preconditions to relief. 466 S.W.3d 17, 23-24 (Mo. App. W.D. 2015). The *D'Avis* court stated that, "Under *Thompson*, all that is required is for the parent to put the specific concerns in writing 'to put the school district on [formal] notice of a perceived problem,' because '[o]nce the school district receives notice, it has the opportunity to address the alleged problem.'" *Id.* at 23-24 (quoting *Thompson*, 144 F.3d at 579). Notably, *D'Avis* discussed the importance of consistency between state court rulings and the Eighth Circuit so that this Commission has clear guidance when addressing due process complaints such as the one filed by Parent. *Id.* at 24. Ultimately, the *D'Avis* court agreed with *Thompson* and found that an IDEA claim is barred when a due process hearing is not requested before the student leaves the school district. *Id.* at 23-24. We have no discretion to deviate from this established precedent. The Administrative Hearing Commission is an adjunct executive agency with only the power to ascertain facts and apply "*existing law thereto* in order to resolve issues within the given area of agency expertise." *State Tax Com'n v. Administrative Hearing Com'n*, 641 S.W.2d 69, 75 (Mo. banc 1982) (emphasis added).

Parent acknowledges that Student last attended school at Walnut Grove on November 13, 2024, was homeschooled for the remainder of the school year and began attending a private school in 2025-2026. Parent has not determined where Student will attend school for 2026-2027. Nonetheless, Parent contends that *Thompson* does not apply because Parent did not formally withdraw Student from the Districts and FFSD's policies require a written request before a student can be dropped from enrollment. Parent's position has some merit, and we would not consider Student to have withdrawn from the Districts simply because Parent withheld her from

classes during a dispute about her education. That conclusion is bolstered by FFSD's continued interaction with Parent in considering Student's eligibility for a 504 Plan and sending her work home during the 2024-2025 school year.

However, Parent cannot credibly claim Student remained enrolled in the Districts after placing her in a private school for 2025-2026. Student could not be simultaneously enrolled within the Districts and a parentally-placed private school, where she had no right to special education and related services. *See* 34 C.F.R. § 300.137(a). Case law supports this conclusion.

In *D.L.*, the Court affirmed this Commission's determination that we had authority to hear a due process complaint despite a *Thompson* Rule argument for dismissal. 950 F.3d at 1063. In that affirmed decision, we focused on the enrollment date in the private school and found that D.L. was still enrolled in the St. Louis District school when the parents' complaint was filed.[4] Likewise, the Eighth Circuit held that *Thompson* did not apply because the student was still enrolled in the district and "had not yet enrolled at [the private school.]" *D.L.*, 950 F.3d at 1063.

With respect to Parent's contention concerning FFSD policies, we find Parent's position unpersuasive. To the extent that FFSD policies require written notice before a student can be withdrawn for the purposes of *Thompson*, those policies would conflict with the IDEA's directive that students in parentally-placed private schools are entitled neither to FAPE nor the myriad of procedural protections (aside from child find) it affords. 34 C.F.R. §§ 300.131 & 300.137. Such students are, by definition, "enrolled" in the private placement, not the public school. 34 C.F.R. § 300.130. A student cannot be both entitled to the benefits of the IDEA and not entitled to them.

[4] Case No. 16-3786 (AHC May 9, 2017).



EXHIBIT A

Furthermore, the policy cited by Parent, FFSD Policy 3031,[5] does not require a parent to submit a written request before Student is dropped from enrollment. Rather, it only requires students who are enrolled at FFSD to attend class on a regular basis unless their parent requests to unenroll them. It does not preclude a parent from unilaterally unenrolling a student by, for instance, sending them to a private school.

While we are sympathetic to Parent's and Student's difficulties, the unrefuted evidence for the Districts' motion for summary decision is that Student was disenrolled from the Districts by virtue of her enrollment in a parentally-placed private school. Parent's response to the Districts' s motion for summary decision is not supported by any evidence to create a genuine issue of material fact that would preclude summary decision. *Thompson* is squarely applicable on the unrefuted facts in the record, and Parent may not proceed against the Districts on any issue arising prior to Student's enrollment at NCCS for the 2025-2026 school year.

<u>The Districts' Child Find Obligations During Student's Private Placement</u>

While *Thompson* bars Parent's complaints arising prior to leaving the Districts, the Districts still have an ongoing obligation to locate, identify, and evaluate children with disabilities who are enrolled in private schools. 34 C.F.R. § 300.131(a). The child find process for such students must ensure equitable participation for students in private school. 34 C.F.R. § 300.131(b)(1).

School districts must evaluate all students "reasonably suspected of having a disability" under the IDEA. *P.P. ex rel. Michael P. v. W. Chester Area Sch. Dist.*, 585 F.3d 727, 738 (3d Cir. 2009). Several circumstances may trigger this obligation. These circumstances include prolonged absences, behavioral issues, or other "clear signs of disability." *Ja. B. v. Wilson Cnty.*

---

[5] This policy requires that any child who "is enrolled" in FFSD to attend classes regularly unless their guardian submits a written request to drop them from the rolls. Ex. 51



EXHIBIT A

*Bd. of Educ.*, 61 F.4th 494, 502-03 (6th Cir. 2023) (regarding behavior issues); *Indep. Sch. Dist. No. 283 v. E.M.D.H.*, 960 F.3d 1073, 1083 (8th Cir. 2020) (regarding absences); *Durbrow v. Cobb Cnty. Sch. Dist.*, 887 F.3d 1182, 1196 (11th Cir. 2018) (regarding clear signs of disability).

While Parent alleges many facts relevant to child find, those allegations all stem from incidents that occurred prior to Student's disenrollment from the District. *Thompson* bars those claims. From that point forward, the record reflects that the Districts had no reason to suspect Student had a disability under the IDEA as neither Parent nor NCCS referred Student for evaluation. Furthermore, the undisputed facts show that SSD had a process in place to ensure equitable implementation of child find to private school students through its SNAP program which offered information on how parents and private schools could identify and request evaluations for students suspected of having a disability. Accordingly, we find the Districts did not violate their child find obligations after Student's enrollment at NCCS.

**Summary**

We grant the Districts' motion for summary decision, dismiss Parent's complaint, and cancel the hearing. Parent's claims arising prior to the 2025-2026 school year are barred by *Thompson* and the undisputed facts show that the Districts had no reason to suspect Student was a child with a disability subsequently.

SO ORDERED on July 30, 2026.

CAROLE L. ILES
Commissioner

**Appeal Procedure**

This is a final decision of the Administrative Hearing Commission and you have a right to request review of this decision. Per Section 162.962 of the Revised Statutes of Missouri, when a review of this decision is sought, either party may appeal as follows:

(1) The court shall hear the case without a jury and shall:

(a) Receive the records of the administrative proceedings;

(b) Hear additional evidence at the request of a party; and

(c) Grant the relief that the court determines to be appropriate, basing its decision on the preponderance of the evidence.

(2) Appeals may be taken from the judgment of the court as in other civil cases.

(3) Judicial review of the Administrative Hearing Commission's decision may be instituted by filing a petition in a state or federal court of competent jurisdiction. Appeals to state court shall be filed within 45 days after the receipt of the notice of the agency's final decision.

(4) Except when provided otherwise within this chapter or Part 300 of Title 34 of the Code of Federal Regulations, the provisions of chapter 536 are applicable to special education due process hearings and appeal of same.

(5) When a commissioner renders a final decision, such decision shall not be amended or modified by the commissioner or administrative hearing commission.

The right to appeal is also addressed in 34 C.F.R. Section 300.516.

EXHIBIT A

EXHIBIT
3

Keri Jackson_Judicial Review

# MICKES O'TOOLE

Katy Schmidt
kschmidt@mickesotoole.com
12412 Powerscourt Drive, Suite 200
St. Louis, MO 63131
Tel 314.878.5600
www.mickesotoole.com
*Licensed in Missouri

June 12, 2026

**SERVED WITH SUBPOENA**

North County Christian School
Attn: Custodian of Records
845 Dunn Road
Florissant, Missouri 63031

**Re: Keri JACKSON, in the interest of A.J. v Special School District of St. Louis County and Ferguson-Florissant R-II School District**

Dear Custodian of Records:

This firm represents the Special School District of St. Louis County (SSD). You have been served with a Subpoena regarding the production of records. A copy of the Subpoena has been provided to Petitioner Keri Jackson and counsel for Ferguson-Florissant School District in the above-referenced matter. Our understanding is that [redacted] was previously enrolled at North County Christian School.

You will note from the Subpoena that the deposition for the Custodian of Records and the production of documents has been scheduled for **Monday, June 22, 2026, at 9:00 a.m. CST at Mickes O'Toole, LLC, 12412 Powerscourt Drive, Suite 200, St. Louis, Missouri 63131**, to testify in this matter on behalf of Respondent, Special School District of St. Louis County, who has requested your appearance. There is no agreement to waive the custodian of records deposition.

Thank you for your anticipated cooperation in this matter. Please do not hesitate to contact me if you have any questions or wish to discuss the above request.

Very truly yours,

Katy Schmidt

Katy T. Schmidt

cc: Keri Jackson
Counsel for Ferguson-Florissant School District

EXHIBIT A

# Before the
# Administrative Hearing Commission
# State of Missouri

## SUBPOENA DUCES TECUM

| | | |
|---|---|---|
| Keri JACKSON,<br>in the interest of, A.J.,<br>Petitioner, | ) | |
| v. | ) | DESE: DP-4079 |
| SPECIAL SCHOOL DISTRICT<br>OF ST LOUIS COUNTY and<br>FERGUSON-FLORISSANT R-II<br>SCHOOL DISTRICT,<br>Respondents. | ) | AHC No.: 26-0686 |

STATE OF MISSOURI

TO: **Custodian of Records, North County Christian School**
**845 Dunn Road, Florissant, Missouri 63031**

GREETINGS:

You are required to appear on **June 22, 2026, at 9:00am** at **Mickes O'Toole, LLC, 12412 Powerscourt Drive, Suite 200, St. Louis, Missouri 63131**, to testify in this matter on behalf of **Respondent, Special School District of St. Louis County**, who has requested your appearance.

You are required to bring the following items with you:

**See Exhibit A attached hereto and incorporated herein. If the documents do not exist in electronic format, then prior the date above, please contact counsel for Respondent Special School District of St. Louis County for instructions.**



EXHIBIT A

Your failure to appear with the requested items may subject you to penalty of law.

Date: 6/12/2026

By: ______________________
Commissioner

Petitioner
Keri Jackson
921 Buckeye Drive
Ferguson, Missouri 63135
Telephone (314) 398-8116
kerijackson4@aol.com

Respondents
**MICKES O'TOOLE, LLC**
Ashley M. Wicks, #75808
awicks@mickesotoole.com
Katelyn T. Schmidt, #77085
kschmidt@mickesotoole.com
Robert J. Thomeczek, #38153
bothomeczek@mickesotoole.com
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131
Telephone: (314) 878-5600
*Attorneys for Respondent*
*Special School District of St. Louis County*

**LASHLY BAER, PC**
Julie Devine, #58268
jdevine@lashlybaer.com
Haley Dierks, #76599
hdierks@lashlybaer.com
714 Locust Street
St. Louis, Missouri 63101
Telephone: (314) 621-2939
*Attorneys for Respondent*
*Ferguson-Florissant R-II School District*



EXHIBIT A

# SUBPOENA DUCES TECUM RETURN

I certify that I have served this subpoena on ______________________ (date), at ________ (time), by delivering a copy personally to the person subpoenaed at __________________________________________________ (address).

By:______________________________ ______________________________
Person Serving Subpoena Print name

INSTRUCTIONS

1. This subpoena will remain in effect until this hearing is concluded, or you are discharged by the Administrative Hearing Commission.
2. If you have any questions regarding this subpoena, contact the person who requested your appearance, listed on the first page.



EXHIBIT A

EXHIBIT A

# EXHIBIT A

## GENERAL DEFINITIONS

1. "**North County Christian School**," "**you**," and "**your**" refers to North County Christian School, located at 845 Dunn Road, Florissant, Missouri 63031, and any and all agents thereof.
2. "**SSD**" means Respondent Special School District of St. Louis County and any agent thereof.
3. "**Petitioner**" refer to Petitioner Keri Jackson, in the interest of A.J., and any agents, attorneys, advocates, or other person or persons acting for or purporting acting on your behalf.
4. "**A.J.**" refers to the student [redacted] on whose behalf Petitioner initiated this administrative due process hearing request.
5. "**Complaint**" means Petitioner's Due Process Complaint filed in the above-entitled and numbered action, and any amendments thereto.
6. "**Ferguson-Florissant**" or "**FFSD**" means Respondent Ferguson-Florissant R-II School District and any agent thereof.
7. "**Respondents**" or "**Districts**" means SSD and/or Ferguson-Florissant and any employees, agents, attorneys, advocates, or other person or persons acting for or purporting acting on SSD and/or Ferguson-Florissant's behalf.
8. "**IDEA**" means the Individuals with Disabilities Education Act of 2004, 20 U.S.C. § 1400 et seq., and its implementing regulations at 34 C.F.R. Part 300.
9. "**And**" and "**or**" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of each request all information which might otherwise be construed to be outside the scope.
10. "**Document**" shall mean and include any medium upon which intelligence, data, metadata, or information can be recorded or retrieved, including electronically stored information, as well as and without limitation, the original and each copy, regardless of origin and location, of any written, typed, printed, recorded, or graphic material of any kind, including, but not limited to, petitions, pleadings, motions, notices, contracts, agreements, records, papers, notes, memoranda, drafts, minutes, summaries, correspondence, e-mails, telegrams, communications, diaries, drawings, specifications, computer printouts, computer tapes, computer disks, microfilm, microfiche, periodicals, books, pamphlets, newspaper articles, resumes, financial and accounting records and statements, receipts, canceled checks, tax returns, appointment books, calendars, notebooks, desk pads, tape recordings, transcriptions of tape recordings, transcripts, phonograph records, disks from word processors, memorials of conversations, meetings or conferences, messages, invoices, all reproductions and copies of documents by whatever means made, including those which are not identical to the originals due to markings which have been made on the copies, and

EXHIBIT A

any other data compilations from which information can be obtained. This definition expressly includes e-mail communications and text messages.

11. "**Communications**" shall mean and include any oral or written utterance, notation, or statement of any nature whatsoever, by and to whomsoever made, including but not limited to, correspondence, conversations, dialogues, discussions, interviews, consultations, agreements, and other understandings between or among two or more persons. Communications shall include any and all electronic communications such as electronic mail, social media messages, text messages, and all other such electronic communications.

**REQUESTED DOCUMENTS**

A complete and unredacted electronic copy of your entire files, documents, test messages, email communications, and recordings regarding or relating to [redacted] excluding communications sent directly to or directly from SSD, limited to:

1. Any and all documents in your possession, custody, and/or control relating to [redacted] education, including any educational records, notes, evaluations, notices, special education records, and progress reports, excluding documents received directly from SSD, from May 12, 2024, to the present.
2. A complete and accurate copy of any and all documents, written records, and/or notes and/or other memorialized information regarding your provision of general education, special education, and/or related services to [redacted] May 12, 2024, to the present.
3. A complete and accurate copy of any and all invoices for services, evaluations, consultations, or communication time you provided to or on behalf of [redacted] May 12, 2024, to the present.
4. A complete and accurate copy of any and all communications between you and Keri Jackson and/or [redacted] regarding [redacted] May 12, 2024, to the present, and any notes regarding these communications.
5. A complete and accurate copy of the curriculum vitae of all staff that have worked with [redacted] from May 12, 2024, to the present.

EXHIBIT 4

EXHIBIT E

Keri Jackson_Judicial Review



BEFORE THE ADMINISTRATIVE HEARING COMMISSION

STATE OF MISSOURI

---

KERI JACKSON, in the interest of A.J.,

Petitioner,

v.

SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY and FERGUSON-FLORISSANT R-II SCHOOL DISTRICT,

Respondents.

DESE: DP-4079

AHC No.: 26-0686

---

DEPOSITION OF

SHELIA EWING

DATE: Thursday, June 18, 2026

TIME: 9:19 a.m.

LOCATION: Remote Proceeding
Mickes O'Toole LLC
12412 Powerscourt Drive, Suite 200
St. Louis, MO 63131

REPORTED BY: Brett Torrence

JOB NO.: 8282909

EXHIBIT A

Page 2

APPEARANCES

ON BEHALF OF RESPONDENT SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY:

KATELYN T. SCHMIDT, ESQUIRE
Mickes O'Toole LLC
12412 Powerscourt Drive, Suite 200
Saint Louis, MO 63131
kschmidt@mickesotoole.com
(314) 997-7733

ON BEHALF OF RESPONDENT FERGUSON-FLORISSANT R-II SCHOOL DISTRICT:

HALEY DIERKS, ESQUIRE (by videoconference)
Lashly Baer PC
714 Locust Street
Saint Louis, MO 63101
hdierks@lashlybaer.com
(314) 436-8346

Page 3

APPEARANCES (Cont'd)

ON BEHALF OF NORTH COUNTY CHRISTIAN SCHOOL:

PHILIP D. SPEICHER, ESQUIRE
Mathis, Marifian & Richter, Ltd
230 South Bemiston Avenue, Suite 730
Clayton, MO 63105
pspeicher@mmrltd.com
(618) 234-9800

Page 4

INDEX


| EXAMINATION: | PAGE |
|---|---|
| By Ms. Schmidt | 6 |


EXHIBITS


| NO. | DESCRIPTION | PAGE |
|---|---|---|
| Exhibit A | Subpoena Duces Tecum | 9 |
| Exhibit B | Multiple Documents Provided to | 13 |


Page 5

PROCEEDINGS

THE REPORTER: Good morning. My name is Brett Torrence; I'm the reporter assigned by Veritext to take the record of this proceeding. We're now on the record at -- I have 9:19 a.m.

This is the deposition of Shelia Ewing taken in the matter of Keri Jackson in the interest of A.J. vs. Special School District of St. Louis County, et al., on June 18, 2026, at 12412 Powerscourt Drive, St. Louis, Missouri 63131.

I'm a notary authorized to take acknowledgements and administer oaths in Missouri, and parties agree that I'll swear in the witness remotely outside of her presence.

At this time, will everyone in attendance please identify yourself for the record.

MS. SCHMIDT: Katelyn Schmidt, attorney for Special School District of St. Louis County.

MS. DIERKS: Haley Dierks, attorney for Ferguson-Florissant School District.

MR. SPEICHER: Philip Speicher, attorney for North County Christian School.

MS. EWING: Shelia Ewing, assistant administrative assistant for North County Christian School.



EXHIBIT A

EXHIBIT A

THE REPORTER: Thank you.
Now at this time, hearing no objections, I will now swear in the witness.
Could you please raise your right hand?
WHEREUPON,
SHELIA EWING,
called as a witness and having been first duly sworn to tell the truth, the whole truth, and nothing but the truth, was examined and testified as follows:
THE REPORTER: Thank you.
At this time you may proceed.
MS. SCHMIDT: Okay.
Good morning, and thank you for being here.
Just noting for the record, it is 9:20.
Ms. Keri Jackson, our petitioner, was informed of the deposition via email, and she is not present at this time, so we'll go ahead and get started.
EXAMINATION
BY MS. SCHMIDT:
Q Can you please state your name for the record?
A Shelia Ewing.
Q Nice to meet you, Shelia. My name is Katelyn Schmidt, and I'm an attorney at the law firm



of Mickes O'Toole, and we represent the Special School District of St. Louis County in this matter. Do you understand that?
A Yes.
Q And is there any reason that you might not be able to give an accurate testimony today?
A No.
Q You're not on any medications or you don't have any memory loss that you think would impair your ability?
A No.
Q Okay. And have you ever had your deposition taken before?
A No.
Q Well, I'll go through a couple things. I think this is going to be a quick one, but you know, I'm going to ask you a series of questions, and you're going to answer them under oath, so please answer as truthfully and accurately as possible.
If you don't understand a question I ask, even if it's part of the question, please ask me to repeat, clarify anything. We want to make sure that you understand what I'm asking. And if you answer a question, I'm going to assume that you understood the question in its entirety. Is that fair?



A Yes.
Q Okay. We'll go ahead and get started. Are you employed at North County Christian school?
A Yes, I am.
Q And what's your position there?
A Administrative assistant.
Q Are you the custodian of records for the North County Christian School?
A Yes, I do keep the records.
Q And as the custodian of records, what are your duties and responsibilities?
A My duties are to collect all the records that we have from previous schools, current records, keeping track of attendance, report cards, making the data is entered, and any -- any further information pertaining to the lawsuit.
THE REPORTER: And apologies to interrupt. If you could just speak a little bit louder. Thank you.
THE WITNESS: Sure.
BY MS. SCHMIDT:
Q Have you in your capacity as custodian of records been served with a subpoena for the production of records related to A.J.?
A No, I haven't.



Q I'm going to show you -- I'm going to hand you -- we're going to go ahead and mark this as Exhibit 1.
(Exhibit 1 was marked for identification.)
Do you recognize this document? How about you read through the first page, and then we can talk about it.
Do you recognize this document?
A This is my first time seeing this document.
Q Okay.
THE REPORTER: And -- sorry -- could you repeat that answer just a little bit louder?
I'm having a hard time hearing the deponent today.
THE WITNESS: I -- I said, "No. This is my first time seeing this document."
THE REPORTER: Thank you very much.
BY MS. SCHMIDT:
Q All right. So if I represent to you that this is a subpoena that was served on the custodian of records, in this case you, for the North County Christian School -- could you go ahead and just move to Exhibit A? And can you read on the second page that it starts with "Requested Documents," can you



EXHIBIT A

Page 10

read the words underneath that?
A "The complete and unredacted electronic copy of your entire files, documents, test messages, email communication, and recordings regarding to or relating to A.J., excluding communication sent directly to or directly from SSD, limited to" --
Q -- read through --
A Okay. "Any and all documents in your possession, custody, and/or control relating to A.J.'s education, including any educational records, notes, evaluations, notices, special education records, and progress reports, excluding documents received directly from SSD, from May 12, 2024, to the present."
Two: "A complete and accurate copy of any and all documents, written records, and/or notes and/or other memorialized information regarding your provision of general education, special education, and/or related services to A.J., May 12, 2024, to the present.
A complete and accurate copy of any and all invoices for services, evaluations, consultations, or communication time you provided to or on behalf of A.J., on May 12, 2024, to the present.
A complete and accurate copy of any and all communications between you and Keri Jackson and/or

Page 11

A.J., regarding A.J., May 12, 2024, to the present, and any notes regarding these communications.
A complete and accurate copy of the curriculum vitae of all staff that have -- that have worked with A.J. from May 12, 2024, to the present."
Q Thank you for doing that. I know that was lengthy. We appreciate it.
A Yes.
Q So do you understand that you're here pursuant to a subpoena as the custodian of records to provide us with the documents that are requested in Exhibit A as you just read?
A Yes.
Q Perfect. And do you have with you the documents described in Exhibit A to the subpoena, what you've sent?
A Yes.
Q All right --
MR. SPEICHER: To clarify, that -- there are a few minor redactions to remove the name of other minor students --
MS. SCHMIDT: Okay. Well -- that's great.
BY MS. SCHMIDT:
Q I'm going to go ahead and mark the documents

Page 12

that you subpoenaed to me as Exhibit B.
And to the best of your knowledge, do you know approximately how many pages of records are in this Exhibit B here?
A Want me to guess?
Q If you don't know --
A Yeah. I don't know.
Q That's fine. And can you explain what you did to look for documents responsive to the subpoena?
A All I basically did was went to our files -- our student files and just pulled the information that was in our files.
Q And were the records that are here in Exhibit B kept by North County Christian School in the regular course of its business?
A Yes.
Q And were the records in Exhibit B made by an employee or representative of North County Christian School with knowledge of the act, event, condition, opinion, or diagnosis contained within the records?
A Yes.
(Exhibit B was marked for identification.)
THE REPORTER: And I'm sorry. Could you repeat that last answer? It's a little bit quiet.

Page 13

THE WITNESS: Yes.
THE REPORTER: Thank you.
BY MS. SCHMIDT:
Q Is it in the regular course of business for employees or representatives at North County Christian School to make the records contained in Exhibit B?
A Yes.
Q And were the records in exhibit B made at near the time of the act, event, condition, opinion, or diagnosis described therein?
A Explain that.
Q Sure. So -- let's see. So were the records that we have here today, were they made by an employee or representative at or near the time of the thing that they're describing or the thing that's -- the information that's contained within the documents?
A I believe so. Yes.
Q And are the records in Exhibit B original records?
A Some are copies.
Q Okay.
A But most of them are original.
Q And if they are copies, are they exact duplicates?
A Yes.

EXHIBIT A

THE REPORTER: Okay. Before we go off the record, would someone like to go over the read and sign process?

MS. SCHMIDT: -- talk to your attorney. You can review it if you want, or we can just waive --

MR. SPEICHER: Yeah. I think we can waive.

MS. SCHMIDT: Okay. We'll waive.

THE REPORTER: Okay. And then, lastly, if I could get confirmation of what transcript orders are being made today and how they would like to be received.

MS. SCHMIDT: We can do one to Katie -- or Katelyn Schmidt.

THE REPORTER: And would you like that physical or an e-transcript?

MS. SCHMIDT: E-transcript's great.

THE REPORTER: Okay. Then if nothing else is needed today for the record, we are now going off the record at 9:37 a.m.

(Signature waived.)

(Whereupon, at 9:37 a.m., the proceeding was concluded.)



CERTIFICATE OF DEPOSITION OFFICER

I, BRETT TORRENCE, the officer before whom the foregoing proceedings were taken, do hereby certify that any witness(es) in the foregoing proceedings, prior to testifying, were duly sworn; that the proceedings were recorded by me and thereafter reduced to typewriting by a qualified transcriptionist; that said digital audio recording of said proceedings are a true and accurate record to the best of my knowledge, skills, and ability; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this was taken; and, further, that I am not a relative or employee of any counsel or attorney employed by the parties hereto, nor financially or otherwise interested in the outcome of this action.

BRETT TORRENCE
Notary Public in and for the
State of Missouri

[signature]



CERTIFICATE OF TRANSCRIBER

I, JENNIFER ZAVATTARO, do hereby certify that this transcript was prepared from the digital audio recording of the foregoing proceeding, that said transcript is a true and accurate record of the proceedings to the best of my knowledge, skills, and ability; that I am neither counsel for, related to, nor employed by any of the parties to the action in which this was taken; and, further, that I am not a relative or employee of any counsel or attorney employed by the parties hereto, nor financially or otherwise interested in the outcome of this action.

[signature]

JENNIFER ZAVATTARO



COURT MEMO

Jackson, Keri, In The Interest Of A.J.

Plaintiffs,

Cause No.

vs. 260686

Special School District Of St. Louis County, Et Al.

Defendant.

CERTIFICATE OF OFFICER AND STATEMENT OF DEPOSITION CHARGES

(Rule 57.03 (g) (2) (a) & Sec., 492.590 RsMO 1985.)

DEPOSITION OF Shelia Ewing ON 6/18/2026

Name and address of person or firm having custody of the original transcript: Katlyn T Schmidt

TAXED IN FAVOR OF: Katlyn T Schmidt

TOTAL............... $__________

TAXED IN FAVOR OF: Other Attorneys

TOTAL............... $__________ *

Upon delivery of transcript, the above charges had not yet been paid. It is required that all charges will be paid in the normal course of business.

IN WITNESS WHEREOF, I have hereunto set my hand and seal on this day of , .

______________________

Notary Public

* A completed signed Certificate of Officer and Statement of Deposition Charges pursuant to Rule 57.03(g)(2)(a) shall be provided upon request.





EXHIBIT A

EXHIBIT
5
Keri Jackson_Judicial Review

**BEFORE THE**
**ADMINISTRATIVE HEARING COMMISSION**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| Keri JACKSON,<br>in the interest of, A.J.,<br>Petitioner, | ) | |
| v. | ) | DESE: DP-4079 |
| SPECIAL SCHOOL DISTRICT OF ST LOUIS COUNTY and FERGUSON-FLORISSANT R-II SCHOOL DISTRICT,<br>Respondents. | ) | AHC No.: 26-0686 |

## NOTICE OF DEPOSITION

**PLEASE TAKE NOTICE** that Respondent Special School District of St. Louis County, by and through the undersigned counsel, will take the deposition of Keri Jackson beginning at **11:00 am on Monday, June 22, 2026, at the law offices of Mickes O'Toole, 12412 Powerscourt Drive, Suite 200, Saint Louis, Missouri 63131**. The deposition will be recorded by stenographic means by a court report before a notary public or officer duly authorized by law to so administer oaths.

Respectfully submitted,

**MICKES O'TOOLE, LLC**

*/s/ Katelyn T. Schmidt*

Katelyn T. Schmidt, Mo. Bar #77085
kschmidt@mickesotoole.com
Ashley M. Wicks, Mo. Bar #75808
awicks@mickesotoole.com
Robert J. Thomeczek, Mo. Bar #38153
bothomeczek@mickesotoole.com
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131
Telephone: (314) 878-5600

*Attorneys for Respondent*
*Special School District of St. Louis County*

EXHIBIT
A

EXHIBIT A

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing Notice of Deposition was served via electronic filing to the AHC and via email to the following on this 12th day of June, 2026:

Ms. Keri Jackson
921 Buckeye Drive
Ferguson, Missouri 63135
kerijackson4@aol.com
*Petitioner, Pro Se*

Ms. Julie Devine
jdevine@lashlybaer.com
Ms. Haley Dierks
hdierks@lashlybaer.com
Lashly Baer, PC
714 Locust Street
St. Louis, Missouri 63101
*Attorneys for Respondent*
*Ferguson-Florissant R-II School District*

*/s/ Katelyn T. Schmidt*



EXHIBIT A

# Thank you

Your electronic document has been successfully submitted.

**Document Name**

AJ.Notice of Deposition (Keri Jackson)

**Case Number**

26-0686

**Date Submitted**

6/12/2026 12:28 PM

EXHIBIT 6

EXHIBIT A

Keri Jackson_Judicial Review



BEFORE THE
ADMINISTRATIVE HEARING COMMISSION
STATE OF MISSOURI

KERI JACKSON, in the interest of A.J.,)
)
Petitioner, )
)
vs. ) DESE: DP-4079
)
SPECIAL SCHOOL DISTRICT ) AHC No. 26-0686
OF ST. LOUIS COUNTY and )
FERGUSON-FLORISSANT R-II )
SCHOOL DISTRICT, )
)
Respondents. )

DEPOSITION OF KERI JACKSON

TAKEN ON BEHALF OF THE RESPONDENTS

JULY 6, 2026



EXHIBIT A

# I N D E X

## WITNESSES


ALL WITNESSES PAGE

For Respondents

KERI JACKSON

Examination by Ms. Schmidt6

Examination by Ms. Dierks 41

Examination by Ms. Schmidt 50


## EXHIBITS


| NO. | | PAGE |
|---|---|---|
| Exhibit A | Notice of Deposition | 10 |
| Exhibit B | Amended Notice of Deposition | 11 |
| Exhibit C | Complaint 42 | |
| Exhibit D | Revised 504 Plan submitted by Petitioner (Exhibit 5 to Petitioner's Complaint) | 47 |


(Exhibits attached to transcript.)

STENOGRAPHER'S NOTE: All quotations from exhibits are reflected in the manner in which they were read into the record and do not necessarily denote an exact quote from the document.



EXHIBIT A

.oOo.

DEPOSITION OF WITNESS, KERI JACKSON, produced, sworn and examined on the 6th day of July, 2026, at the offices of Mickes O'Toole, LLC, 12412 Powerscourt Drive, Suite 200, St. Louis, Missouri, before Tara Schwake, a Registered Professional Reporter, Certified Realtime Reporter, Certified Shorthand Reporter (IL), Certified Court Reporter (MO), and Notary Public within and for the State of Missouri.



EXHIBIT A

APPEARANCES

FOR THE PETITIONER:

Ms. Keri Jackson, Petitioner Pro Se
921 Buckeye Drive
Ferguson, Missouri 63135
kerijackson4@aol.com

FOR THE RESPONDENT SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY:

MICKES O'TOOLE, LLC
12412 Powerscourt Drive, Suite 200
St. Louis, Missouri 63131
(314) 878-5600
by: Ms. Katelyn T. Schmidt
Ms. Ashley M. Wicks
kschmidt@mickesotoole.com
awicks@mickesotoole.com

FOR THE RESPONDENT FERGUSON-FLORISSANT R-II SCHOOL DISTRICT:

LASHLY & BAER, P.C.
714 Locust Street
St. Louis, Missouri 63101
(314) 621-2939
by: Ms. Haley Dierks
hdierks@lashlybaer.com



EXHIBIT A

EXHIBIT A

ALSO PRESENT:

Ms. J. Toni Burrow

COURT REPORTER:

TARA SCHWAKE, CRR, RPR, CCR, CSR
Veritext Legal Solutions
10 South Broadway, Suite 1400
St. Louis, Missouri 63102
(314) 241-6750
calendar-midwest@veritext.com

IT IS HEREBY STIPULATED AND AGREED by and between Counsel for Petitioner and Counsel for Respondents that this deposition may be taken by Tara Schwake, Notary Public and Certified Realtime Reporter, thereafter transcribed into typewriting, with the signature of the witness being expressly reserved.

KERI JACKSON,

Of lawful age, having been produced, sworn, and examined on the part of Respondents, testified as follows:

* * * * *

(Deposition commenced at 1:31 PM)

EXAMINATION

QUESTIONS BY MS. SCHMIDT:

Q Good afternoon, Miss Jackson. My name is Katy Smith, and I'm an attorney at the law firm of Mickes O'Toole. Our firm represents the Special School District of St. Louis County in this matter.

I'm just noting for the record that Miss J. Toni Burrow is here present at the deposition, and pursuant to the Commissioner's order, Miss Burrow is entitled to attend this deposition solely for medical and cognitive



EXHIBIT A

EXHIBIT A

Q And you received notice of the new deposition date and time. Correct?

A Yes.

Q Okay. Great. I want to start just with some quick background information on [redacted] So [redacted] attended North County Christian School for the 2025 and 2026 school year; is that correct?

A Yes.

Q Do you recall the specific dates that she attended North County Christian School?

A I'd have to check the record.

Q You'd have to check the record. Do you believe it was likely between August 2025 to May 2026?

A I'd have to check the record.

Q Okay. Is [redacted] attending North County Christian School for the 2026/2027 school year?

A We haven't decided.

Q Are you considering North County Christian School for her to attend this coming year?

A We haven't decided.

Q And [redacted] as home schooled prior to attending North County Christian School. Is that

correct?

A Yes.

Q And do you recall the specific dates that she was home schooled?

A I'd have to check the record.

Q And [redacted] attended Walnut Grove Elementary from August 22, 2022 to November 13, 2024. Correct?

A That sounds correct.

Q Sounds correct? And Walnut Grove Elementary is a part of Ferguson-Florissant School District; correct?

A As far as I know.

Q And [redacted] stopped attending Walnut Grove after November 13, 2024. Correct?

A Due to safety.

Q So to confirm, she did stop attending?

A Yes, due to the district's failure to keep her safe, I had to bring her home, and due to their failure to evaluate and provide safeguards, yes.

Q And after you -- after she stopped attending, is that when she started home schooling?

A Yes.



EXHIBIT A

EXHIBIT A

Q We'll go back to that, but during the time that [redacted] was attending Walnut Grove, did you ever request a referral for a special education evaluation under the Individuals with Disabilities Education Act?

A Repeat your question.

Q So during the time that [redacted] was attending Walnut Grove, from the time period of August 22, 2022, to November 13, 2024, did you ever request a referral for a special education evaluation under the Individuals with Disabilities Education Act?

A What I remember requesting was I was suggested to request a 504 plan. So if that is what you're referring to, then yes, I requested a 504 plan while she was in attendance at Walnut Grove between August of '22 to November of '24.

Q Do you know the difference between the Individuals with Disabilities Education Act and Section 504 of the Rehabilitation Act of 1973?

A I'd have to check to be specific, but I know that they are two different -- one is -- the 504 plan is separate and different from the IDEA.

Q Okay. So your -- I just want to confirm that you requested a 504, you did not



EXHIBIT A

EXHIBIT A

request a special education evaluation under the IDEA; correct?

A I requested a 504 plan for [redacted] according to her doctor's recommendation for her to have a 504 plan.

Q And [redacted] is not currently enrolled in the Ferguson-Florissant School District; correct?

A I never disenrolled her.

Q She -- okay. So she stopped attending in November of 2024. Correct? She stopped attending Walnut Grove Elementary School in 2024?

A Yes.

Q And then you were home schooling her for a time period; correct?

A Correct.

Q And then she was at North County Christian School for a period during the '25 to '26 school year; is that correct?

A Yes.

Q So I want to spend some time in [redacted] -- during her time at North County Christian School. Did [redacted] receive any type of specialized instruction at North County Christian



EXHIBIT A

EXHIBIT A

her; correct?
A Yes.
Q And is it your understanding that a 504 plan addresses accommodations for students; correct?
A Repeat your question.
Q Is it your understanding that a 504 plan addresses accommodations for students?
A It's my understanding that after you complete the documentation and go through the process of evaluation --
Q Yeah.
A -- that the school district is supposed to provide and implement the accommodations that are agreed upon.
Q Yeah. But it's your understanding that the 504 plan is for students with disabilities. Correct?
A It is my understanding that a 504 plan is to provide the needs that are appropriate for each student.
Q And you sent Mr. Hampton a 504 plan that you wanted. Correct?
A What do you mean?
Q On -- you state in your -- on



EXHIBIT A

EXHIBIT A

November -- you reference in your complaint that on November 21, 2024, you submitted an educator-developed 504 plan. I believe that may have been the email that you were reading earlier; is that correct?

A Correct.

Q When you say "educator-developed plan," are you talking about yourself because you drafted it? Or who are you referring to?

A Yes. I drafted it.

Q Okay. And you're refer to yourself as an educator because you were -- you have an education degree?

A Correct.

Q And that plan, that 504 plan that you drafted addressed the concerns that you had for [redacted]; correct?

A Repeat your question.

Q Yeah. The 504 plan that you drafted addressed the concerns that you had for [redacted]; correct?

A It addressed her needs.

Q And the 504 plan you drafted was related to asthma concerns; correct?

A It addressed multiple needs.



EXHIBIT A

EXHIBIT A

EXHIBIT 9

7

Keri Jackson_Judicial Review

Mercy

MERCY CLINIC PEDIATRICS - LADUE
8860 LADUE RD
STE 100
SAINT LOUIS MO 63124-2068
Dept Phone: 314-863-2444
Dept Fax: 314-863-2211

9/18/2024

To whom it may concern,

[redacted] is a 7 y.o. female
[redacted] has had some bullying and has some physical symptoms that may be from the bullying.
I would like her to be able to leave class to participate in play therapy or talk therapy at school.

If you have further questions, please reach me at the above number.

Sincerely,

Ryia M Ross, MD



EXHIBIT A

EXHIBIT A

EXHIBIT 3

Name: [redacted] [redacted] | MRN: E1303316662 | PCP: Ryia M Ross, MD | Legal Name: [redacted]

Keri Jackson_Judicial Review

MERCY CLINIC PEDIATRICS - LADUE
8860 LADUE RD
STE 100
SAINT LOUIS MO 63124-2068
Dept Phone: 314-863-2444
Dept Fax: 314-863-2211

11/18/2024

11/18/2024

To whom it may concern,
[redacted] is a 8 y.o. female
[redacted] has been seen several times for physical symptoms that seem to stem from psychological issues with bullying.
I would like her to have a 504 plan with accomodations for this including some play therapy or counselling with the school counselor.
We are also sending her to see psychiatry for the anxiety and depression resulting from bullying.
Here is her problem list:

**Patient Active Problem List**

| Diagnosis | Date Noted |
|---|---|
| • Acute generalized abdominal pain | 10/22/2024 |
| • Fear of needles | 10/22/2024 |
| • Elevated serum creatinine | 10/22/2024 |
| • Anxiety state | 10/22/2024 |
| • Child victim of psychological bullying | 09/18/2024 |
| • Dysuria | 09/18/2024 |
| • Esophagitis | 09/18/2024 |
| • Epigastric abdominal pain | 09/18/2024 |
| • Mild persistent asthma<br>*Overview Note:*<br>ImmunoCAP inahalant allergy panel was negative. Total IgE 20 ku/L 2/2024 | 02/01/2024 |
| • Nasal turbinate hypertrophy<br>*Overview Note:*<br>very boggy | 01/07/2024 |
| • Slow transit constipation | 04/26/2022 |
| • Astigmatism of both eyes | 04/05/2021 |
| • Mild anemia | 04/05/2021 |
| • Low ferritin | 05/01/2019 |
| • Short stature | 11/07/2018 |
| • Abnormal thyroid stimulating hormone level | 12/23/2016 |
| • Congenital dysplasia of hips, bilateral | 12/08/2016 |

If you have further questions, please reach me at the above number.

Sincerely,



EXHIBIT A

EXHIBIT A

Ryia M Ross, MD

1

MyChart® licensed from Epic Systems Corporation© 1999 - 2024



EXHIBIT A

EXHIBIT A

Name: [redacted] DOB: [redacted] MRN: E1303316662 | PCP: Ryia M Ross, MD | Legal Name: [redacted]

[redacted]

EXHIBIT 9

Keri Jackson_Judicial Review

Mercy

MERCY CLINIC PEDIATRICS - LADUE
8860 LADUE RD
STE 100
SAINT LOUIS MO 63124-2068
Dept Phone: 314-863-2444
Dept Fax: 314-863-2211

8/5/2026

To whom it may concern,

[redacted]s a 7 y.o. female
[redacted]has had some bullying and has some physical symptoms such as stomachaches, headaches, that may be from the bullying.
I would like her to be able to leave class to participate in play therapy or talk therapy at school and other appropriate school based supports.

If you have further questions, please reach me at the above number.

Sincerely,

Ryia M Ross, MD

1

MyChart® licensed from Epic Systems Corporation© 1999 - 2026



EXHIBIT A

EXHIBIT A

EXHIBIT

10

Keri Jackson_Judicial Review

Mercy

MERCY CLINIC PEDIATRICS - LADUE
8860 LADUE RD
STE 100
SAINT LOUIS MO 63124-2068
Dept Phone: 314-863-2444
Dept Fax: 314-863-2211

8/5/2026

To whom it may concern,
[redacted] is a 9 y.o. female, BD: [redacted]
[redacted] has been seen several times for physical symptoms (stomachaches and headaches) that seem to stem from psychological issues with bullying.
I would like her to have a 504 plan with accomodations for this including some play therapy or counselling with the school counselor or other appropriate accomodations.
We are also sending her to see psychiatry for the anxiety and depression resulting from bullying.
If SSD can do social/ emotional evaluation this would be great, I have also referred her to UMSL for their psychosocial assessment.

If you have further questions, please reach me at the above number.

Sincerely,

Ryia M Ross, MD



EXHIBIT A

EXHIBIT A

EXHIBIT

11

Keri Jackson_Judicial Review

August 5, 2026

To: Special School District of St. Louis County Attention: Evaluation and Child Find Department 12110 Clayton Road Town & Country, MO 63131

From: Keri Jackson Parent of [redacted] 921 Buckeye Ferguson, Missouri 63135
Phone: 314-398-8116 kerijackson4@aol.com

**Re: Request for Evaluation of [redacted] Jackson Under IDEA, Child Find, and SNAP**

To Whom It May Concern:

I am writing to formally request a comprehensive evaluation for my daughter, [redacted] under the Individuals with Disabilities Education Act (IDEA), Section 504 of the Rehabilitation Act, and the Special Needs Accommodation Program (SNAP). [redacted] resides within the Ferguson-Florissant School District and St. Louis County, and therefore falls under the Child Find and evaluation responsibilities of the Special School District of St. Louis County (SSD).

## 1. Residency and Eligibility

[redacted] resides at:

**921 Buckeye Ferguson, Missouri 63135**

Because [redacted] resides in St. Louis County, SSD is responsible for:

- Child Find
- evaluation of suspected disabilities
- SNAP obligations for private-school students
- evaluation of children not enrolled in any school
- evaluation of home-schooled children

See 34 C.F.R. §§ 300.111, 300.131.

## 1A. Medical Documentation Supporting Evaluation

Attached are two medical letters from [redacted] treating pediatrician, Dr. Ryia M. Ross, dated August 5, 2026. Dr. Ross documents:

- physical symptoms (stomachaches, headaches) related to bullying,
- anxiety and depression resulting from bullying,
- trauma-related emotional distress,
- difficulty functioning in school environments,
- the need for school-based supports,
- the need for counseling and play therapy,

EXHIBIT A

EXHIBIT A

- the need for social/emotional evaluation by SSD,
- the need for a Section 504 Plan with other accommodations,
- referrals to psychiatry and UMSL for psychosocial assessment.

Dr. Ross explicitly recommends:

- a Section 504 Plan,
- school-based counseling/play therapy,
- social/emotional evaluation by SSD,
- evaluation of anxiety, depression, and trauma-related symptoms,
- other appropriate accommodations.

These medical findings constitute clear Child Find triggers under IDEA, Section 504, and SNAP, and support the need for a full and comprehensive evaluation in all areas of suspected disability, including but not limited to trauma-related school functioning arising from bullying and harassment, anxiety-related school functioning arising from bullying, harassment, and trauma, emotional disability, social-emotional functioning, behavioral impact of bullying, harassment, trauma, and emotional distress, school functioning impairment due to bullying, harassment, trauma, anxiety, and emotional distress, academic impact arising from trauma, anxiety, emotional distress, and school-related fear, Executive functioning concerns related to trauma and anxiety, social/emotional evaluation and any additional areas identified by SSD evaluators

## 2. Enrollment Status

[redacted] is not currently enrolled in any school. She was previously enrolled at:

- Ferguson-Florissant School District (FFSD)
- North County Christian School (NCCS)

After documented bullying, harassment, emotional distress, academic decline, and safety concerns, NCCS removed [redacted] from attendance and informed me that she "should not return after today."

## 3. Basis for Suspected Disability

[redacted] has documented concerns including:

- bullying and harassment
- emotional distress arising from bullying, harassment, and trauma
- trauma arising from bullying and harassment
- anxiety arising from bullying, harassment, and trauma
- academic decline arising from bullying, harassment, and trauma
- difficulty functioning in school environments due to bullying, harassment and trauma
- safety-related concerns arising from bullying, harassment, and trauma
- social-emotional concerns arising from bullying, harassment, and trauma
- involuntary removal from NCCS

EXHIBIT A

These concerns constitute Child Find triggers requiring evaluation under IDEA and SNAP.

## 4. Request for Comprehensive Evaluation

I am requesting a full and comprehensive evaluation in all areas of suspected disability, including but not limited to:

- Emotional Disability
- Anxiety-related concerns arising from bullying, harassment, and trauma
- Trauma-related concerns arising from bullying and harassment
- Social-emotional functioning
- Behavioral impact of bullying, harassment, trauma, and emotional distress
- School functioning impairment due to bullying, harassment, trauma, anxiety, and emotional distress
- Academic impact arising from trauma, anxiety, emotional distress, and school-related fear
- Executive functioning concerns related to trauma and anxiety
- Any additional areas identified by SSD evaluators

This evaluation request is supported by medical documentation from [redacted] treating pediatrician, Dr. Ryia M. Ross, who recommends:

- a Section 504 Plan,
- school-based counseling/play therapy,
- social/emotional evaluation by SSD,
- evaluation of anxiety, depression, and trauma-related symptoms,
- other appropriate accommodations.

These medical findings constitute clear Child Find triggers under IDEA, Section 504, and SNAP, and support the need for evaluation in all areas listed above.

## 5. Request for SNAP Information

Because [redacted] was involuntarily removed from a private school (NCCS) and is not currently enrolled in any school, SSD's SNAP obligations apply. SNAP is responsible for Child Find, evaluation, and consultation for private school students, students removed from private schools, and students not currently enrolled.

Please provide:

- SNAP evaluation procedures
- SNAP referral forms
- SNAP timelines
- SNAP consultation information
- Contact information for the SNAP representative assigned to NCCS

EXHIBIT A

- Any literature or guidance provided to private schools regarding Child Find obligations, including procedures for referring students for social/emotional evaluation

This information is necessary to ensure [redacted] receives a timely and comprehensive evaluation consistent with Dr. Ross's medical recommendations for social/emotional assessment, counseling/play therapy, and evaluation of anxiety, depression, and trauma-related symptoms

## 6. Consent and Scheduling

Please send:

- evaluation consent forms
- procedural safeguards
- any required documentation
- proposed dates for each evaluation component, including social/emotional evaluation, trauma-related evaluation, anxiety-related evaluation, and any additional assessments identified by SSD evaluators

This evaluation request is supported by medical documentation from [redacted] treating pediatrician, Dr. Ryia M. Ross, who recommends social/emotional evaluation, counseling/play therapy, evaluation of anxiety, depression, and trauma-related symptoms, school-based accommodations and other accommodations.

I am available to meet, provide information, and participate fully in the evaluation process. Please confirm receipt of this request and provide proposed dates for scheduling.

## 7. Method of Communication

Please confirm receipt of this request in writing and provide all follow-up communication to:

**Email:** Kerijackson4@aol.com

**Phone:** 314-398-8116

**Address:** 921 Buckeye, Ferguson, MO 63135

Thank you for your prompt attention to this matter. I look forward to working with SSD to ensure [redacted] receives a timely and comprehensive evaluation.

Sincerely,

Keri Jackson

Parent of [redacted]

EXHIBIT A

**INTERIM ACCOMMODATIONS REQUEST — FFSD**

Dear Dr. Wilson,

I am requesting interim accommodations for my daughter [redacted] pending completion of her comprehensive evaluation through the Special School District (SSD). These accommodations are medically necessary and supported by updated documentation from [redacted] treating pediatrician, Dr. Ryia M. Ross, dated August 5, 2026.

Dr. Ross documents trauma-related symptoms, anxiety, depression, physical symptoms (stomachaches and headaches), and difficulty functioning in school environments due to bullying and harassment. She recommends school-based counseling/play therapy, social-emotional evaluation, and a Section 504 Plan with accommodations.

Based on this medical documentation, I respectfully request the following interim accommodations:

## Requested Interim Accommodations

- **Adult presence during transitions** to ensure safety without singling [redacted] out or requiring individual escort.
- **Trauma-informed classroom supports** consistent with Dr. Ross's recommendations.
- **Anxiety-related accommodations** including access to calming space, flexible breaks, and reduced stress triggers.
- **Bully-free and harassment-free environment** with monitoring of high-risk areas.
- **Reduced-stress environment** minimizing trauma triggers.
- **Access to school-based counseling or play therapy** as medically recommended.
- **Temporary academic supports** including flexible deadlines and reduced workload during periods of distress.
- **Access to district-funded, trauma-informed after-school programming through PAKT Community Resource Center**, with carefully selected peers, to support [redacted] emotional regulation, confidence building, communication skills, leadership development, bully-prevention skills, and trauma-informed recovery.

These interim accommodations are necessary and I believe would be beneficial to ensure [redacted] emotional stability, physical well-being, and access to education while SSD completes its evaluation.

Sincerely,

Keri Jackson

314-398-8116

EXHIBIT A

13

## Re: Follow-Up Regarding Repeated Bullying Incident Involving [redacted] (3rd Grader)

Keri Jackson Judicial Review

**From:** Rob Eaton <r.eaton@nccsmo.org>
**To:** Keri Jackson
**Cc:** m.vandevort@nccsmo.org, r.stellhorn@nccsmo.org, J. Toni Burrow
**Date:** Mar 4, 2026, 5:03 PM

Mrs. Jackson:

Thank you so much for your email and for giving me some reference and talking points for tomorrow. I really appreciate you reaching out and sharing your concerns. As I mentioned on the phone this evening, I will look into this first thing tomorrow morning and will call you by the end of the day.

As I have shared during our interview process and throughout this school year, I take student safety very seriously. It truly is a privilege that you have chosen us to care for and educate your child, and I don't take that trust lightly. I never want to see a student afraid or upset to come to school, and I am committed to doing everything I can to ensure your child feels safe and supported here.

Thank you for your patience and understanding as I look into this. I will be in touch tomorrow, 3/5/2026.

Mr. Eaton

On Wed, Mar 4, 2026 at 4:41 PM Keri Jackson <kerijackson4@aol.com> wrote:

> Dear Dr. Vandevort and Mr. Eaton,
>
> Dear Mr. Eaton,
>
> I am writing to formally report and request immediate attention to a repeated bullying incident involving [redacted] that occurred on Friday, February 27, 2026, March 3, 2026 and March 4, 2026. Despite [redacted] reporting the bullying to Mrs. Stellhorn to address the situation the behavior has continued, and it has been affecting [redacted] emotional well-being, sense of safety, and ability to focus at school.
>
> The most recent incident was today during P.E. [redacted] was paired up with [redacted] to practice volleyball. He began teasing her. [redacted] asked the P.E. Teacher for a different partner. Without asking why [redacted] was requesting a different partner, the P.E. Teacher told [redacted] that she could continue to be [redacted] partner or sit out. This was a very poor judgement call, especially without asking if or what happened. Being given only one choice to avoid [redacted] continuous bullying, [redacted] had to sit out. Due to the P.E. Teacher's negligence and poor decision, [redacted] was sent several powerful—and harmful—messages from this situation. Given that the adult—the teacher disregarded [redacted] this way, [redacted] learned:

EXHIBIT A

- “Your discomfort doesn’t matter.” When [redacted] asked for help and the adult doesn’t even ask why, she learns that her feelings are not important enough to be explored or protected.

- “You must tolerate mistreatment to participate.” The choice she was given—stay with the person teasing you or sit out—taught her that being included requires accepting harmful behavior.

- “(This) adult won’t protect you.” When the teacher doesn’t investigate or intervene, [redacted] learned that reporting teasing or bullying may not lead to support.

- “Your voice is inconvenient.” Instead of being heard, she is given an ultimatum. With [redacted] past experiences of being subjected to various mistreatment, especially bullying, this situation made her feel like speaking up creates problems rather than solutions.

- [redacted] behavior is acceptable.” By the P.E. Teacher allowing the teasing to continue without consequence, she willfully normalizes it.

- “You are responsible for managing someone else’s behavior.” [redacted] was placed in a position where she must either endure the teasing or remove herself from the activity, rather than the adult addressing the inappropriate behavior. That was completely ridiculous, especially when she was given consequences for being placed in this same position on her second day of school when the girl on the playground grabbed her from behind because she was trying to manage [redacted]

As a result of this tolerated foolishness, [redacted] missed out on being able to participate in the class. This follows earlier incidents from Friday, February 27, 2026, and Tuesday, March 3, 2026, in which [redacted] reported that [redacted] kept calling her names and talking about her.

At this point, we are requesting the following:

- A clear plan of action outlining how the school will address this ongoing behavior.

- Documentation of the steps taken so far and any interventions put in place.

- Assurance of my child’s safety, including what support or monitoring will be provided moving forward.

- A meeting with you and any relevant staff to discuss next steps and ensure this matter is resolved promptly.

When we send [redacted] to school, it is our expectation that she is able to enjoy a full day of engagement and learning, not have to deal with being bullied and being ostracized by teachers. I trust that this situation will be handled with the seriousness it deserves. Please let me know your earliest availability for a meeting. I would appreciate a response by 1:00 pm, March 5, 2026, so we can move forward quickly.

On behalf of [redacted] Village, thank you for your attention to this matter. I look forward to hearing from you to ensure my child feels safe and supported at school.

Sincerely,

Mrs. Jackson

--



Robert M. Eaton
Principal, North County Christian School
(314) 972-6227 Ext. 220
(314) 799-1370
r.eaton@nccsmo.org
845 Dunn Rd, Florissant, MO 63031

Appointment

ACSI STRONGER TOGETHER CERTIFICATION

ACCREDITED cognia

At NCCS, we are *ROOTED AND GROWING* (Colossians 2:6–7)—a campus where students, staff, families, and the community thrive, lead, and walk boldly in purpose.

# Re: Phone Call

**From:** Dr. Melinda Vandevort <m.vandevort@nccsmo.org>
**To:** Keri Jackson
**Cc:** Robert Eaton, J. Toni Burrow
**Date:** Mar 9, 2026, 8:35 AM

---

Thank you for sharing your concerns and for the information you have provided.
We have conducted a review of this matter and are in the process of making a final determination based on the information gathered from those directly involved. Once that determination is made, we will take any steps deemed appropriate.
We will not be providing additional details about the outcome or any actions related to other students, as we are required to protect student privacy. We will also not be scheduling a meeting regarding this matter.
Any new concerns may be submitted in writing for our records.

Sincerely,

Dr. Melinda Vandevort
North County Christian School
Superintendent
845 Dunn Road
Florissant, MO 63031
314-972-6227 ext. 103

Schedule a Power Session With Me

*At NCCS, we are rooted and growing (Colossians 2:6–7)—a campus where students, staff, families, and the community thrive, lead, and walk boldly in purpose.*

On Fri, Mar 6, 2026 at 7:31 PM Keri Jackson <kerijackson4@aol.com> wrote:

> Greetings Dr. Vandervort,
>
> I want to be abundantly clear about what I said.
>
> In the correspondence that I sent you and Mr. Eaton that was prior to your 3:31 p.m. reply, I stated, "...No. Your request for my mother not to participate in this and any meeting, conversation or otherwise is not acceptable. Within the dynamics of our Family's Village, which you and Dr. Vandervort have been well aware of and embraced, my mother is an active participant..." I have restated the above in response to your 3:31 p.m. reply that stated, "...If there are any steps we need to take to further support [redacted]

EXHIBIT A

we will communicate those directly with you." As I stated previously, "My mother and I, both as active participants..." Therefore, if you all need to share any information that pertains to [redacted] email us and always remember to"...include my mother at toniette1@aol.com".

We are awaiting your response regarding what will be the best time for you and your team to meet with my mother and me on Thursday, March 12, 2026.

On behalf of [redacted] illage, thank you for your cooperation and attention to these matters.

Blessings,

Mrs. Jackson

Sent from AOL on Android

On Fri, Mar 6, 2026 at 3:31 PM, Dr. Melinda Vandevort <m.vandevort@nccsmo.org> wrote:

> Mrs. Jackson,
>
> Thank you for reaching out and sharing your concerns. We appreciate the information you provided, as it helps give us helpful context as we review the situation. Mr. Eaton has already begun addressing the matter and has taken the appropriate initial steps to gather information and speak with those involved.
>
> To ensure we have a complete and accurate understanding of what occurred, we will also complete a formal bullying incident report and continue the investigation process. This allows us to carefully review the situation by speaking with the students directly involved and any relevant witnesses, as well as gathering all pertinent information.
>
> While we value the perspective and information you shared, any decisions or actions taken will be based on the information gathered from the students directly involved and others who may have firsthand knowledge of the situation.
>
> Because we must protect the privacy of all students, we are not able to share specific details of the investigation or any disciplinary actions. However, please know that we take concerns like this seriously and will address the situation appropriately based on our findings.
>
> Our goal is to always maintain a safe campus and classroom environment for every student. If there are any steps we need to take to further support [redacted] we will communicate those directly with you.

Have a blessed weekend.

Dr. Melinda Vandevort
North County Christian School
Superintendent
845 Dunn Road
Florissant, MO 63031
314-972-6227 ext. 103

Schedule a Power Session With Me

*At NCCS, we are rooted and growing (Colossians 2:6–7)—a campus where students, staff, families, and the community thrive, lead, and walk boldly in purpose.*

On Fri, Mar 6, 2026 at 2:58 PM Keri Jackson <kerijackson4@aol.com> wrote:

Dr. Vandervort and Mr. Eaton,

No. Your request for my mother not to participate in this and any meeting, conversation or otherwise is not acceptable.

Within the dynamics of our Family's Village, which you and Dr. Vandervort have been well aware of and embraced, my mother is an active participant. Therefore, your request for my mother to be an observer only is completely disrespectful and absolutely absurd. The audacity of you to make such a request is offensive to me and my family. Let's be clear, in our last phone conversation, you were the one who repeatedly, rudely, disrespectfully and unprofessionally interrupted my mother while she was trying to speak. It was YOU who caused the problem because you refused to stop interrupting and simply listen as we were courteous in doing when you were speaking. Do better.

My mother and I, both as active participants in the meeting, are available to meet with all of you on Thursday, March 12, 2026, at 9:00 am., 10:00 a.m. or 11:00 a.m. Please reply to this correspondence and include my mother at toniette1@aol.com to let both of us know what works best for you all's schedule.

On behalf of [redacted] Village,

Mrs. Jackson

Sent from AOL on Android

On Fri, Mar 6, 2026 at 2:25 PM, Rob Eaton

EXHIBIT A

<r.eaton@nccsmo.org> wrote:

Mrs. Jackson,

Yes, I noticed that our call was disconnected when I placed you on hold, and I'm sorry we weren't able to finish that conversation.

I have spoken with Dr. Vandevort, and we feel it would be best for you (Mrs. Keri Jackson), [redacted] Mrs. Romain, Dr. Vandevort, and myself to meet on Tuesday morning at 9:00 a.m. so that we can gain a clearer understanding of the situation and hear everyone's voice.

At this time, we are respectfully requesting that if Mrs. Burrow attends this meeting, she does so as an observer only and not as an active participant in the conversation. Our goal is to work in partnership with you and [redacted] and we want to create a setting that allows for the most productive and constructive dialogue possible. It is becoming apparent that, at times, the current dynamic makes that more difficult to achieve.

Thank you for your understanding. Please let me know if Tuesday at 9:00 a.m. will work for you.

Rob Eaton
Principal, North County Christian School

On Fri, Mar 6, 2026 at 2:22 PM Keri Jackson <kerijackson4@aol.com> wrote:

Greetings Mr. Eaton,

I am writing to follow up regarding our recent phone call. The call was unexpectedly disconnected, and we have been awaiting your return call so that we can continue our conversation.

I appreciate your attention to this matter and look forward to speaking with you soon.

Sincerely,

Mrs. Jackson

Sent from AOL on Android

On Fri, Mar 6, 2026 at 1:35 PM, Rob Eaton <r.eaton@nccsmo.org> wrote:

Hi! Would you be available for a quick 10–15 minute phone call at **2:00** or **2:30** today?

--



Robert M. Eaton
Principal, North County Christian School
(314) 972-6227 Ext. 220
(314) 799-1370
r.eaton@nccsmo.org
845 Dunn Rd, Florissant, MO 63031

Appointment

ACSI STRONGER TOGETHER CERTIFICATION

ACCREDITED cognia

At NCCS, we are *ROOTED AND GROWING* (Colossians 2:6–7)—a campus where students, staff, families, and the community thrive, lead, and walk boldly in purpose.

--



Robert M. Eaton
Principal, North County Christian School
(314) 972-6227 Ext. 220
(314) 799-1370
r.eaton@nccsmo.org
845 Dunn Rd, Florissant, MO 63031

Appointment

ACSI STRONGER TOGETHER CERTIFICATION

ACCREDITED cognia

At NCCS, we are *ROOTED AND GROWING* (Colossians 2:6–7)—a campus where students, staff, families, and the community thrive, lead, and walk boldly in purpose.

EXHIBIT A

## Re: Another Bullying Incident on January 13, 2026_Re: A Few Things

**From:** Keri Jackson <kerijackson4@aol.com>
**To:** r.stellhorn@nccsmo.org
**Date:** Jan 14, 2026, 10:56 AM

Mrs. Stellhorn,

Thank you!

We certainly appreciate you for investigating, speaking to [redacted] mother, forwarding the incident to Mr. Eaton and following up with us regarding the resolution you decided since this is a repeated offense of bullying for [redacted]. We have been working and praying with [redacted] about understanding justice, that vengeance is the Lord's, learning to trust God to do what He said he would do and allowing His Will to be done in our lives.

On behalf of [redacted] Village, thank you for the support you provided [redacted] I'm sure that it has helped to boost her confidence in God today.

Sincerely,

Mrs. Jackson

Sent from AOL on Android

On Wed, Jan 14, 2026 at 10:29 AM, Rebecca Stellhorn
<r.stellhorn@nccsmo.org> wrote:

> The situation [redacted] told you about was accurate. The student who said [redacted] couldn't play has lost her recess today. I have spoken with her mother. I forward your concerns to Mr. Eaton to see if any further disciplinary actions are needed. We do not
> allow or condone these actions. Thank you for reaching out to me.
> Rebecca Stellhorn
>
> On Wed, Jan 14, 2026 at 7:47 AM Keri Jackson <kerijackson4@aol.com> wrote:
>
> > Greetings Ms. Stellhorn,
> >
> > I pray that all is well with you.

EXHIBIT A

We are concerned that [redacted] is being bullied again by [redacted]. On December 16, 2025, I emailed you regarding the report [redacted] provided us regarding the that the students in the class who were talking about her and excluding her from participating in games/play. I am reaching out today because another bullying incident occurred on yesterday. [redacted] reported that while outside playing on the playground, she announced that she wanted to play a game that several students were playing, but was excluded from playing because [redacted] who had pretended to make up with [redacted] earlier this week, stated that they had enough people to play. [redacted] informed us that usually there was no certain number of kids who could play the game and that anyone who wanted to join in to play, could join in and play. However, after [redacted] made her announcement, [redacted] was isolated and left out from playing. [redacted] indicated that when she told [redacted] mother about her being excluded and treated unfairly by [redacted] said that [redacted] mother told [redacted] that she needed to play by "their" rules. This was an indication to me that [redacted] mother was in agreement that [redacted] was to be left out of being able to participate in a, free-for-all, open-play game and was okay with her child's bullying and illtreatment of another student. We are very concerned about [redacted] behavior as well as, what seems to be, that her mother condoned her bullying.

Just so that you are aware, we encouraged [redacted] to report this as well as any future bullying along with any other incidents that occur to you. If you would please check into this situation to provide some resolution and give us some feedback, we would be most appreciative.

Thank you for attention to this bullying incident. We look forward to hearing from you soon.

Sincerely,

Mrs. Jackson

Sent from AOL on Android

On Wed, Dec 17, 2025 at 7:07 AM, Rebecca Stellhorn <r.stellhorn@nccsmo.org> wrote:

> Thank you for informing me. I will talk to [redacted] today and gather more information. I will ,also, let Mr. Eaton know what is
> going on. I will let you know what I find out.
> Yes, I will send home the material you have requested for Christmas break.
> Again thank you for reaching out to me.
> Rebecca Stellhorn
>
> On Tue, Dec 16, 2025 at 12:03 PM Keri Jackson <kerijackson4@aol.com> wrote:
>
> > Greetings Ms. Stellhorn,

I pray that all is well with you.

1. We are concerned that [redacted] is being bullied. Last week, she reported that there were some students in the class talking about her; among other things, the students were saying that she was a snitch and that they didn't like her. Yesterday, she came home with the same report about the same students. We encouraged her to report the bullying and any other incidents that occur. If you would please check into this situation to provide some resolution and give us some feedback, we would be most appreciative.

2. In preparation for the Christmas Break, along with [redacted] Friday folder, would you please send home all of her text books, reading novel, Chromebook and charger, as well as the return week's Newsletter (for the first week of January 2026).

Sincerely,

Mrs. Jackson

Sent from AOL on Android

EXHIBIT A

EXHIBIT A

## Re: Urgent: Harassment, Failure to Supervise, and Injury Incident Involving [redacted] April 22, 2026

**From:** Dr. Melinda Vandevort <m.vandevort@nccsmo.org>
**To:** Keri Jackson
**Cc:** Robert Eaton, m.taylor@nccsmo.org, Philip D. Speicher
**Date:** Apr 23, 2026, 7:13 AM

---

Mrs. Jackson,

Your email has been received. Mr. Eaton and I will investigate and get back to you once a thorough investigation is done.

Sincerely,

Dr. Melinda Vandevort
North County Christian School
Superintendent
845 Dunn Road
Florissant, MO 63031
314-972-6227 ext. 103

Schedule a Power Session With Me

*At NCCS, we are rooted and growing (Colossians 2:6–7)—a campus where students, staff, families, and the community thrive, lead, and walk boldly in purpose.*

On Wed, Apr 22, 2026 at 10:39 PM Keri Jackson <kerijackson4@aol.com> wrote:

> Greetings Mr. Eaton, Dr. Vandevort, and Members of the Board of Directors,
>
> I am writing to document two incidents that [redacted] reported to me today, April 22, 2026, during PE and recess. These incidents raise significant concerns regarding student safety, supervision, and the school's duty to maintain a harassment-free environment.
>
> **1. Harassment During PE Class**
>
> [redacted] reported that during an informal soccer activity, she chose not to participate because she often gets hurt during soccer games. While she was standing on the field, another student, [redacted] ran up to her in close proximity and began yelling "at the top of her lungs" in [redacted] face, demanding that she either play or get off the field [redacted] told

EXHIBIT A

[redacted] that she was not her parent and did not have authority over her, but [redacted] continued the behavior.

[redacted] reported that the PE teacher witnessed this interaction but did not intervene or redirect [redacted]. Instead, the PE teacher offered [redacted] the option to go inside so she would not continue to be yelled at. [redacted] chose to go inside.

Once inside, [redacted] reported that she was supervised only by two male teenage students and that no adult was present.

**Requested Action**

Please confirm:

1. That these incidents will be documented in writing
2. What steps will be taken to address the harassment
3. What corrective action will be taken regarding the lack of adult supervision
4. What safety measures will be implemented to prevent future injuries
5. That these incidents will be added to [redacted] education record

Given the ongoing Administrative Review and the pattern of concerns previously documented, it is important that these matters be addressed promptly and in writing.

**2. INCIDENT REPORT – April 22, 2026**

**Student:** [redacted]
**Grade:** 3rd
**Date of Incident:** April 22, 2026
**Location:** PE field and playground

## Incident 1 – Harassment During PE

- Student [redacted] yelled at [redacted] at the top of her lungs" in close proximity
- Demanded [redacted] play or leave the field
- Behavior repeated despite [redacted] asserting boundaries
- PE teacher witnessed but did not intervene
- PE teacher removed [redacted] instead of addressing the aggressor

- [redacted] was then supervised by two male teenage students with no adult present

## Incident 2 – Playground Injury

- [redacted] finger became stuck between playground equipment bars
- Finger bent backward when she attempted to run
- Injury caused significant pain and crying

## Parent Request

- Written documentation
- Safety review
- Corrective action
- Addition to education record

**Submitted by:** Mrs. Jackson April 22, 2026

On behalf of [redacted] Village, I look forward to your written response.

Sincerely,

Mrs. Jackson

EXHIBIT A

EXHIBIT A

14

Keri Jackson_Judicial Review

## Requested Educational Records

**From:** Dr. Melinda Vandevort <m.vandevort@nccsmo.org>
**To:** Keri Jackson
**Cc:** Philip D. Speicher, Mark Taylor, Rob Eaton
**Date:** Apr 23, 2026, 3:21 PM

---

Mrs. Jackson,

During the course of our recent correspondence, it has become clear that the relationship between you and NCCS is beyond repair. In light of the multiple references to potential litigation in your prior communications, we have concluded that it would be best for your child to not return to NCCS after today, April 23, 2026.

We have compiled [redacted] records that you requested. Please contact us to arrange the return of any of [redacted] belongings and the requested records at the Administration Building. If you have any additional questions, please feel free to respond via email.

Thank you,

Dr. Melinda Vandevort
North County Christian School
Superintendent
845 Dunn Road
Florissant, MO 63031
314-972-6227 ext. 103

Schedule a Power Session With Me

*At NCCS, we are rooted and growing (Colossians 2:6–7)—a campus where students, staff, families, and the community thrive, lead, and walk boldly in purpose.*

EXHIBIT A

EXHIBIT A

EXHIBIT

15

5

Keri Jackson_Judicial Review

# Ferguson-Florissant School District

## Section 504 IAP
## Individualized Accommodation Plan

### General Information

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Name | [redacted] | | | DOB | [redacted] | Date | 11/22/2024 |
| School | **Walnut Grove** | Grade | **2** | Teacher/Team | **Ashford** | | |
| Counselor | **Danielle Watson** | | | Date of Initial Evaluation | | **11/21/2024** | |
| Date for accommodation plan review/reassessment: | | | | 11/22/2024 | | | |

**This timeline cannot exceed one year from date 504 IAP is written.**

### Record of Action

| | | |
|---|---|---|
| | **10/24/2024** | Parents/guardians notified of meeting with Parent Notification of Meeting form*. |
| | **10/24/2024** | Parents/guardians provided written notice of rights under Section 504 of ADA*. |
| | | (*Attach both of the above-mentioned forms to the IAP.) |

### Reason for Meeting

☑ Initial 504 IAP

☐ Continuation

### Summary of Evaluation Data

Student was determined on 11/20/2024 to have a physical or mental impairment that substantially limits the major life activity of Learning .

| |
|---|
| Describe how the student's disability as described above limits or impacts the student in the educational setting. |
| Based on medical information provided by the parent including the message from Dr. Ross dated 11-18-2024. [redacted] asthma may be triggered by stressful situations and may affect her attendance and academic performance in school. Because [redacted] has difficulty breathing, her participation in physical activities outside and inside may be limited. The school nurse should determine if [redacted] could participate in activities involving physical activity. [redacted] has experienced abdominal and intestinal issues as a result of stress. Mrs. Jackson also reports that [redacted] has excessive feelings of nervousness, fear, apprehension and worry. |

| |
|---|
| Summarize the existing data, assessments, observations or other evaluation information that supports the team's determination described above. Attach a copy of the Review of Existing Data and any other relevant evaluative information as necessary. |



EXHIBIT A

[redacted] current attendance is approximately 82% ( does not include dates excused with doctor's note), and her assessments are showing that she is performing below level. [redacted] is experiencing abdominal and intestinal issues and there is concern that these are related to stressors at school that might result in an asthma attack and additional time missed at school.

| ***Assessments*** | ***Dates of Assessments*** | ***Result/Scores*** |
|---|---|---|
| MAP | / / | N/A |
| EOC | / / | N/A |
| Benchmark STAR Assessments | 08/27/2024<br>08/27/2024 | Reading- At Risk 842 SS / 28 PR<br>Math - Intervention level 813 SS / 17 PR |
| I.Q. Tests (WISC-IV, K-BIT, etc.) | / / | N/A |
| Achievement Tests (WIAT, K-Tea, etc.) | / / | N/A |
| Other: Wit and Wisdom | / / | Intervention Below Level |
| | / / | |

Was an SSD referral submitted?

☑ No

☐ Yes

If yes, was it accepted?

☐ No

☐ Yes -- results: Attach SSD evaluation report.



IAP revised 10/24

Distribution: Infinite Campus parent/guardian

EXHIBIT A

# Accommodations & Modifications

**Identify any programs, aids, services, supports, interventions, accommodations deemed necessary by 504 IAP Team for the provision of FAPE**

**Physical Arrangement of Room**

☐ **Not applicable**
☑ **Applicable (If applicable, please write the staff member responsible for the accommodation)**

Preferential seating
Teacher

**Lesson Presentation**

☐ **Not applicable**
☑ **Applicable (If applicable, please write the staff member responsible for the accommodation)**

Frequent breaks as needed during instruction (ex: excessive coughing, to get drink of water, utilize breathing strategies)
Provide clear instructions with opportunities for clarification.
Provide instruction using a variety of methods (verbal, visual)
Teacher

**Assignments**

☐ **Not applicable**
☑ **Applicable (If applicable, please write the staff member responsible for the accommodation)**

Provide options for alternative presentations
Develop a "missed class work plan" for absences and provide additional time for assignments (2-3 days)
Student work should be evaluated on quality rather than quantity
Break down large tasks into smaller chunks
Teacher

**Test Taking**

☐ **Not applicable**
☑ **Applicable (If applicable, please write the staff member responsible for the accommodation)**

| |
|---|
| Extended time on tests (Time and a half)<br>Provide a quiet or small group testing space as needed and available.<br>Opportunity to provide breaks during testing.<br>Access to calming tools.<br>Teacher |

**Organization**

☑ **Not applicable**
☐ **Applicable (If applicable, please write the staff member responsible for the accommodation)**

| |
|---|
| |

**A student who is disabled under Section 504 is expected to follow the Ferguson-Florissant School District's Disciplinary Policies, Rules, Regulations and Procedures.**

**Behaviors**

☑ **Not applicable**
☐ **Applicable (If applicable, please write the staff member responsible for the accommodation)**

| |
|---|
| |

**Other Considerations**

☐ **Not applicable**
☑ **Applicable (If applicable, please write the staff member responsible for the accommodation)**

| |
|---|
| Incorporate relaxation and mindfulness into daily routine (5 coping skills)<br>Provide calm down corner for [redacted] to go to when she has feelings of anxiousness<br>Provide a cue card to hold up when feelings start to get out of control<br>Provide stress ball/fidget items in the classroom for [redacted] to utilize during the day<br>Coordinate times of the day for [redacted] to visit the counselor, social worker, or trusted adult to talk about her feelings, as needed<br>Inform [redacted] and parents when there will be a substitute teacher in the classroom when possible<br>Provide access to a broad library that [redacted] can read to soothe her mind<br>Student may be excused for asthma related absences<br>Student may meet with school nurse to learn about signs of an asthma crisis and [redacted] emergency/health care plan.<br>Provide inhalant therapy assistance to [redacted] if needed.<br>Allow [redacted] unlimited access to water and use of the restroom.<br>Teacher, Nurse, Counselor |

**Transportation**

☑ **Not applicable**
☐ **Applicable**

| Transportation (Consult with the Assistant Superintendent of Student Services when considering transportation services as part of 504 IAP.) |
|---|
| |

## Accommodation Plan Development and Review

**Evaluation/Review**

| Criteria to be used to evaluate the accommodation plan (i.e., counselor's individual tests, SSD evaluation reports, teacher's documentations, educational history): |
|---|
| Medical documentation, school records, parent, teacher, counselor input |
| Person(s) responsible for monitor/review/reassessment of the accommodation plan: |
| Counselor- Danielle Watson |

| Date for accommodation plan review/reassessment: | 11/22/2025 |
|---|---|

**This date should match the date on the front - not to exceed one year from date 504 IAP is written.**

| Counselor is responsible for informing and training student's teachers on 504 IAP each semester and responsible for notifying the counselor at new school when student transfers to another Ferguson- Florissant elementary, middle or high school: | |
|---|---|
| | |
| ***Counselor's Name*** Danielle Watson | ***Counselor's Signature*** |



**IAP revised 10/24**

Distribution: Infinite Campus parent/guardian

**Participants**

The persons whose signatures appear below participated in the development of this accommodation plan:

| Name | Title | Signature | Date |
|---|---|---|---|
| Danielle Watson | School Counselor | | 11/21/ 2024 |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

**Parent Statement**

As this student's parent or guardian:

| | |
|---|---|
| | I received written notice of my rights under Section 504. |
| | I agree with the Section 504 Plan as it is written. |
| | I understand that the staff who need to know of and implement the accommodations and modifications will be informed of this confidential information. |
| | I understand that if I disagree with the content of this document I have the right to ask for a Section 504 review meeting or impartial hearing by filing a written request. (If parent disagrees, give Grievance Procedures and filing form.) |

Parent/guardian signature _______________ Date

Parent/guardian signature _______________ Date

EXHIBIT

17

Keri Jackson_Judicial Review

**PLACEMENT SUBMISSION STATEMENT – LEE HAMILTON REQUEST**

**Student:** [redacted]

**Parent:** Keri Jackson

**Address:** 921 Buckeye, Ferguson, MO 63135

**Date:** August 6, 2026

I am requesting reassignment for my daughter, [redacted] to Lee Hamilton Elementary School due to medically documented hardship. [redacted] pediatrician, Dr. Ryia M. Ross, has documented trauma-related symptoms, anxiety, depression, physical symptoms (stomachaches and headaches), and difficulty functioning in school environments due to bullying and harassment. Dr. Ross recommends school-based counseling/play therapy, social-emotional evaluation, and a Section 504 Plan with accommodations.

[redacted] has been referred to SSD for comprehensive evaluation in emotional disability, anxiety-related concerns, trauma-related concerns, and social-emotional functioning. These concerns require that [redacted] attend school in a safe, supportive, bully-free, harassment-free, least-restrictive, trauma-informed environment.

I believe Lee Hamilton Elementary School can provide the environment necessary to support [redacted] emotional stability, physical well-being, and access to education while and after SSD completes its evaluation.

I respectfully request approval of this reassignment as soon as possible so [redacted] may begin the school year in an appropriate and medically supported placement.

Respectfully submitted,

Keri Jackson

Parent of [redacted]

314-398-8116

EXHIBIT A

EXHIBIT A

EXHIBIT

18

Keri Jackson_Judicial Review

**REGISTRATION SUBMISSION STATEMENT – [redacted]**

**Student:** [redacted]

**Parent:** Keri Jackson

**Address:** 921 Buckeye, Ferguson, MO 63135

**Date:** August 6, 2026

I have registered my daughter, [redacted] for enrollment in the Ferguson-Florissant School District (FFSD). [redacted] has medically documented trauma-related symptoms, anxiety, depression, and physical symptoms (stomachaches and headaches) arising from bullying and harassment in prior school environments. Her pediatrician, Dr. Ryia M. Ross, has recommended school-based counseling/play therapy, social-emotional evaluation, and a Section 504 Plan with accommodations.

[redacted] has been referred to undergo a comprehensive evaluation through the Special School District (SSD) for emotional disability, anxiety-related concerns, trauma-related concerns, social-emotional functioning, and school functioning impairment. These concerns constitute clear Child Find triggers under IDEA, Section 504, and SNAP.

I am requesting that FFSD ensure [redacted] enrollment is processed promptly so she may receive appropriate placement and interim accommodations while SSD completes its evaluation.

Respectfully submitted,

Keri Jackson

Parent of [redacted]

314-398-8116

EXHIBIT A

EXHIBIT

19

Jackson_Judicial Review



FERGUSON-FLORISSANT SCHOOL DISTRICT
*One District United*

# Request for Student Reassignment

## Thank You

✔ Thank you. Your application has been submitted. Notification regarding the status of your request will be emailed no later than July 1, 2025.

Request Another Reassignment | District Homepage

Ferguson-Florissant School District
Research & Evaluation Dept



EXHIBIT A

EXHIBIT A

EXHIBIT

20

Keri Jackson_Judicial Review

**SUPPLEMENTAL STATEMENT – PLACEMENT & ACCOMMODATIONS REQUEST**

**Student:** [redacted] **Parent:** Keri Jackson **Date:** August 2026

This supplemental statement accompanies my reassignment request for Lee Hamilton Elementary School and provides supporting information relevant to [redacted] medically documented hardship.

## Medical Documentation

[redacted] treating pediatrician, Dr. Ryia M. Ross, has provided updated medical letters (dated 8/5/2026) documenting:

- trauma-related symptoms arising from bullying and harassment,
- anxiety and depression resulting from bullying,
- physical symptoms (stomachaches, headaches) related to emotional distress,
- difficulty functioning in school environments due to bullying and harassment,
- the need for school-based counseling/play therapy,
- the need for social-emotional evaluation,
- the need for a Section 504 Plan with accommodations.

## SSD Evaluation

[redacted] has been referred to undergo a comprehensive evaluation through the Special School District (SSD) for:

- emotional disability,
- anxiety-related concerns,
- trauma-related concerns,
- social-emotional functioning,
- school functioning impairment.

I submitted the formal SSD evaluation request and medical documentation on August 6, 2026, and CC'd you and Mr. Imhof for transparency and coordination.

## Placement Need

Due to medically documented trauma, anxiety, emotional distress, and safety-related concerns arising from bullying and harassment, [redacted] requires placement in a safe, supportive, bully-free, harassment-free, least-restrictive, trauma-informed environment.

I believe Lee Hamilton Elementary School can provide the environment necessary to support [redacted] emotional stability, physical well-being, and access to education while and after SSD completes its evaluation.

EXHIBIT A

**Interim Accommodations**

I have submitted an Interim Accommodations Request to ensure [redacted] receives trauma-informed supports during the evaluation period.

Respectfully submitted,

Keri Jackson

Parent of [redacted]

314-398-8116

EXHIBIT

21

Keri Jackson_Judicial Review

**IN THE CIRCUIT COURT OF**
**ST. LOUIS COUNTY, MISSOURI**

**KERI JACKSON, in the interest of A.J.,** Petitioner,

v.

**ADMINISTRATIVE HEARING COMMISSION OF MISSOURI, FERGUSON-FLORISSANT R-II SCHOOL DISTRICT, SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY,** Respondents.

Case No.: ___________

**PROCEDURAL IRREGULARITIES SUMMARY**

Petitioner submits this Procedural Irregularities and Legal Errors Summary to assist the Court in reviewing the Administrative Hearing Commission's ("AHC") Final Decision issued on July 30, 2026. This summary identifies procedural irregularities and misapplications of law that materially affected Petitioner's ability to participate, respond, present evidence, and obtain a legally correct decision.

**I. Failure to Rule on Petitioner's Pending Motion for Extension of Time**

1. **Motion filed:** On June 26, 2026, Petitioner filed a Motion for Extension of Time requesting additional time to obtain medical documentation required by the AHC's order.
2. **No ruling:** The AHC never ruled on the motion.
3. **Pending throughout proceedings:** The motion remained pending during the NCCS deposition, Petitioner's deposition, the July 8 status hearing, the summary decision briefing period, and issuance of the Final Decision.
4. **Commissioner's awareness:** During the July 8 hearing, the Commissioner indicated she was unaware of the motion and asked whether it was "moot."
5. **Impact:** The failure to rule deprived Petitioner of procedural clarity and affected her ability to comply with deadlines.

**II. Medical Documentation Deadline Set Over a Weekend**

6. **Order issued:** On Friday, June 26, 2026, the AHC ordered Petitioner to submit medical documentation by Monday, June 29, 2026, at 1:00 PM.
7. **Insufficient time:** The order provided only one business day to obtain medical records.
8. **Accommodation requests ignored:** The deadline was issued despite Petitioner's epilepsy-related accommodation requests.
9. **No adjustment:** The AHC did not adjust the deadline or address the accommodation requests.

**III. Failure to Address Disability-Related Accommodation Requests**



EXHIBIT A

10. **Requests made:** Petitioner requested accommodations due to epilepsy, including remote participation via Zoom, presence of a support person, video recording of depositions, and safety-related accommodations.
11. **No ruling:** The AHC ignored and never ruled on Petitioner's motion.
12. **In-person requirement:** The AHC ordered Petitioner to appear in person for the July 6 deposition despite medical concerns.
13. **Final Decision silence:** The July 30 Final Decision did not acknowledge or address the accommodation requests.

**IV. Deposition Conducted Without Petitioner Under an Unauthorized Subpoena**

14. **Signed subpoena date:** The Commissioner signed a subpoena for NCCS's Custodian of Records for a deposition scheduled for June 22, 2026.
15. **Rescheduled deposition:** Respondents rescheduled the deposition to June 18, 2026.
16. **No signed subpoena for June 18:** No signed subpoena existed for the June 18 deposition as required under 1 CSR 15-3.350.
17. **Witness unfamiliar with subpoena:** The NCCS witness stated she had not seen the subpoena prior to the deposition.
18. **Role clarification:** The witness initially identified herself as an assistant administrator and administrative assistant and only acknowledged appearing as Custodian of Records after prompting by Respondents' attorney.
19. **Unauthorized examination:** During the deposition, Respondents' attorney directed the witness to read from a document labeled "Exhibit A," beginning with the page listing requested documents, without reading the opening page of the signed subpoena that required appearance on June 22, 2026.
20. **Different Exhibit A documents:** The document the witness read from was labeled "Exhibit A" and was attached to the signed subpoena issued on June 12, 2026, that required appearance on June 22, 2026. Respondents later submitted a collection of documents that were also labeled "Exhibit A" with the submission of Respondents' Motion for Summary Decision that differed from the "Exhibit A" that was read by the witness and documented within Respondents' transcript during the June 18 deposition. At least two different versions of "Exhibit A" were used and not properly authenticated.
21. **Petitioner absent:** Petitioner was not present for the June 18 deposition due to the pending motion and because Respondents had no signed subpoena and no authority to conduct the June 18 deposition.
22. **No AHC response:** The AHC did not address the subpoena irregularity or the use of multiple inconsistent Exhibit A documents.

**V. Acceptance of Incomplete or Improperly Obtained Evidence**

23. **Incomplete records:** NCCS produced incomplete records, duplicate records, and fabricated documents during the June 18 deposition.
24. **Improper transmission:** Respondents emailed a ShareFile link of documents to Petitioner after the deposition concluded. The Commission was not copied on the transmission, as required for discovery-related communications.

25. **Reliance in summary decision:** Respondents relied on these documents in their Motion for Summary Decision.
26. **AHC acceptance:** The AHC accepted the documents without addressing concerns raised by Petitioner or evaluating whether the records were properly obtained or authenticated.

**VI. Respondents' Late Filings Accepted Without Allowing Petitioner to Oppose**

27. **Late motion:** Respondents filed a second Motion for Summary Decision and Motion for Leave after the 45-day deadline established by AHC regulations.
28. **Immediate grant:** The AHC granted Respondents' Motion for Leave the next morning.
29. **No opportunity to oppose:** Petitioner was not provided an opportunity to oppose the Motion for Leave.
30. **Unequal time:** Respondents were granted extended time to prepare filings; Petitioner was given ten days to respond.

**VII. AHC Technical Failures Prevented Timely Filing by Petitioner**

31. **Transmission failures:** Petitioner attempted to submit responses on time but encountered email transmission failures, fax transmission failures with the AHC and Respondents' systems, and inability to upload large filings due to lack of AHC portal access.
32. **Portal access request:** Petitioner contacted the AHC to request portal access because filings exceeded 96 pages, 27 pages, and more than 89 exhibits.
33. **No acknowledgment:** The AHC did not acknowledge within its Final Decision, the AHC's and Respondents' systematic and technical failures with Petitioner's attempts to submit responses.
34. **Characterization as "late":** The Final Decision stated only that Petitioner's submissions were "late," without addressing the technical barriers that arose out of the AHC's and Respondents' systematic and technical failures.

**VIII. Failure to Hold an Evidentiary Hearing**

35. **Summary decision granted:** The AHC granted Respondents' Motion for Summary Decision without holding an evidentiary hearing.
36. **No testimony or cross-examination:** Petitioner was not provided an opportunity to present testimony, cross-examine witnesses, or submit evidence in a hearing setting.
37. **Disputed facts ignored:** The AHC did not address whether disputed facts required a hearing.

**IX. Failure to Address Procedural Concerns Raised by Petitioner**

38. **Concerns raised:** Petitioner raised concerns regarding subpoena irregularities, deposition conduct, NCCS document inconsistencies, late filings by Respondents, unequal deadlines, pending motions, and ignored accommodation requests.
39. **No discussion in decision:** The AHC did not address any of these concerns in its Final Decision.



EXHIBIT A

## X. Misapplication of Thompson and Misinterpretation of Withdrawal and Enrollment

40. **No withdrawal:** Parent did not formally disenroll Student from FFSD, and FFSD continued treating Student as enrolled by drafting a Section 504 Plan, sending work home, and maintaining contact.
41. **Missouri law and policy:** Missouri law and FFSD Policy 3031 require written withdrawal to drop a student from enrollment; Petitioner never submitted written withdrawal. The Commissioner stated, "This policy requires that any child who 'is enrolled' in FFSD attend classes regularly unless their guardian submits a written request to drop them from the rolls." FFSD Policy 3031 requires written withdrawal. The Commissioner incorrectly interpreted the policy to allow unilateral withdrawal without written notice. Missouri Revised Statutes §§167.031 and 167.042 require written withdrawal. The Commissioner's interpretation contradicts state law. FFSD continued treating [redacted] as enrolled, drafting a Section 504 Plan and sending work home. The Commissioner acknowledged Petitioner did not disenroll Student, yet concluded she was disenrolled. IDEA and Section 504 obligations follow residency, not enrollment. The Commissioner's interpretation contradicts federal law. Federal regulations require Child Find for resident children regardless of enrollment. The Commissioner's interpretation contradicts 34 C.F.R. §300.131. The Commissioner treated Petitioner's safety-based removal as withdrawal, penalizing Petitioner for protecting her child.
42. **Commissioner's contradiction:** The Commissioner acknowledged that "Parent did not formally disenroll Student," yet concluded that "Student was disenrolled from the Districts by virtue of her enrollment in a parentally-placed private school.". This is internally contradictory. By treating private school enrollment as withdrawal, the Commissioner misapplied IDEA, misapplied Section 504, misapplied Thompson, misapplied Missouri law and barred claims that should have been heard.
43. **Misapplication of Thompson:** The Commissioner stated, ""Thompson is squarely applicable on the unrefuted facts in the record, and Parent may not proceed against the Districts on any issue arising prior to Student's enrollment at NCCS…" Thompson applies only when a student leaves the district. Student remained a resident of FFSD. Petitioner never withdrew Student. FFSD continued treating Student as enrolled. FFSD continued drafting a 504 Plan. FFSD continued sending work home. FFSD never processed a withdrawal. FFSD never issued a withdrawal notice. FFSD continued treating [redacted] as enrolled, contradicting the Commissioner's conclusion. FFSD policy requires written withdrawal. The Commissioner incorrectly interpreted the policy to allow unilateral withdrawal without written notice. Missouri Revised Statutes §§167.031 and 167.042 require written withdrawal. Petitioner never submitted written withdrawal. Enrollment in a private school does not constitute withdrawal under Missouri law. Withdrawal never occurred. IDEA and Section 504 obligations follow residency. FFSD remained responsible for evaluation, accommodations, and safety. The Commissioner's conclusion contradicts Section 504's nondiscrimination mandate. Federal regulations explicitly state Child Find applies to "all children with disabilities residing in the State," including private school students. The Commissioner's conclusion improperly penalizes Petitioner for enrolling her child in a private school for safety, treating safety-based removal as withdrawal. The Commissioner's conclusion contradicts 34 C.F.R. §300.131(a). Private school enrollment does not equal withdrawal. By treating private



EXHIBIT A

school enrollment as withdrawal, the Commissioner misapplied Thompson and barred claims that should have been heard.

44. **Conflict with IDEA and Section 504:** The conclusion that private school enrollment equals withdrawal conflicts with IDEA Child Find obligations and Section 504 obligations, which follow residency and do not terminate upon private school enrollment.

## XI. Misinterpretation of IDEA Regulations and Misapplication of Child Find

45. **Regulatory misinterpretation:** The Commissioner relied on 34 C.F.R. §§ 300.130, 300.131, and 300.137 to conclude that Student was "enrolled" only in the private school and not the public district, and therefore not entitled to IDEA protections, except Child Find. Student remained a resident of FFSD. Petitioner never withdrew Student from FFSD.

46. **Child Find obligations:** IDEA requires districts to locate, identify, and evaluate all resident children reasonably suspected of having a disability, including those in private schools and homeschools.

47. **Child Find during Private Placement:** The Commissioner stated, "While Thompson bars Parent's complaints arising prior to leaving the Districts, the Districts still have an ongoing obligation to locate, identify, and evaluate children with disabilities who are enrolled in private schools." The Commissioner incorrectly assumed Petitioner "left the Districts." Petitioner never withdrew [redacted] residency remained unchanged. Therefore, Thompson does not bar claims. Missouri law requires written withdrawal. No written withdrawal occurred. The Commissioner's premise is legally unsupported. IDEA Child Find obligations apply to resident children regardless of enrollment. The Commissioner's premise contradicts 34 C.F.R. §§300.111 and 300.131. Section 504 obligations apply to resident children regardless of enrollment. FFSD remained responsible for evaluation and accommodations. Federal regulations explicitly state Child Find applies to private school students. The Commissioner's premise contradicts 34 C.F.R. §300.131. The Commissioner acknowledged Petitioner did not disenroll Student, yet treated her as withdrawn. The Commissioner treated Petitioner's safety-based removal as withdrawal, penalizing Petitioner for protecting her child.

48. **Child Find trigger Standards:** The Commissioner stated, "School districts must evaluate all students reasonably suspected of having a disability... Several circumstances may trigger this obligation, including prolonged absences, behavioral issues, or clear signs of disability." The Commissioner correctly stated the Child Find standard but incorrectly applied it by concluding Respondents had "no reason to suspect disability." The record reflects prolonged absences, bullying, anxiety, trauma, medical documentation, and a proposed Section 504 Plan by FFSD—clear Child Find triggers. Medical documentation from Dr. Ross identified trauma, anxiety, depression, physical symptoms, and school functioning impairment—clear signs of disability. FFSD drafted a Section 504 Plan, demonstrating suspicion of disability. NCCS documented bullying, trauma, and social-emotional concerns—clear Child Find triggers. IDEA requires evaluation when disability is suspected. The Commissioner's conclusion contradicts 34 C.F.R. §§300.111, 300.301, and 300.304. Section 504 requires evaluation when disability is suspected. The Commissioner's conclusion contradicts 34 C.F.R. §104.35. The Commissioner ignored prolonged absences, behavioral issues, and trauma—recognized



EXHIBIT A

triggers under P.P. v. West Chester, Ja.B. v. Wilson County, and E.M.D.H. The Commissioner dismissed trauma-related symptoms and medical documentation, minimizing disability indicators.

49. **No evaluation:** Despite these triggers, FFSD and SSD did not evaluate Student, and the Commissioner concluded the Districts had "no reason to suspect" disability, contrary to IDEA and federal case law.

## XII. Misuse of SNAP to Excuse SSD's Failure

50. **SNAP description:** The Decision describes SSD's SNAP program and consultation meetings with non-public schools.
51. **No direct notice:** SSD did not provide Petitioner or NCCS with specific Child Find information regarding Student, nor did SSD initiate evaluation despite known concerns.
52. **Improper reliance:** The Commissioner relied on the existence of SNAP to conclude SSD met its obligations, despite SSD's failure to act on Student's suspected disability.

## XIII. Continuing Violations and Lack of Remedial Action

53. **No evaluation:** Student still has no IDEA evaluation.
54. **No Section 504 Plan:** Student still has no Section 504 Plan.
55. **No safety plan:** Student still has no safety plan despite documented bullying and trauma.
56. **Uncorrected errors:** FFSD and SSD have not corrected their Child Find and Section 504 failures.
57. **Decision perpetuates violations:** The AHC's Decision endorses and perpetuates these violations, resulting in ongoing denial of protections under IDEA, Section 504, and ADA Title II.

## XIV. Resolution Meeting Violation and DESE Non-Response

58. **Resolution meeting terminated:** During the Resolution Meeting, Respondents prematurely terminated the meeting and cut off the video recording.
59. **Reported to DESE:** Petitioner reported this procedural violation to DESE, which is responsible for overseeing due process procedures.
60. **No response:** DESE did not respond or take corrective action.
61. **Impact:** The premature termination and lack of response constitute a denial of procedural safeguards and meaningful participation in the resolution process.

## XV. Summary of Impact

62. The procedural irregularities and legal errors identified above:

- affected Petitioner's ability to participate meaningfully;
- limited Petitioner's ability to submit evidence;
- created unequal procedural conditions;
- prevented timely filings due to technical failures;
- resulted in unaddressed accommodation needs;



EXHIBIT A

- misapplied Thompson and misinterpreted withdrawal and enrollment;
- misapplied IDEA Child Find and Section 504 obligations;
- relied on SNAP to excuse SSD's failure;
- contradicted Missouri law, federal regulations, FFSD policy, and the Commissioner's own factual findings;
- and contributed to the dismissal of the complaint without a hearing and without a legally correct application of governing law.

Respectfully submitted,

Keri Jackson
Parent of [redacted]
921 Buckeye Drive
Ferguson, MO 63135
314-398-8116



EXHIBIT A

EXHIBIT A

EXHIBIT

22

Judicial Review

# Motion for Extension of Time to Submit Medical Documentation — Case No. 26-068___Re: 26-0686: Keri Jackson, in the interest of [redacted] #4079 v. / PDF Copy

**From:** Keri Jackson <kerijackson4@aol.com>
**To:** jdevine@lashlybaer.com, awicks@mickesotoole.com, rjtbolaw@aol.com, bothomeczek@mickesotoole.com, hdierks@lashlybaer.com, kschmidt@mickesotoole.com, Beiseman, Kindra, madison.bockover@dese.mo.gov, erin.roundtree@oa.mo.gov, ideaonlyfilings@oa.mo.gov
**Cc:** J. Toni Burrow, Keri Jackson
**Date:** Jun 27, 2026, 2:59 PM

---

Dear Ms. Roundtree,

Attached please find Petitioner's Motion for Extension of Time to Submit Medical Documentation, along with Exhibit A (Declaration of Petitioner).

Petitioner has acted diligently to comply with the Commission's June 26, 2026 Order. However, due to the unavailability of her treating neurologist, it is not possible to obtain the required medical documentation by the June 29, 2026 deadline. Petitioner respectfully requests an extension of time and will submit the medical documentation immediately upon receipt.

**CERTIFICATE OF SERVICE**

I certify that on June 27, 2026, a true and correct copy of the foregoing Motion for Extension of Time and Exhibit A was sent as attachments via email to:

- Counsel for Special School District
- Counsel for Ferguson-Florissant School District
- OA.IDEAOnlyFilings@oa.mo.gov
- Ms. Roundtree
- Ms. Bockover
- Ms. Beiseman
- Mrs. J. Toni Burrow

Keri Jackson
Petitioner, Pro Se

Thank you for your attention.

EXHIBIT A

Respectfully,
Keri Jackson
Petitioner, Pro Se
Email: kerijackson4@aol.com
Phone: (314) 398-8116

CC: Counsel for Respondents

On Friday, June 26, 2026 at 10:10:53 AM CDT, Beiseman, Kindra <kindra.beiseman@oa.mo.gov> wrote:

> Order - Deny Motion to Reconsider
>
> Thank you,
>
> Kindra Beiseman
> Paralegal
> Administrative Hearing Commission
> 131 W. High St., Third Floor
> PO Box 1557
> Jefferson City, MO 65102-1557
> 573-751-2422

---

DECLARATION_Medical Documentation_Kumar.pdf
175 KB

JACKSON_MOTION FOR EXTENSION_MEDICAL DOCUMENTATION.pdf
187 KB

EXHIBIT A

**BEFORE THE**
**ADMINISTRATIVE HEARING COMMISSION**
**STATE OF MISSOURI**

**Keri Jackson, in the interest of A.J.** Petitioner, Pro Se

v.

**Ferguson-Florissant R-II School District** and **Special School District of St. Louis County** Respondents.

**Case No. 26-0686 / DESE No. DP-4079**

**MOTION FOR EXTENSION OF TIME TO SUBMIT MEDICAL DOCUMENTATION**

Petitioner, Keri Jackson, respectfully moves the Commission for an extension of time to submit the admissible medical documentation required by the Commission's June 26, 2026, Order, and states as follows:

## 1. Procedural Background

1. On June 26, 2026, at 10:10 AM, the Commission issued an Order requiring Petitioner to submit "admissible medical documentation" supporting her request for medical accommodations.
2. The Order has set a deadline of Monday, June 29, 2026, at 1:00 PM for submission of such documentation.
3. The documentation required must come from Petitioner's treating neurologist.

## 2. Diligent Efforts to Comply

Immediately upon receiving the Order, Petitioner contacted her treating neurologist, Dr. Vikas Kumar, to request the required medical letter.

On June 26, 2026, Petitioner was informed by Dr. Kumar's office that:

- Dr. Kumar had been out of the office for the past three days;
- His return on Monday, June 29, was uncertain; and
- Even if he returned, there was no guarantee he would be able to prepare the required medical letter before the Commission's 1:00 PM deadline.

Petitioner acted diligently and submitted her request immediately, including by fax, but cannot compel her treating physician to produce medical documentation on a fixed timeline.

EXHIBIT A

### 3. Good Cause for Extension

The physician's unavailability constitutes good cause and a circumstance beyond Petitioner's control, making compliance with the June 29 deadline impossible despite diligent efforts.

Petitioner has been migraine-free and seizure-free for several years and seeks to maintain that stability. Forcing Petitioner into an in-person deposition without medically necessary accommodations would pose an unnecessary and avoidable medical risk.

Petitioner will submit the required medical documentation immediately upon receipt from her treating neurologist.

### 4. Requested Relief

Petitioner respectfully requests that the Commission:

1. Grant an extension of time until Dr. Kumar provides the required medical documentation; and
2. Permit Petitioner to file the documentation promptly upon receipt, without prejudice to her pending request for medical accommodations.

### 5. Supporting Evidence

This Motion is supported by Exhibit A, the Declaration of Petitioner detailing her efforts and the physician's unavailability.

Respectfully submitted,

Keri Jackson
Petitioner, Pro Se
Ferguson, Missouri
Email: kerijackson4@aol.com
Phone: (314) 398-8116

## DECLARATION OF KERI JACKSON

I, Keri Jackson, declare as follows:

1. On June 26, 2026, at 10:10 AM, I received the Commission's Order requiring admissible medical documentation supporting my request for medical accommodations.
2. The Order required submission of such documentation by Monday, June 29, 2026, at 1:00 PM.
3. I immediately contacted my treating neurologist, Dr. Vikas Kumar, to request the required medical letter.
4. On June 26, 2026, after faxing my request, Dr. Kumar's office informed me that:
   - Dr. Kumar had been out of the office for the past three days;
   - His return on Monday was uncertain; and
   - Even if he returned, there was no guarantee he could prepare the required documentation before the Commission's deadline.
5. Due to the physician's unavailability, it is impossible for me to comply with the June 29 deadline despite diligent efforts.
6. I will submit the required medical documentation immediately upon receipt.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of June, 2026. Ferguson, Missouri.

Keri Jackson

Petitioner, Pro Se

EXHIBIT A

EXHIBIT A

23

Keri Jackson Judicial Review

**Submission of Motion for Petitioner's Procedural Accommodations for Depositions (DP 4079 / AHC 26-0686)__Re: Follow-Up Regarding NCCS Custodian of Records Deposition__Re: Response to Request Regarding NCCS Custodian of Records_Re: AJ v SSD FFSD [26-0686]**

**From:** Keri Jackson <kerijackson4@aol.com>
**To:** ideaonlyfilings@oa.mo.gov, awicks@mickesotoole.com, bothomeczek@mickesotoole.com, jdevine@lashlybaer.com, hdierks@lashlybaer.com, bsabourin@mickesotoole.com, kschmidt@mickesotoole.com, madison.bockover@dese.mo.gov
**Cc:** J. Toni Burrow
**Date:** Jun 12, 2026, 7:46 PM

---

Dear Administrative Hearing Commission,

Please find attached **Petitioner's Motion for Procedural Accommodations for Depositions** in the matter of Keri Jackson, in the interest of A.J. v. Special School District of St. Louis County and Ferguson-Florissant R-II School District, DESE No. DP 4079 / AHC No. 26-0686.

I respectfully request that the Commission order:

1. Both depositions be conducted via Zoom;
2. All documents produced by North County Christian School be provided to Petitioner 5–7 days prior to the deposition;
3. Both depositions be video-recorded, with Petitioner receiving an electronic copy immediately after;
4. Mrs. J. Toni Burrow be permitted to attend both depositions as a support person.

Please confirm receipt of this Motion.

Respectfully,

Keri Jackson

Parent and Pro Se Petitioner
921 Buckeye Drive
Ferguson, MO 63135
(314) 398-8116
kerijackson4@aol.com

> Katy Schmidt
> From:kschmidt@mickesotoole.com
> To:Keri Jackson

EXHIBIT A

Cc:Ashley Wicks,Robert (Bo) Thomeczek,jdevine_lashlybaer.com,Haley K. Dierks,Brandi Sabourin

Fri, Jun 12 at 2:13 PM

Ms. Jackson,

The District does not agree to conduct our Custodian of Records' deposition of North County Christian School via Zoom. The deposition will proceed in-person and, as a named party, you are permitted to attend.

North County Christian will provide the records, pursuant to the District's subpoena, at the deposition. As you did not consent to a business records affidavit in lieu of the deposition, no party will have access to their records prior to the deposition. This deposition is strictly to authenticate and receive the records.

We will not be recording the deposition. As previously mentioned, the deposition will be transcribed by stenographer to ensure accuracy. You may coordinate directly with the court reporter to order a copy of the transcript.

As Mrs. Burrow is not a party to this matter and, based on our understanding, she is not an attorney, she is not entitled to question the custodian of records.

Finally, we received word from the attorney for North County Christian that June 22nd does not work for the deposition. We are in the process of getting a new date and will keep you updated.

**Katy Schmidt | Associate**

On Friday, June 12, 2026 at 02:13:17 PM CDT, Katy Schmidt <kschmidt@mickesotoole.com> wrote:

Ms. Jackson,

The District does not agree to conduct our Custodian of Records' deposition of North County Christian School via Zoom. The deposition will proceed in-person and, as a named party, you are permitted to attend.

North County Christian will provide the records, pursuant to the District's subpoena, at the deposition. As you did not consent to a business records affidavit in lieu of the deposition, no party will have access to their records prior to the deposition. This deposition is strictly to authenticate and receive the records.

We will not be recording the deposition. As previously mentioned, the deposition will be transcribed by stenographer to ensure accuracy. You may coordinate directly with the court reporter to order a copy of the transcript.

As Mrs. Burrow is not a party to this matter and, based on our understanding, she is not an attorney, she is not entitled to question the custodian of records.

Finally, we received word from the attorney for North County Christian that June 22nd does not work for the deposition. We are in the process of getting a new date and will keep you updated.

**Katy Schmidt | Associate**

Mickes O'Toole, LLC

Main: (314) 878-5600

12412 Powerscourt Drive, Suite 200 | St. Louis, Missouri 63131

kschmidt@mickesotoole.com | www.mickesotoole.com

THE 2026 SCHOOL LAW SEMINARS REGISTER TODAY

SPRINGFIELD | KANSAS CITY | ST. LOUIS | CAPE GIRARDEAU | COLUMBIA

---

**From:** Keri Jackson <kerijackson4@aol.com>

**Sent:** Friday, June 12, 2026 12:54 PM

**To:** Katy Schmidt <kschmidt@mickesotoole.com>; Ashley Wicks <awicks@mickesotoole.com>; Robert (Bo) Thomeczek <bothomeczek@mickesotoole.com>; jdevine@lashlybaer.com; hdierks@lashlybaer.com; Brandi Sabourin <bsabourin@mickesotoole.com>; ideaonlyfilings@oa.mo.gov; madison.bockover@dese.mo.gov; lostump@lashlybaer.com

**Cc:** J. Toni Burrow <toniette1@aol.com>

EXHIBIT A

**Subject:** Follow-Up Regarding NCCS Custodian of Records Deposition___Re: Response to Request Regarding NCCS Custodian of Records__Re: AJ v SSD FFSD [26-0686]

Dear Ms. Schmidt,

Thank you for your response.

I acknowledge that you intend to proceed with the deposition of the North County Christian School custodian of records in person on June 22, 2026.

To ensure meaningful participation in the deposition, I respectfully renew the following procedural requests:

1. **Remote Participation:** I request that the deposition be conducted via Zoom to accommodate my participation.
2. **Advance Production of Records:** I request that all documents produced by NCCS in response to the subpoena be provided to me 5–7 days prior to the deposition so that I may review them in advance.
3. **Recording:** I request that the deposition be recorded and that I receive an electronic copy of the recording immediately following the deposition.
4. **Representative Participation:** Please confirm that Mrs. J. Toni Burrow, for whom you already have a signed release, will be permitted to attend and participate in the deposition and all related meetings.

If we are unable to reach agreement on these procedural matters, I will request guidance from the Administrative Hearing Commission.

Thank you for your attention.

Respectfully,

Keri Jackson

Parent of A.J.

On Friday, June 12, 2026 at 10:14:59 AM CDT, Katy Schmidt <kschmidt@mickesotoole.com> wrote:

> Dear Ms. Jackson,
>
> Thank you for your response. We will proceed with the deposition of the North County Christian School custodian of records as scheduled on June 22, 2026.
>
> We do not agree to conducting the deposition via Zoom. The deposition will move forward, in-person, as noticed. Following the deposition, you may coordinate directly with the court reporter regarding a transcript of the deposition.

EXHIBIT A

Sincerely,

**Katy Schmidt | Associate**
Mickes O'Toole, LLC
Main: (314) 878-5600
12412 Powerscourt Drive, Suite 200 | St. Louis, Missouri 63131
kschmidt@mickesotoole.com | www.mickesotoole.com

M O THE 2026 SCHOOL LAW SEMINARS REGISTER TODAY
SPRINGFIELD | KANSAS CITY | ST. LOUIS | CAPE GIRARDEAU | COLUMBIA

---

**From:** Keri Jackson <kerijackson4@aol.com>
**Sent:** Thursday, June 11, 2026 5:01 PM
**To:** Katy Schmidt <kschmidt@mickesotoole.com>; Ashley Wicks <awicks@mickesotoole.com>; Robert (Bo) Thomeczek <bothomeczek@mickesotoole.com>; jdevine@lashlybaer.com; hdierks@lashlybaer.com; Brandi Sabourin <bsabourin@mickesotoole.com>; lostump@lashlybaer.com; ideaonlyfilings@oa.mo.gov; madison.bockover@dese.mo.gov; mmaclin@ssdmo.org; hfields@fergflor.org
**Cc:** J. Toni Burrow <toniette1@aol.com>
**Subject:** Response to Request Regarding NCCS Custodian of Records__Re: AJ v SSD FFSD [26-0686]

Dear Ms. Schmidt,

Thank you for your email.

After reviewing your request, I do not consent to replacing the scheduled deposition of the North County Christian School custodian of records with a business records affidavit. I intend to question the custodian regarding the completeness, accuracy, and context of the documents, as well as the school's recordkeeping practices, observations, and communications relevant to this matter.

Accordingly, I request that the deposition proceed as scheduled on June 22, 2026. For logistical reasons, I respectfully request that the deposition be conducted via Zoom, that your office provide the Zoom meeting link, and that the deposition be recorded. I also request that your office confirm that you will provide me with a copy of the recorded deposition immediately following the meeting.

EXHIBIT A

Thank you for your attention to this matter.

Respectfully,

Keri Jackson

Parent of A.J.

On Thursday, June 11, 2026 at 01:24:59 PM CDT, Katy Schmidt <kschmidt@mickesotoole.com> wrote:

Good afternoon, Ms. Jackson,

I hope you are doing well. My name is Katy Schmidt, and I am one of the attorneys for the Special School District.

We are in the process of requesting records from North County Christian School. Right now, we have scheduled a deposition for the North County Christian School custodian of records on June 22, 2026, so they can authenticate the records. However, there is another option we wanted to check with you about. Instead of appearing for a deposition, the custodian of records can provide the records along with a signed statement (called a business records affidavit). This would allow us to avoid the need for the in-person deposition. Please let me know if you consent to proceeding this way. If you consent, we will send the records and the signed business records affidavit upon receipt.

Thank you for your consideration.

**Katy Schmidt | Associate**
Mickes O'Toole, LLC
Main: (314) 878-5600
12412 Powerscourt Drive, Suite 200 | St. Louis, Missouri 63131
kschmidt@mickesotoole.com | www.mickesotoole.com

THE 2026 SCHOOL LAW SEMINARS REGISTER TODAY
SPRINGFIELD | KANSAS CITY | ST. LOUIS | CAPE GIRARDEAU | COLUMBIA

---

**From:** Brandi Sabourin <bsabourin@mickesotoole.com>
**Sent:** Thursday, June 11, 2026 12:08 PM
**To:** OA.IDEAOnlyFilings <ideaonlyfilings@oa.mo.gov>
**Cc:** Keri Jackson <kerijackson4@aol.com>; Ashley Wicks <awicks@mickesotoole.com>; Katy Schmidt <kschmidt@mickesotoole.com>; Robert (Bo) Thomeczek <bothomeczek@mickesotoole.com>; jdevine_lashlybaer.com <jdevine@lashlybaer.com>; Haley K. Dierks <hdierks@lashlybaer.com>
**Subject:** AJ v SSD FFSD [26-0686]

Please find attached a Subpoena Duces Tecum in the above-referenced matter for the Commissioner's signature.

Once signed, please return them to me for service.

Thank you. 😊

**Brandi Sabourin | Paralegal/Legal Assistant**
Mickes O'Toole, LLC
Main: (314) 878-5600 | Direct: (314) 997-7733
12412 Powerscourt Drive, Suite 200 | St. Louis, Missouri 63131
bsabourin@mickesotoole.com | www.mickesotoole.com

MICKES O'TOOLE

BEST LAW FIRMS RANKED BY Best Lawyers UNITED STATES 2026

---

This E-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this E-mail, you are hereby notified that any dissemination, distribution or copying of this E-mail and/or any attachments thereto is strictly prohibited. If you have received this E-mail in error, please immediately notify the sender by telephone and email, and permanently delete the original and any copy or printout thereof and any attachments thereto. Your compliance is appreciated.

The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa; and (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or a computer unconnected to either of us through which the e-mail passed. I am communicating to you via e-mail because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know at once.~~

---

THE 2026 SCHOOL SEMINA image001.png
34 KB

JACKSON_MOTION FOR PROCEDURAL ACCOMMODATIONS FOR SSD DEPOSITIONS.pdf
187 KB

EXHIBIT A

**BEFORE THE ADMINISTRATIVE HEARING COMMISSION**

**STATE OF MISSOURI**

Keri Jackson
in the interest of A.J.,
Petitioner,

v.

**SPECIAL SCHOOL DISTRICT OF ST. LOUIS COUNTY** and
**FERGUSON-FLORISSANT R-II SCHOOL DISTRICT,**
Respondents.

**DESE No.: DP-4079 AHC No.: 26-0686**

# PETITIONER'S MOTION FOR PROCEDURAL ACCOMMODATIONS FOR DEPOSITIONS

Petitioner, Keri Jackson, appearing pro se, respectfully moves the Administrative Hearing Commission ("Commission") for procedural accommodations necessary to ensure meaningful participation in the depositions noticed in this matter, including the deposition of the North County Christian School Custodian of Records and the deposition of Petitioner. This motion is made pursuant to the Commission's authority to regulate procedure, ensure fairness, and provide reasonable accommodations to unrepresented parties.

## I. INTRODUCTION

Petitioner is a pro se litigant and the parent of the minor child on whose behalf this due process complaint was filed. Respondent Special School District ("SSD") has noticed two depositions:

1. The deposition of the North County Christian School Custodian of Records, and
2. The deposition of Petitioner, scheduled to occur immediately thereafter.

Petitioner has requested reasonable procedural accommodations from Respondents' counsel to ensure meaningful participation in these proceedings. Respondents have declined all such requests. Accordingly, Petitioner seeks the Commission's assistance.

## II. REQUESTED ACCOMMODATIONS

Petitioner respectfully requests that the Commission order the following accommodations for both depositions:

### A. Remote Participation (Zoom)

Petitioner requests permission to participate in both depositions via Zoom. Remote participation is a reasonable accommodation for a pro se litigant and does not prejudice any party.

EXHIBIT A

**B. Advance Production of Documents**

Petitioner requests that all documents produced by North County Christian School pursuant to Respondents' subpoena be provided to Petitioner no fewer than 5–7 days prior to the deposition.

Without advance access to the documents, Petitioner cannot meaningfully participate in the deposition, particularly given her pro se status.

**C. Recording of the Depositions**

Petitioner requests that both depositions be video-recorded, and that Petitioner be provided with an electronic copy of the recording immediately following each deposition.

Recording ensures accuracy, transparency, and a complete administrative record.

**D. Participation of Support Person (Mrs. J. Toni Burrow)**

Petitioner requests that Mrs. J. Toni Burrow, for whom Respondents already possess a signed release, be permitted to attend both depositions as a support person.

Mrs. Burrow is not an attorney and will not question witnesses. Her presence is necessary to assist Petitioner in navigating the proceedings as a pro se litigant.

**III. BASIS FOR REQUEST**

These accommodations are necessary to ensure:

- Meaningful participation by a pro se parent
- Access to evidence prior to questioning
- Fairness in the deposition process
- Ability to prepare for questioning
- Ability to participate despite logistical barriers
- A complete and accurate administrative record

The Commission has authority to regulate deposition procedures and to grant reasonable accommodations to ensure fairness and access.

**IV. RELIEF REQUESTED**

Petitioner respectfully requests that the Commission enter an order requiring that:

1. Both depositions be conducted via Zoom;
2. All documents produced by North County Christian School be provided to Petitioner 5–7 days prior to the deposition;
3. Both depositions be video-recorded, with Petitioner receiving an electronic copy immediately after;

EXHIBIT A

4. Mrs. J. Toni Burrow be permitted to attend both depositions as a support person.

Petitioner further requests any additional relief the Commission deems just and proper.

Respectfully submitted,

Keri Jackson
Parent and Pro Se Petitioner
921 Buckeye Drive
Ferguson, Missouri 63135
(314) 398-8116
kerijackson4@aol.com

EXHIBIT A

24

# Technical Submission Failure — Request to Accept Filing__Re: New File(s) Request is Waiting

Keri Jackson Credentials Review

**From:** Keri Jackson <kerijackson4@aol.com>
**To:** oa.ahc.ftp, erin.roundtree@oa.mo.gov, ideaonlyfilings@oa.mo.gov, awicks@mickesotoole.com, hdierks@lashlybaer.com, jdevine@lashlybaer.com, madison.bockover@dese.mo.gov, bothomeczek@mickesotoole.com, kindra.beiseman@oa.mo.gov, kschmidt@mickesotoole.com, rjtbolaw@aol.com
**Cc:** J. Toni Burrow, Keri Jackson
**Date:** Jul 27, 2026, 6:48 PM

---

Dear Commissioner,

I respectfully notify the Commission that I attempted to submit my Responses to Respondents' Motion for Summary Decision through the AHC portal before today's deadline, but the system repeatedly failed to accept my documents.

Earlier today, I received login credentials from the AHC and made multiple good-faith attempts to sign in and upload my filings. During my phone conversation with Ms. Roundtree, I was able to log in and successfully select the documents for upload. However, when I clicked "upload," the system returned failure messages for each document. After receiving these failure notices, I logged out and attempted to sign in again, but the system would no longer accept the username and password provided to me.

These technical issues prevented timely submission despite my repeated efforts to comply with the deadline. The failure to submit was caused solely by the portal malfunction and login errors, not by any lack of diligence or delay on my part.

I respectfully request that the Commission accept my Responses and exhibits once the portal access issue is resolved, or permit submission via email or fax. Please advise how I should proceed so that my filing may be properly received.

Respectfully,

Keri Jackson
Petitioner, Pro Se
Ferguson, Missouri
314-398-8116

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2026, I served a true and correct copy of the foregoing **Notice of Technical Submission Failure and Request to Accept Filing** via email to:

EXHIBIT A

- Counsel for Special School District
- Counsel for Ferguson-Florissant School District
- OA.IDEAOnlyFilings@oa.mo.gov
- Ms. Roundtree
- Ms. Bockover
- Ms. Beiseman
- Mrs. J. Toni Burrow

Respectfully submitted,

Keri Jackson
Petitioner, Pro Se
Ferguson, Missouri
314-398-8116

On Monday, July 27, 2026 at 03:15:48 PM CDT, oa.ahc.ftp <amy.westermann@oa.mo.gov> wrote:

> # New Files Request Notification
>
> Welcome to State of Missouri! A new file(s) request has been posted for you.
>
> **Subject:** 26-0686 - Files request from oa.ahc.ftp
>
> You will be required to supply credentials in order to sign on and transfer your file(s). These credentials will be provided to you either by the request originator or by way of another email notification.
>
> If site policy requires it, at sign on you will be guided through additional steps to secure your account.
>
> Please use the following URL and your username/password to login and initiate the file transfer. You will also be given the opportunity to compose a secure reply to this file request message.
>
> ( https://moftp.mo.gov/human.aspx?OrgID=3094&Arg12=message&Arg06=365739352 )

Case: 4:26-cv-01507 Doc. #: 1-1 Filed: 09/22/26 Page: 192 of 229 PageID #: 197

Regards,

State of Missouri Notification Service - Production

EXHIBIT A

EXHIBIT A

EXHIBIT 25

Keri Jackson_Judicial Review

# RE: Technical Submission Failure — Request to Accept Filing_Re: New File(s) Request is Waiting

**From:** OA.IDEAOnlyFilings <IDEAOnlyFilings@oa.mo.gov>
**To:** kerijackson4@aol.com
**Date:** Jul 28, 2026, 9:48 AM

---

Ms. Jackson,

Can you please go ahead and email your Response to the Districts Motion for Summary Decision and Statement of Facts as soon as possible? You can then try to send the remainder of the documents through the FTP link as discussed in our phone call this morning.

Thank you!

Elizabeth Shockley

Paralegal

Administrative Hearing Commission

United States Post Office Building

131 West High Street, Third Floor

Jefferson City, MO 65102

(573) 522-5036

---

**From:** OA.IDEAOnlyFilings <IDEAOnlyFilings@oa.mo.gov>
**Sent:** Tuesday, July 28, 2026 9:14 AM
**To:** Keri Jackson <kerijackson4@aol.com>; OA.IDEAOnlyFilings <IDEAOnlyFilings@oa.mo.gov>; awicks@mickesotoole.com; hdierks@lashlybaer.com; jdevine@lashlybaer.com; bothomeczek@mickesotoole.com; Beiseman, Kindra <Kindra.Beiseman@oa.mo.gov>; kschmidt@mickesotoole.com; rjtbolaw@aol.com; Shockley, Elizabeth <Elizabeth.Shockley@oa.mo.gov>

EXHIBIT A

**Cc:** J. Toni Burrow <toniette1@aol.com>; bsabourin@mickesotoole.com
**Subject:** RE: Technical Submission Failure — Request to Accept Filing__Re: New File(s) Request is Waiting

Good morning,

Received and forwarded for review.

Please do not include Ms. Bockover and Commissioner Westermann in future emails, as are not involved with the above style case. But please include Elizabeth Shockley.

Thank you,

**Administrative Hearing Commission**

---

**From:** Keri Jackson <kerijackson4@aol.com>
**Sent:** Monday, July 27, 2026 6:48 PM
**To:** Westermann, Amy <Amy.Westermann@oa.mo.gov>; Roundtree, Erin <Erin.Roundtree@oa.mo.gov>; OA.IDEAOnlyFilings <IDEAOnlyFilings@oa.mo.gov>; awicks@mickesotoole.com; hdierks@lashlybaer.com; jdevine@lashlybaer.com; Bockover, Madison <Madison.Bockover@dese.mo.gov>; bothomeczek@mickesotoole.com; Beiseman, Kindra <Kindra.Beiseman@oa.mo.gov>; kschmidt@mickesotoole.com; rjtbolaw@aol.com
**Cc:** J. Toni Burrow <toniette1@aol.com>; Keri Jackson <kerijackson4@aol.com>
**Subject:** Technical Submission Failure — Request to Accept Filing__Re: New File(s) Request is Waiting

Dear Commissioner,

I respectfully notify the Commission that I attempted to submit my Responses to Respondents' Motion for Summary Decision through the AHC portal before today's deadline, but the system repeatedly failed to accept my documents.

Earlier today, I received login credentials from the AHC and made multiple good-faith attempts to sign in and upload my filings. During my phone conversation with Ms. Roundtree, I was able to log in and successfully

select the documents for upload. However, when I clicked "upload," the system returned failure messages for each document. After receiving these failure notices, I logged out and attempted to sign in again, but the system would no longer accept the username and password provided to me.

These technical issues prevented timely submission despite my repeated efforts to comply with the deadline. The failure to submit was caused solely by the portal malfunction and login errors, not by any lack of diligence or delay on my part.

I respectfully request that the Commission accept my Responses and exhibits once the portal access issue is resolved, or permit submission via email or fax. Please advise how I should proceed so that my filing may be properly received.

Respectfully,

Keri Jackson

Petitioner, Pro Se

Ferguson, Missouri

314-398-8116

**CERTIFICATE OF SERVICE**

I hereby certify that on July 27, 2026, I served a true and correct copy of the foregoing **Notice of Technical Submission Failure and Request to Accept Filing** via email to:

- Counsel for Special School District
- Counsel for Ferguson-Florissant School District
- OA.IDEAOnlyFilings@oa.mo.gov
- Ms. Roundtree
- Ms. Bockover
- Ms. Beiseman
- Mrs. J. Toni Burrow

Respectfully submitted,

Keri Jackson

EXHIBIT A

Petitioner, Pro Se

Ferguson, Missouri

314-398-8116

On Monday, July 27, 2026 at 03:15:48 PM CDT, oa.ahc.ftp <amy.westermann@oa.mo.gov> wrote:

# New Files Request Notification

Welcome to State of Missouri! A new file(s) request has been posted for you.

**Subject:** 26-0686 - Files request from oa.ahc.ftp

You will be required to supply credentials in order to sign on and transfer your file(s). These credentials will be provided to you either by the request originator or by way of another email notification.

If site policy requires it, at sign on you will be guided through additional steps to secure your account.

Please use the following URL and your username/password to login and initiate the file transfer. You will also be given the opportunity to compose a secure reply to this file request message.

( https://moftp.mo.gov/human.aspx?OrgID=3094&Arg12=message&Arg06=365739352 )

Regards,
State of Missouri Notification Service - Production



EXHIBIT A

EXHIBIT

26

# RE: FFSD Record Link__Re: Case No. 26-0686 / DESE No. DP-4079, AJ v SSD-FFSD

Keri Jackson Judicial Review

**From:** Rosie Johnson <rjohnson@lashlybaer.com>
**To:** Keri Jackson, kschmidt@mickesotoole.com, awicks@mickesotoole.com, bothomeczek@mickesotoole.com, Julie Z. Devine, Haley K. Dierks
**Cc:** J. Toni Burrow
**Date:** Jun 30, 2026, 4:28 PM

---

Ms. Jackson,

Thank for you for bringing this to my attention. Please try this link: https://www.imanageshare.com/f/6YZcamClwog

It may not have a preview window, as one of the documents is large. I recommend using the download option to view the document. Please let me know if you continue to have any trouble.

Best,

Rosie Johnson

**Rosie Johnson**
Administrative Assistant
Direct: (314) 335-1008
rjohnson@lashlybaer.com

LASHLY & BAER, P.C.
ATTORNEYS AT LAW

714 Locust Street, Saint Louis, Missouri 63101 | 122 North Main Street, Edwardsville, Illinois 62025
www.lashlybaer.com | Tel: (314) 621-2939 | Fax: (314) 621-6844

Disclaimers

---

**From:** Keri Jackson <kerijackson4@aol.com>
**Sent:** Tuesday, June 30, 2026 4:23 PM
**To:** Rosie Johnson <rjohnson@lashlybaer.com>; kschmidt@mickesotoole.com;

EXHIBIT A

awicks@mickesotoole.com; bothomeczek@mickesotoole.com; Julie Z. Devine <JDevine@lashlybaer.com>; Haley K. Dierks <HDierks@lashlybaer.com>
**Cc:** J. Toni Burrow <toniette1@aol.com>; Keri Jackson <kerijackson4@aol.com>
**Subject:** Re: FFSD Record Link___Re: Case No. 26-0686 / DESE No. DP-4079; AJ v SSD FFSD

Ms. Johnson,

Thank you for sending the link. I attempted to open the file, but I received an error message indicating that the document could not be opened. Please resend the file or provide an alternative format.

Thank you,

Keri Jackson

On Tuesday, June 30, 2026 at 02:38:26 PM CDT, Rosie Johnson <rjohnson@lashlybaer.com> wrote:

Ms. Jackson,

Please find the link below to access documents related to the prior email.

https://www.imanageshare.com/f/6YZcamClwog *(you may have received a notification already to the shared folder)*

The link may ask for your email to sign in. Please let me know if you have any trouble accessing.

Best,
Rosie Johnson

**Rosie Johnson**
Administrative Assistant
Direct: (314) 335-1008
rjohnson@lashlybaer.com

LASHLY & BAER, P.C.

ATTORNEYS AT LAW

714 Locust Street, Saint Louis, Missouri 63101 | 122 North Main Street, Edwardsville, Illinois 62025
www.lashlybaer.com | Tel: (314) 621-2939 | Fax: (314) 621-6844

Disclaimers

---

**From:** Haley K. Dierks <HDierks@lashlybaer.com>
**Sent:** Tuesday, June 30, 2026 2:03 PM
**To:** Keri Jackson <kerijackson4@aol.com>
**Cc:** Katy Schmidt <kschmidt@mickesotoole.com>; Ashley Wicks <awicks@mickesotoole.com>; Robert (Bo) Thomeczek <bothomeczek@mickesotoole.com>; Julie Z. Devine <JDevine@lashlybaer.com>; Rosie Johnson <rjohnson@lashlybaer.com>
**Subject:** Case No. 26-0686 / DESE No. DP-4079; AJ v SSD FFSD

Ms. Jackson,

My assistant will be sending you a link to Ferguson-Florissant School District records related to your daughter. Some or all of these may be used at the upcoming deposition and/or hearing in this matter. The Ferguson-Florissant School District reserves the right to supplement these records as allowable by applicable Commission rules.

**Haley K. Dierks**

EXHIBIT A

Attorney at Law
Direct: (314) 436-8346
Mobile: (720) 687-9966
hdierks@lashlybaer.com

---

LASHLY & BAER, P.C.
ATTORNEYS AT LAW

714 Locust Street, Saint Louis, Missouri 63101 | 122 North Main Street, Edwardsville, Illinois 62025
www.lashlybaer.com | Tel: (314) 621-2939 | Fax: (314) 621-6844

THIS ELECTRONIC COMMUNICATION MAY CONTAIN PRIVILEGED, CONFIDENTIAL AND OTHERWISE LEGALLY PROTECTED INFORMATION FROM THE LAW FIRM OF LASHLY & BAER, P.C. The information contained in this communication and any attachments is intended solely for use by the addressee(s). If this was erroneously sent to you, please notify us immediately by reply email or by telephone at 314-621-2939 and permanently delete this communication including any electronic or printed versions and attachments. Electronic communications are not secure and may be copied and held by various computers during transit from the sender to the recipient. Please advise if you do not wish to receive electronic communications in the future. Receiving or sending this email does not, by itself, create an attorney client relationship. Additional Disclaimers

Lashly & Baer, P.C. utilizes Mimecast Ltd. for email security. This message has been scanned for viruses and malware and may be automatically archived.

Lashly & Baer, P.C. utilizes Mimecast Ltd. for email security. This message has been scanned for viruses and malware and may be automatically archived.

EXHIBIT A

EXHIBIT
27
Keri Jackson Judicial Review

## Re: Comprehensive Evaluation Request for [redacted] – Enrollment Status Clarification__Re: Comprehensive Evaluation Request for [redacted] (Child Find/SNAP) + Medical Documentation

**From:** Kline, Sarah E <SEKline@ssdmo.org>
**To:** Keri Jackson, Boeckmann, Emily L, Maclin, Michael P, Lent, Chad D, Crayton, Latonna M
**Cc:** Patricia Wilson - Ferguson-Florissant, cimhof@fergflor.org
**Date:** Aug 7, 2026, 2:38 PM

---

Thank you for clarifying [redacted] enrollment.
Dr. Carl Imhof is the new Director of Special Education in the Ferguson-Florissant School District and will be able to direct your request for an initial special education evaluation to the school team at your child's assigned school.

In your email you requested comprehensive evaluation under IDEA, Section 504, Child Find, and SNAP. To clarify, a Joint Review Committee composed of staff from both SSD and FFSD will first review data on your child to determine if a special education evaluation under the IDEA is warranted as part of the Child Find requirements. You will receive a Prior Written Notice from an SSD representative on the Joint Review Committee informing you of the Committee's decision, and the school will discuss next steps with you. If [redacted] is evaluated and found eligible under the IDEA for special education, then the SSD and FFSD will work with you to develop an appropriate IEP for [redacted]

SNAP refers to the Special Nonpublic Access Program administered by SSD. Eligibility for SNAP applies to students who are not enrolled in a public school, and who have been determined eligible under the IDEA by a school team. If [redacted] is found eligible under the IDEA and is later withdrawn from public school to receive her education in a non-public setting, then our SNAP department will discuss with you if [redacted] participation in the SNAP is an option.

Please note that evaluations and eligibility under Section 504 are separate from evaluations and eligibility under IDEA. Any evaluation and eligibility determinations under Section 504 are the responsibility of FFSD.

Have a wonderful weekend,

Sarah Kline
Student Compliance Director
Special School District of St. Louis County
sekline@ssdmo.org
314.989.8143
*SSD Staff:* Legal Services & Compliance Help Desk

*The Student Compliance Director is a non-attorney position.*

EXHIBIT A

**From:** Keri Jackson <kerijackson4@aol.com>
**Sent:** Thursday, August 6, 2026 8:00 PM
**To:** Boeckmann, Emily L <ELBoeckmann@ssdmo.org>; Kline, Sarah E <SEKline@ssdmo.org>; Maclin, Michael P <mmaclin@ssdmo.org>; Lent, Chad D <CLent@ssdmo.org>; Weber-Pendergrass, Wendi <WPendergrass@ssdmo.org>; Crayton, Latonna M <LMCrayton@ssdmo.org>
**Cc:** Patricia Wilson - Ferguson-Florissant <pwilson@fergflor.org>; cimhof@fergflor.org <cimhof@fergflor.org>; J. Toni Burrow <toniette1@aol.com>; Keri Jackson <kerijackson4@aol.com>
**Subject:** Re: Comprehensive Evaluation Request for [redacted] Enrollment Status Clarification___Re: Comprehensive Evaluation Request for [redacted](Child Find/SNAP) + Medical Documentation

> **CAUTION:** This email is from an external source. DO NOT click links or open attachments unless you recognize and/or trust the sender. If it seems suspicious, report the message.

Dear Ms. Kline,

Thank you for your message and for forwarding my request to Ms. Boeckmann.

To clarify [redacted] enrollment status: [redacted] is now enrolled in the Ferguson-Florissant School District (FFSD) as of today, August 6, 2026. I have completed FFSD's online registration and submitted a reassignment request for Lee Hamilton Elementary School due to medically documented trauma-related symptoms, anxiety, depression, physical symptoms, and difficulty functioning in school environments arising from bullying and harassment.

Because [redacted] resides in St. Louis County and is now enrolled in a public school within the county, SSD retains responsibility for conducting her comprehensive evaluation under IDEA, Section 504, Child Find, and SNAP, consistent with the medical documentation provided by her pediatrician, Dr. Ryia M. Ross.

Please proceed with the evaluation request and provide:

- evaluation consent forms,
- procedural safeguards,
- required documentation,
- and proposed dates for each evaluation component, including social/emotional evaluation.

Thank you for your assistance and coordination.

Sincerely,

Keri Jackson
Parent of [redacted]
921 Buckeye Ferguson, MO 63135
314-398-8116

Dear Special School District Team,

I am resubmitting a formal request for a comprehensive evaluation for my daughter, [redacted] under IDEA, Section 504, Child Find, and SNAP. [redacted] resides in St. Louis County and therefore falls under SSD's evaluation responsibilities.

Attached are:

1. **Comprehensive Evaluation Request**
2. **Two medical letters from** [redacted] **treating pediatrician, Dr. Ryia M. Ross (dated 8/5/2026)** documenting:
   - physical symptoms related to bullying (stomachaches, headaches),
   - anxiety and depression resulting from bullying,
   - trauma-related emotional distress,
   - difficulty functioning in school environments due to bullying and harassment,
   - the need for school-based counseling/play therapy,
   - the need for social/emotional evaluation by SSD,
   - the need for a Section 504 Plan with accommodations,
   - referrals to psychiatry and UMSL for psychosocial assessment.

These medical findings constitute clear Child Find triggers requiring evaluation in all areas listed in the attached request.

Please confirm receipt of this request and provide:

- evaluation consent forms,
- procedural safeguards,
- required documentation,
- proposed dates for each evaluation component, including social/emotional evaluation.

Thank you for your prompt attention.

Sincerely,

Keri Jackson

EXHIBIT A

Parent of [redacted]

921 Buckeye Ferguson, MO 63

On Thursday, August 6, 2026 at 06:46:57 PM CDT, Kline, Sarah E <sekline@ssdmo.org> wrote:

Hello Ms. Jackson,
Based on your request I understand that your daughter resides in St. Louis County but is not enrolled in a public school. Do I have this correct?

I am forwarding your request for an initial evaluation to Ms. Emily Boeckman. Ms. Boeckman supervises the Student Intake department, which starts the process for initial evaluations for students who reside in St. Louis County but are not enrolled in a public school.

If I am mistaken and your daughter is enrolled in a public school in St. Louis County, please let me know the name of the school and I will connect you with the appropriate team to address your request.

Sarah Kline
Student Compliance Director
Special School District of St. Louis County
sekline@ssdmo.org
314.989.8143
*SSD Staff:* Legal Services & Compliance Help Desk

*The Student Compliance Director is a non-attorney position.*

---

**From:** Goodrich, Mary J <MGoodrich@ssdmo.org>
**Sent:** Thursday, August 6, 2026 3:15 PM
**To:** Keri Jackson <kerijackson4@aol.com>
**Cc:** Kline, Sarah E <SEKline@ssdmo.org>
**Subject:** FW: Comprehensive Evaluation Request for [redacted] (Child Find/SNAP) + Medical Documentation

Good afternoon Ms. Jackson –

Thank you for your message. I have copied Sarah Kline on this email as she took over Ms. Henry's position and will be able to help you further.

Thank you,

Mary Jo Goodrich
Paralegal & Assistant to: Sarah Kline
Department of Legal Services and Compliance
Special School District of St. Louis County
Office: 314-989-8135
Email: mgoodrich@ssdmo.org

Hotlines: **Legal Services & Compliance Help Desk**

Please consider the environment before printing this e-mail.

What's on your mind? Let's Talk! Click Here or visit SSDMO.org

NOTICE: Any information contained in or attached to this message is intended solely for the use of the intended recipients(s) and may contain confidential information. Any review, retransmission, dissemination of, or taking of any action in reliance upon, this communication by persons other than the intended recipient(s) is prohibited. If you receive this communication in error, please contact the sender and discard the communication sent in error.

What's on your mind? Let's Talk! Click Here or visit SSDMO.org

---

**From:** Keri Jackson <kerijackson4@aol.com>
**Sent:** Thursday, August 6, 2026 12:22 PM
**To:** Goodrich, Mary J <MGoodrich@ssdmo.org>
**Subject:** Fw: Comprehensive Evaluation Request for [redacted] (Child Find/SNAP) + Medical Documentation

**CAUTION:** This email is from an external source. DO NOT click links or open attachments unless you recognize and/or trust the sender. If it seems suspicious, report the message.

Dear Ms. Goodrich,

I received the automatic reply from Ms. Henry that provided your email address to use for ongoing support. Therefore, I am providing a copy of the following email I sent regarding the Subject line:

Dear Special School District Team,

I am resubmitting a formal request for a comprehensive evaluation for my daughter, [redacted] under IDEA, Section 504, Child Find, and SNAP. [redacted] resides in St. Louis County and therefore falls under SSD's evaluation responsibilities.

EXHIBIT A

Attached are:

1. **Comprehensive Evaluation Request**
2. **Two medical letters from** [redacted] **treating pediatrician, Dr. Ryia M. Ross (dated 8/5/2026)** documenting:
   - physical symptoms related to bullying (stomachaches, headaches),
   - anxiety and depression resulting from bullying,
   - trauma-related emotional distress,
   - difficulty functioning in school environments due to bullying and harassment,
   - the need for school-based counseling/play therapy,
   - the need for social/emotional evaluation by SSD,
   - the need for a Section 504 Plan with accommodations,
   - referrals to psychiatry and UMSL for psychosocial assessment.

These medical findings constitute clear Child Find triggers requiring evaluation in all areas listed in the attached request.

Please confirm receipt of this request and provide:

- evaluation consent forms,
- procedural safeguards,
- required documentation,
- proposed dates for each evaluation component, including social/emotional evaluation.

Thank you for your prompt attention.

Sincerely,
Keri Jackson
Parent of [redacted]
921 Buckeye Ferguson, MO 63135
314-398-8116

**From:** "Henry, Susan R" <srhenry@ssdmo.org>
**To:** "Keri Jackson" <kerijackson4@aol.com>
**Sent:** Thu, Aug 6, 2026 at 12:05 PM
**Subject:** Automatic reply: Comprehensive Evaluation Request for [redacted] (Child Find/SNAP) + Medical Documentation

Thank you for your message.
I am currently out of the office on vacation through June 30, 2026, after which I will be retiring from my role as Director of Student Compliance with the Special School District of St. Louis County.
I will not be available to respond to emails after June 30, 2026. For ongoing support, please reach out to:
•Sarah Kline, sekline@ssdmo.org
•Mary Jo Goodrich, mgoodrich@ssdmo.org
It has been a privilege to work alongside such dedicated educators, families, and partners in service of students. Thank you.

EXHIBIT A

Susan

Sent from AOL on Android

----- Forwarded Message -----
**From:** "Keri Jackson" <kerijackson4@aol.com>
**To:** "mmaclin@ssdmo.org" <mmaclin@ssdmo.org>, "sekline@ssdmo.org" <sekline@ssdmo.org>, "srhenry@ssdmo.org" <srhenry@ssdmo.org>, "clent@ssdmo.org" <clent@ssdmo.org>, "wpendergrass@ssdmo.org" <wpendergrass@ssdmo.org>, "Crayton Latonna M" <lmcrayton@ssdmo.org>
**Cc:** "pwilson@fergflor.org" <pwilson@fergflor.org>, "cimhof@fergflor.org" <cimhof@fergflor.org>, "J. Toni Burrow" <toniette1@aol.com>, "Keri Jackson" <kerijackson4@aol.com>
**Sent:** Thu, Aug 6, 2026 at 11:49 AM
**Subject:** Fw: Comprehensive Evaluation Request for [redacted] (Child Find/SNAP) + Medical Documentation

Dear Special School District Team,

I am resubmitting a formal request for a comprehensive evaluation for my daughter [redacted] under IDEA, Section 504, Child Find, and SNAP. [redacted] resides in St. Louis County and therefore falls under SSD's evaluation responsibilities.

Attached are:

1. **Comprehensive Evaluation Request**
2. **Two medical letters from [redacted] treating pediatrician, Dr. Ryia M. Ross (dated 8/5/2026)** documenting:
    - physical symptoms related to bullying (stomachaches, headaches),
    - anxiety and depression resulting from bullying,
    - trauma-related emotional distress,
    - difficulty functioning in school environments due to bullying and harassment,
    - the need for school-based counseling/play therapy,
    - the need for social/emotional evaluation by SSD,
    - the need for a Section 504 Plan with accommodations,
    - referrals to psychiatry and UMSL for psychosocial assessment.

These medical findings constitute clear Child Find triggers requiring evaluation in all areas listed in the attached request.

Please confirm receipt of this request and provide:

EXHIBIT A

- evaluation consent forms,
- procedural safeguards,
- required documentation,
- proposed dates for each evaluation component, including social/emotional evaluation.

Thank you for your prompt attention.

Sincerely,
Keri Jackson
Parent of [redacted]
921 Buckeye Ferguson, MO 63135
314-398-8116

----- Forwarded Message -----
**From:** Keri Jackson <kerijackson4@aol.com>
**To:** jhenry@ssdmo.org <jhenry@ssdmo.org>; childfind@ssdmo.org <childfind@ssdmo.org>; ssd@ssdmo.org <ssd@ssdmo.org>; ekeenan@ssdmo.org <ekeenan@ssdmo.org>; kkearney@ssdmo.org <kkearney@ssdmo.org>
**Cc:** J. Toni Burrow <toniette1@aol.com>; Keri Jackson <kerijackson4@aol.com>
**Sent:** Wednesday, August 5, 2026 at 11:42:02 PM CDT
**Subject:** Comprehensive Evaluation Request for [redacted] (Child Find/SNAP) + Medical Documentation

Dear Special School District Evaluation Team,

I am submitting a formal request for a comprehensive evaluation for my daughter, [redacted] under IDEA, Section 504, Child Find, and SNAP. [redacted] resides in St. Louis County and therefore falls under SSD's evaluation responsibilities.

Attached are:

1. **Comprehensive Evaluation Request**
2. **Two medical letters from [redacted] treating pediatrician, Dr. Ryia M. Ross (dated 8/5/2026)** documenting:
    - physical symptoms related to bullying (stomachaches, headaches),
    - anxiety and depression resulting from bullying,
    - trauma-related emotional distress,
    - difficulty functioning in school environments due to bullying and harassment,
    - the need for school-based counseling/play therapy,
    - the need for social/emotional evaluation by SSD,
    - the need for a Section 504 Plan with accommodations,

- referrals to psychiatry and UMSL for psychosocial assessment.

These medical findings constitute clear Child Find triggers requiring evaluation in all areas listed in the attached request.

Please confirm receipt of this request and provide:

- evaluation consent forms,
- procedural safeguards,
- required documentation,
- proposed dates for each evaluation component, including social/emotional evaluation.

Thank you for your prompt attention.

Sincerely,
Keri Jackson
Parent of [redacted]
921 Buckeye Ferguson, MO 63135
314-398-8116

What's on your mind? Let's Talk! Click Here or visit SSDMO.org

What's on your mind? Let's Talk! Click Here or visit SSDMO.org

What's on your mind? Let's Talk! Click Here or visit SSDMO.org

EXHIBIT A

EXHIBIT
28

Keri Jackson_Judicial Review

# Addendum – Misrepresentations in Districts' Resolution Proposal (Case No. 26-0686)___Re: Documentation of Procedural Misconduct and Non-Compliance During May 27, 2026 Resolution Session – FFSD & SSD (Case No. 26-0686)

**From:** Keri Jackson <kerijackson4@aol.com>
**To:** ideaonlyfilings@dese.mo.gov, osep@dese.mo.gov, osepcomplaint@dese.mo.gov
**Cc:** madison.bockover@dese.mo.gov, ideaonlyfilings@oa.mo.gov, J. Toni Burrow, Keri Jackson
**Date:** May 29, 2026, 5:23 PM

---

Dear DESE Compliance Office,

This addendum supplements my prior correspondence dated May 28, 2026.

On May 29, 2026, SSD sent me a "Resolution Agreement Proposal" that contains additional procedural concerns, including:

1. The statement that "Student is a child without an educational disability," despite no evaluations having been completed.
2. This constitutes predetermination, a violation of IDEA and Child Find.
3. The proposal attempts to rewrite the events of the May 27 meeting, during which no resolution was offered and the meeting was terminated improperly.
4. The proposal requires dismissal of my due process complaint in exchange for actions the districts were already legally required to take.
5. The proposal appears to be an attempt to cure procedural violations after the fact.

I am submitting this addendum to ensure DESE has a complete record of the districts' continued non-compliance.

Respectfully,

Keri Jackson

Parent of A.J.

On Thursday, May 28, 2026 at 06:16:37 PM CDT, Keri Jackson <kerijackson4@aol.com> wrote:

> Dear DESE Compliance Office,

EXHIBIT A

I am writing to formally document significant procedural misconduct and non-compliance by the Ferguson-Florissant School District (FFSD) and the Special School District of St. Louis County (SSD) during the Resolution Session held on May 27, 2026, pursuant to the Administrative Hearing Commission's Order dated May 26, 2026, in Case No. 26-0686.

This documentation is being submitted to DESE because the events described below involve the misuse of DESE's "Notice to the Commission" form, violations of IDEA procedural safeguards, and conduct that raises concerns regarding district compliance with state and federal requirements.

**1. Improper Termination of the Resolution Session**

During the May 27, 2026, meeting:

- The districts terminated the meeting while I was speaking.
- I explicitly stated that I was not finished and that this was my resolution meeting convened under the Commission's Order.
- Despite this, both districts declared the meeting "over" and shut down the recording.

This prevented meaningful participation and did not comply with IDEA or the Commissioner's Order.

**2. Lack of a Representative With Decision-Making Authority**

SSD's representative stated that he was "unable to make decisions."

IDEA requires that the district send a representative with authority to resolve the issues. This requirement was not met.

**3. No Resolution Offered; No Issues Addressed**

The districts:

- Offered no resolution
- Addressed none of the issues raised in the Complaint
- Retracted earlier statements regarding enrollment, placement, IEE timing, and interim supports
- Refused to discuss compensatory education, evaluation failures, or safety concerns

This does not constitute good-faith participation.

**4. Attempt to Move the Process Off the Record**

Immediately after shutting down the recorded meeting:

- FFSD and SSD sent me private emails
- These emails were not copied to the AHC
- They were not copied to the IDEA filing address
- They were not copied to district leadership
- They attempted to move the process "offline"

This undermines transparency and the purpose of the resolution process.

**5. Misrepresentation on the DESE "Notice to the Commission" Form**

SSD sent me a Notice to the Commission form stating:

"Petitioner and Respondents… continue to pursue possible resolution."

This statement is not accurate.

- I did not agree to continue resolution efforts
- The districts offered no resolution
- The meeting was terminated improperly
- The Notice was sent privately, without copying DESE, the AHC, or leadership

Because the form does not reflect what occurred, I cannot sign it.

**6. Witness Observation of Concerning Conduct**

A witness, Joanne (J. Toni) Burrow, observed:

- The districts terminating the meeting while I was speaking
- SSD's representative repeatedly interrupting me
- SSD's representative stating he had no authority
- A "cut-throat" gesture made by SSD's representative immediately before the recording stopped

This conduct raises concerns regarding the integrity of the process.

**7. Purpose of This Letter**

I am submitting this documentation to DESE because:

- The Notice to the Commission form is a DESE form
- The form was misused and misrepresented
- The districts' conduct raises compliance concerns
- The districts did not follow IDEA procedural safeguards
- The districts did not comply with the Commissioner's Order
- The districts attempted to move the process off the record
- The districts' actions may warrant DESE monitoring or corrective action

I am not requesting DESE to intervene in the AHC case. I am requesting that DESE be made aware of the procedural misconduct and take any compliance-related steps it deems appropriate.

**8. Exhibits Provided to the AHC**

The following exhibits have been submitted to the Administrative Hearing Commission and are available upon request:

- **Exhibit A:** Notice to the Commission form
- **Exhibit B:** Recorded meeting
- **Exhibit C:** Affirmation of Keri Jackson
- **Exhibit D:** Affirmation of Joanne (J. Toni) Burrow

Thank you for your attention to this matter.

Respectfully,

EXHIBIT A

Case: 4:26-cv-01507 Doc. #: 1-1 Filed: 09/22/26 Page: 217 of 229 PageID #: 222

Keri Jackson

Parent of A.J.

Ferguson, Missouri

EXHIBIT 29

EXHIBIT 51 and 53

Keri Jackson_Judicial Review

Case No. 26-0686/DESE No. DP-407!

# CHAPTER THREE—STUDENT SUPPORT SERVICES

## Section One: Equal Educational Opportunities

**3010 EQUAL EDUCATIONAL OPPORTUNITIES**

Each student in the Ferguson-Florissant School District, being limited only by individual differences, will be given the opportunity to develop and achieve. Therefore, the school district will foster an educational environment that provides equal educational opportunities for all students.

Educational programs, services, vocational opportunities and extracurricular activities will be designed to meet the varying needs of all students and will not discriminate against any individual for reasons of race, creed, color, sex, including sexual harassment, national origin, economic status or disability. The Ferguson-Florissant School District will transport or cause to be transported, disabled students to accessible school sites. Students, faculty, and the public will be notified of this policy and grievance procedures annually.

Adopted 11/92

## Section Two: Attendance

**3030 STUDENT ADMISSIONS**

The Board of Education shall provide free public education to all students who are residents of the school district and who are between five (5) and twenty-one (21) years of age (until the twenty-first birthday) and who otherwise qualify for admission under Missouri law unless otherwise required by federal law. Federal law also requires the district to provide services to resident students qualifying for special education services between the ages of three (3) and twenty-one (21). Any senior qualifying for graduation at the end of the school year and attaining age twenty-one during the course of the school year may be offered an educational placement for the remainder of the school year tuition-free.

Persons seeking admission to the district and its instructional programs must satisfactorily meet all residency, academic, age, immunization, discipline, and other eligibility prerequisites as established by Board policy and law.

Students who are homeless will be admitted in accordance with Board policy and law.

Revised 04/93, 04/08, 03/16

**3031 COMPULSORY ATTENDANCE AGES**

Any child between the ages of five and seven who is enrolled in the Ferguson-Florissant School District shall attend the academic program on a regular basis, unless a written request to drop the child from the school rolls is made by the parent, guardian, or other person having charge, control, or custody of the child. Any child who is a resident of the school district and who is between the ages of seven and seventeen years shall attend a day school, public or private as specified in state law. The Board of Education shall abide by the compulsory attendance laws of Missouri by requiring district resident children between the ages of seven and seventeen years to attend school full-time, with the exception of those students who may be excused from full-time attendance by the superintendent.

Any student age sixteen years or older who drops out of school for any reason other than to attend another school, college or university, or to enlist in the armed services, shall be reported to the state literacy hotline office.

Adopted 11/92, Revised 04/11, 04/13

**3032 ENTRANCE AGE**

I. Entrance age for Pre-School To be admitted to pre-school in the Ferguson-Florissant School District, a child must be three (3) years old before August 1, of the enrolling year.

II. Entrance Age for Kindergarten To be admitted to kindergarten in the Ferguson-Florissant School District, a child must be five (5) years old before August 1, of the enrolling year, except that:



EXHIBIT A

EXHIBIT A

30

Keri Jackson_Judicial Review

Revisor of Missouri

Words | 1st search term or section n | And | 2nd search term

**Title XI EDUCATION AND LIBRARIES**

**Chapter 167**

< > • **Effective - 28 Aug 2024, 6 histories**

**167.031. School attendance compulsory, who may be excused — nonattendance, penalty — school year defined — compulsory attendance age for the district defined. —** 1. (1) Every parent, guardian, or other person in this state having charge, control, or custody of a child is responsible for enrolling the child in a program of academic instruction in a public, private, parochial, parish school, home school, FPE school, or full-time equivalent attendance in a combination of such schools between the ages of seven years and the compulsory attendance age for the district.

(2) Any parent, guardian, or other person who enrolls a child between the ages of five and seven years in a public school program of academic instruction shall cause such child to attend the academic program on a regular basis, according to this section. Nonattendance by such child shall cause such parent, guardian, or other responsible person to be in violation of the provisions of section 167.061, except as provided by this section. A parent, guardian, or other person in this state having charge, control, or custody of a child between the ages of seven years of age and the compulsory attendance age for the district shall cause the child to attend regularly some public, private, parochial, parish, home school, FPE school, or a combination of such schools not less than the entire school term of the school that the child attends; except that:

(a) A child who, to the satisfaction of the superintendent of public schools of the district in which such child resides, or if there is no superintendent then the chief school officer, is determined to be mentally or physically incapacitated may be excused from attendance at school for the full time required, or any part thereof;

(b) A child between fourteen years of age and the compulsory attendance age for the district may be excused from attendance at school for the full time required, or any part thereof, by the superintendent of public schools of the district, or if there is none then by a court of competent jurisdiction, when legal employment has been obtained by the child and found to be desirable, and after the parents or guardian of the child have been advised of the pending action; or

(c) A child between five and seven years of age shall be excused from attendance at school if a parent, guardian, or other person having charge, control, or custody of the child makes a written request that the child be dropped from the school's rolls; or

(d) A child may be excused from attendance at school for the full time required, or any part thereof, if the child is unable to attend school due to mental or behavioral health

EXHIBIT A

concerns, provided that the school receives documentation from a mental health professional licensed under chapter* 334 or 337 acting within his or her authorized scope of practice stating that the child is not able to attend school due to such concerns.

2. Nothing in this section shall require a private, parochial, parish, home school, or FPE school to include in its curriculum any concept, topic, or practice in conflict with the school's religious doctrines or to exclude from its curriculum any concept, topic, or practice consistent with the school's religious doctrines. Any other provision of the law to the contrary notwithstanding, all departments or agencies of the state of Missouri shall be prohibited from dictating through rule, regulation, or other device any statewide curriculum for private, parochial, parish, home schools, or FPE schools.

3. A school year begins on the first day of July and ends on the thirtieth day of June following.

4. (1) As used in this section, the term **"compulsory attendance age for the district"** shall mean:

(a) Seventeen years of age for any metropolitan school district for which the school board adopts a resolution to establish such compulsory attendance age; provided that such resolution shall take effect no earlier than the school year next following the school year during which the resolution is adopted; and

(b) Seventeen years of age or having successfully completed sixteen credits towards high school graduation in all other cases.

(2) The school board of a metropolitan school district for which the compulsory attendance age is seventeen years may adopt a resolution to lower the compulsory attendance age to sixteen years; provided that such resolution shall take effect no earlier than the school year next following the school year during which the resolution is adopted.

5. For purposes of home school or FPE school credits toward high school graduation, as applied in subsection 4 of this section, a **"completed credit towards high school graduation"** shall be defined as one hundred hours or more of instruction in a course.

--------

(L. 1963 p. 200 § 8-3, A.L. 1977 H.B. 130, A.L. 1986 S.B. 795, A.L. 1990 S.B. 740, A.L. 1993 S.B. 380, A.L. 2004 S.B. 968 and S.B. 969, A.L. 2006 H.B. 1182, A.L. 2008 H.B. 1550, A.L. 2009 S.B. 291, A.L. 2024 S.B. 727)

(Source: RSMo 1959 § 164.010)

*Word "chapters" appears in original rolls.

CROSS REFERENCE:

Average daily attendance defined for apportionment of school money, 163.011

**---- end of effective 28 Aug 2024 ----**

**use this link to bookmark section 167.031**

**- All versions**

| | Effective | End |
|---|---|---|
| **167.031** | 8/28/2024 | |
| **167.031** | 8/28/2009 | 8/28/2024 |
| **167.031** | 8/28/2008 | 8/28/2009 |
| **167.031** | 8/28/2006 | 8/28/2008 |
| **167.031** | 8/28/2004 | 8/28/2006 |
| **167.031** | 8/28/1993 | 8/28/2004 |

Click here for the **Reorganization Act of 1974 - or - Concurrent Resolutions Having Force & Effect of Law**

In accordance with Section **3.090**, the language of statutory sections enacted during a legislative session are updated and available on this website on the effective date of such enacted statutory section.

**▶ Other Information**

**▶ Other Links**

**Missouri Senate** **MO.gov** **Missouri House**

**Errors / suggestions - WebMaster@LR.mo.gov**

**History and Fun Facts**

©Missouri Legislature, all rights reserved.

SHARE

EXHIBIT A

EXHIBIT A

▸ ☰ **Revisor of Missouri**

Words | 1st search term or section nu | And | 2nd search term

**Title XI EDUCATION AND LIBRARIES**

**Chapter 167**

< > • **Effective - 28 Aug 2025, 2 histories**

**167.042. Other educational options, intent to pursue, written notification required.** — If a parent, guardian, or other person having charge, control, or custody of the child makes a written notification of their intent to pursue other educational options under section 167.031, and requests that the child be dropped from the public school district rolls where the child legally resides, such school shall comply with the request and remove said child from the rolls promptly.

--------

(L. 1986 S.B. 795 § 167.041, A.L. 2025 S.B. 63)

---

**---- end of effective 28 Aug 2025 ----**

**use this link to bookmark section 167.042**

---

**- All versions**

| | Effective | End |
|---|---|---|
| **167.042** | 8/28/2025 | |
| **167.042** | 6/19/1986 | 8/28/2025 |

---

Click here for the **Reorganization Act of 1974 - or - Concurrent Resolutions Having Force & Effect of Law**

In accordance with Section **3.090**, the language of statutory sections enacted during a legislative session are updated and available on this website on the effective date of such enacted statutory section.

---

▸ **Other Information**

---

▸ **Other Links**

---

**Missouri Senate** **MO.gov** **Missouri House**

**Errors / suggestions - WebMaster@LR.mo.gov**

**History and Fun Facts**

©Missouri Legislature, all rights reserved.

EXHIBIT A

SHARE

8-24-26 11:15 LC Emily

Electronically Filed - ST LOUIS COUNTY - August 31, 2026 - 09:51 AM

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

Tracking # 260047454

RETURN

SB

9-13

| | | |
|---|---|---|
| Judge or Division: MARY ELIZABETH OTT | **Case Number: 26SL-CC05670** | |
| Plaintiff/Petitioner: KERRI JACKSON vs. | Plaintiff's/Petitioner's Attorney/Address KERRI JACKSON 921 BUCKEYE DRIVE FERGUSON, MO 63135 | |
| Defendant/Respondent: FERGUSON FLORISSANT SCHOOL DISTRICT | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 | (Date File Stamp for Return) |
| Nature of Suit: CC Other Miscellaneous Actions | | |

0 62

**The State of Missouri to: SPECIAL SCHOOL DISTRICT** 15 WHITT SW.
**Alias:**
**12110 CLAYTON RD**
**ST LOUIS, MO 63131**

**Other Addresses:**

63131

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

| 14-AUG-2026 | /s/ PHEBE HARRIS |
|---|---|
| Date | Clerk |

**Further Information:**
PH

RECEIVED
2026 AUG 17 PM 2:11
ST. LOUIS COUNTY SHERIFF'S OFFICE

VSB 8-20



Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

EXHIBIT A

Electronically Filed - ST LOUIS COUNTY - August 31, 2026 - 09:51 AM

**Case Number: 26SL-CC05670**

**Officer's or Server's Return**

**Note to serving officer:** Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ______________________, a person at least 18 years of age residing therein.

☒ (for service on a corporation) delivering a copy of the summons and petition to:

Emily (name) H R DEPT (title).

☐ other: ______________________.

Served at 12110 Clayton RD (address)

in ST Louis (County/City of St. Louis), MO, on 8-24-26 (date)

at 1115 (time).

Ben White ____________________ [signature]

Printed Name of Officer or Server — Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**

Subscribed and sworn to before me on ______________________ (date).

*(Seal)*

My commission expires: ______________________ ______________________

Date — Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



EXHIBIT A

Electronically Filed - ST LOUIS COUNTY - August 31, 2026 - 10:31 AM

LIC 14:52
8/24 REA (HL)

RETURN

SB
943

146

# Summons in Civil Case

IN THE 21ST JUDICIAL CIRCUIT, ST. LOUIS COUNTY, MISSOURI

Tracking #2600047455

| | | |
|---|---|---|
| Judge or Division:<br>MARY ELIZABETH OTT | Case Number: **26SL-CC05670** | |
| Plaintiff/Petitioner:<br>KERRI JACKSON<br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>KERRI JACKSON<br>921 BUCKEYE DRIVE<br>FERGUSON, MO 63135 | |
| Defendant/Respondent:<br>FERGUSON FLORISSANT SCHOOL DISTRICT | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 | |
| Nature of Suit:<br>CC Other Miscellaneous Actions | | (Date File Stamp for Return) |

**The State of Missouri to: FERGUSON FLORISSANT SCHOOL DISTRICT**

**Alias:** I FOLET SW.

**8855 DUNN RD**
**HAZELWOOD, MO 63042**

**Other Addresses:**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***COURT SEAL OF***

***ST. LOUIS COUNTY***

| 14-AUG-2026 | /s/ PHEBE HARRIS |
|---|---|
| Date | Clerk |

**Further Information:**
PH

RECEIVED
2026 AUG 17 PM 2:12
ST. LOUIS COUNTY SHERIFF'S OFFICE

SB 8-20

SJRC (07-25) SM30 (SMCC) *For Court Use Only:* **Document ID # 26-SMCC-10660**



Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

EXHIBIT A

Electronically Filed - ST LOUIS COUNTY - August 31, 2026 - 10:31 AM

**Case Number: 26SL-CC05670**

**Officer's or Server's Return**

**Note to serving officer**: Service should be returned to the court within 30 days after the date of issue.

I certify that I have served the above Summons by: (check one)

☐ delivering a copy of the summons and petition to the defendant/respondent.

☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with ____________________, a person at least 18 years of age residing therein.

☑ (for service on a corporation) delivering a copy of the summons and petition to:
Ferguson/Florissant Reg. School Dist. (name) HR (title).

☐ other: ____________________.

Served at 8855 Dunn Rd. 63042 (address)

in St. Louis (County/City of St. Louis), MO, on 8-24-26 (date)

at 14:52 (time).

Tom Torey
Printed Name of Officer or Server

[signature]
Signature of Officer or Server

**Must be sworn before a notary public if not served by an authorized officer.**
Subscribed and sworn to before me on ________________ (date).

*(Seal)*

My commission expires: ____________ ____________
Date Notary Public

A copy of the summons and petition must be served on **each** defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.



EXHIBIT A